1  RAYMOND M. BUDDIE      (SBN 121353)
2  TIMOTHY E. ELLIOTT    (SBN 210640)
   RICK W. GRADY         (SBN 235976)
3  PECKAR & ABRAMSON, P.C.
   250 Montgomery Street, 16th Floor
4  San Francisco, CA 94104
   Telephone: (415) 837-1968
5  Facsimile: (415) 837-1320
6  Email: rbuddie@pecklaw.com
          telliott@pecklaw.com
7         rgrady@pecklaw.com

8  Attorneys for AMERICAN CASUALTY COMPANY OF READING, PA; and NATIONAL
9  UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

10                            UNITED STATES DISTRICT COURT
11             NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
12

| | |
|---|---|
| UNITED STATES of AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:07-CV-02564-CRB<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA** |

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | |
| Counter-Claimants, | |
| vs. | |
| WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, | |
| Cross-Defendants. | |

Defendants AMERICAN CASUALTY COMPANY OF READING, PA, a corporation; and NATIONAL UNION FIRE INSURANCY COMPANY OF PITTSBURGH, PA, a corporation (hereinafter collectively referred to as "Defendants") as and for their Answer to the Complaint filed by the UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF WEBCOR BUILDERS, INC. dba WEBCOR BUILDERS and WEBCOR BUILDERS, INC. dba WEBCOR BUILDERS ("Plaintiff" or "Webcor"), state and allege as follows:

## **PARTIES**

1.  Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore Defendants deny them.

2.  Defendants deny the allegations in Paragraph 2 of the Complaint insofar as the "Morganti Group" and "Nibbi" are alleged to be joint venture partners.

3.  Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.  Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

/ / /

2
ANSWER AND COUNTERCLAIM OF DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
49566.01/07/20/07

LAW OFFICES
Peckar & Abramson
A Professional Corporation

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore Defendants deny them.

8. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore Defendants deny them.

## JURISDICTION

9. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore Defendants deny them.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore Defendants deny them.

14. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore Defendants deny them.

## INTRADISTRICT ASSIGNMENT

15. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore Defendants deny them.

3

LAW OFFICES
Peckar & Abramson
A Professional Corporation

ANSWER AND COUNTERCLAIM OF DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

49566.01/07/20/07

# FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT)

16-22. The allegations set forth in Paragraphs 16–22 of Plaintiff's Complaint are not brought against Defendants, and Defendants are without sufficient knowledge or information to either admit or deny these allegations therefore Defendants deny them.

# SECOND CAUSE OF ACTION

## (ENFORCEMENT OF MILLER ACT PAYMENT BOND)

23. Defendants incorporate herein by reference paragraphs 1 through 16 above.

24. Defendants admit that that Dick/Morganti purchased the referenced bonds from Defendants. As to the remaining allegations, Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore Defendants deny them.

25. Defendants admit that that Dick/Morganti purchased the referenced rider from Defendants. As to the remaining allegations, Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore Defendants deny them.

26. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore Defendants deny them.

27. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore Defendants deny them.

28. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore Defendants deny them.

29. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore Defendants deny them.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

4

ANSWER AND COUNTERCLAIM OF DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

49566.01/07/20/07

30. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore Defendants deny them.

## THIRD CAUSE OF ACTION

### (QUANTUM MERUIT )

31. Defendants incorporate herein by reference paragraphs 1 through 30 above.

32. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore Defendants deny them.

33. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore Defendants deny them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendants aver that this Court lacks personal jurisdiction over Defendants.

### SECOND AFFIRMATIVE DEFENSE

2. Defendants aver that Plaintiff's Complaint and each cause of action thereof fails to state facts sufficient to constitute a cause of action against Defendants.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants aver that the Complaint herein, and each cause of action thereof, is barred by the applicable statutes of limitations, including without limitation, the provision of California Code of Civil Procedure §§ 339(1), 340, and 40 U.S.C. §3131 et seq.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants aver that Plaintiff's claims are barred by its failure to comply with the required notice provisions, including but not limited to the notice provisions in the bonds and in the Miller Act, 40 U.S.C. §3131 et seq.

/ / /

/ / /

LAW OFFICES
Peckar & Abramson
A Professional Corporation

5

ANSWER AND COUNTERCLAIM OF DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

49566.01/07/20/07

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants aver that Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants aver that Plaintiff's claims are barred because Plaintiff assumed all risk for any damages alleged to have occurred.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendants aver that Plaintiff's claims are barred by failure of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendants aver that Plaintiff's claims are barred by the Plaintiff's fraudulent actions.

### NINTH AFFIRMATIVE DEFENSE

9. Defendants aver that Plaintiff's claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

10. Defendants aver that Plaintiff's claims and damages, if any, have been reduced by payment.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants aver that Plaintiff's claims are barred because Plaintiff previously released Defendants from any liability for the claims now asserted.

### TWELFTH AFFIRMATIVE DEFENSE

12. Defendants aver that Plaintiff's claims are barred because Plaintiff has previously voluntarily given up the right to sue for the claims now asserted.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendants aver that, prior to the commencement of this action, Defendants duly performed, satisfied, and discharged, any and all duties and obligations, if any, that may have been owed to Plaintiff arising out of any alleged agreement, agreements, representation, or representations, and therefore this action is barred.

/ / /

LAW OFFICES
Peckar & Abramson
A Professional Corporation

6

ANSWER AND COUNTERCLAIM OF DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

49566.01/07/20/07

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Defendants aver that Plaintiffs have failed to complete arbitration and the required alternate dispute resolution procedures, including the procedures set forth in the Contract Disputes Act (41 U.S.C. section 601 et seq.).

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Defendants aver that each and every claim alleged by Plaintiff is barred by the doctrine of laches, unclean hands, and waiver.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Defendants aver that Plaintiff's performance of its obligations required by the terms of any alleged agreement or agreements between the parties was a condition precedent and/or condition concurrent and/or condition subsequent to the performance of any obligation of Defendants. Plaintiff has failed to perform its obligations, and accordingly, it no entitled to the relief requested in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Defendants aver that Plaintiff has failed to mitigate its damages, if any.

**EIGHTHTEENTH AFFIRMATIVE DEFENSE**

18. Defendants aver that the Complaint, and each of the claims alleged therein, is barred by rights of set-off and/or offset.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Defendants aver that, by reason of Plaintiff's own acts and/or omissions, Plaintiff is estopped from asserting any of the claims alleged in the Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Defendants aver that the sole and/or proximate cause of each of Plaintiff's alleged damages, if any, is due to the negligence or other actionable conduct or inaction of Plaintiff, other third persons, entities, or parties, for whose conduct answering Defendants are not responsible.

WHEREFORE, Defendants pray for judgment as follows:

1. A Judicial Order declaring that Plaintiff take nothing by its Complaint;

2. A Judicial Order dismissing the Complaint with prejudice;

3. A Judicial Order awarding Defendants costs for this action;

4. For reasonable attorney's fees according to proof;

5. For such other relief as the Court may deem proper.

## **COUNTERCLAIM**

Defendants AMERICAN CASUALTY COMPANY OF READING, PA, and NATIONAL UNION FIRE INSURANCY COMPANY OF PITTSBURGH, PA ("Defendants") hereby counterclaim against Plaintiff WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS ("Plaintiff") and allege as follows:

## **FIRST COUNTERCLAIM**

### **(Declaratory Relief)**

1. An actual controversy has arisen between because Defendants contend, and Plaintiff denies, that Plaintiff agreed to be bound by the terms of the General Contract for the construction project known as the New Federal Office Building at 7th and Mission Streets in San Francisco, California ("Project"), including but not limited to the Disputes provisions in the General Contract.

2. An actual controversy has arisen between Plaintiff and Defendants because Defendants contend, and Plaintiff denies, that Article 38 of the May 5, 2003 Agreement alleged in Plaintiff's May 15, 2007 Complaint requires Plaintiff to participate in and be bound by the dispute resolution process set forth in the Disputes provisions in the General Contract, including but not limited to the dispute resolution procedures in 41 U.S.C. section 601 et seq.

3. An actual controversy has arisen between Plaintiff and Defendants because Defendants contend, and Plaintiff denies, that Plaintiff must immediately stay this action and participate in and be bound by the current, ongoing dispute resolution procedures set forth in the General Contract, including but not limited to the dispute resolution procedures in 41 U.S.C. section 601 et seq.

4. An actual controversy has arisen between Plaintiff and Defendants because Defendants contend, and Plaintiff denies, that Plaintiff has no right to payment under the bonds

alleged in the Complaint because Plaintiff has failed to perfect any rights under the Miller Act that it may have had, and because there are competing claims on the bonds which may be superior to claims asserted by Plaintiff.

**WHEREFORE**, because the foregoing controversies have an immediate impact on the rights and responsibilities of Plaintiff and Defendants, Defendants demand judgment on this Counterclaim for Declaratory Relief as follows:

A. A Judicial Order declaring that Plaintiff stay its action in this case and participate in and be bound by the ongoing dispute resolution process as set forth in the Disputes procedures in the General Contract;

B. A Judicial Order declaring that Plaintiff take nothing by its Complaint;

C. A Judicial Order awarding Defendants costs and disbursements of this action; and

D. Any other Judicial Order awarding Defendants such other and further relief as this Court deems just and proper.

Dated:   July 20, 2007                              PECKAR & ABRAMSON, P.C.


By: _____/s/_____
     Raymond M. Buddie, Esq.
     Timothy E. Elliott, Esq.
     Rick W. Grady, Esq.
     Attorneys for Defendants
     AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; and
     NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA