RAYMOND M. BUDDIE   (SBN 121353)
TIMOTHY E. ELLIOTT   (SBN 210640)
RICK W. GRADY   (SBN 235976)
PECKAR & ABRAMSON, P.C.
250 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 837-1968
Facsimile: (415) 837-1320
Email: rbuddie@pecklaw.com
       telliott@pecklaw.com
       rgrady@pecklaw.com

Attorneys for AMERICAN CASUALTY COMPANY OF READING, PA; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:07-CV-02564-CRB<br><br>**DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF MOTION TO STAY PROCEEDINGS** |

///

///

///

I, Michael T. Ambroso, declare as follows:

---

DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF MOTION       Case No.: 3:07-CV-02564-CRB
TO STAY PROCEEDINGS
49600.01

1.      Unless otherwise indicated herein, the facts set forth below are personally known to me and if called upon I am willing and able to testify in support of these facts.

2.      I am the Assistant General Counsel and Assistant Secretary for Defendant Dick Corporation. Dick Corporation is the managing partner of Defendant Dick/Morganti, A Joint Venture formed between Dick Corporation and Defendant Morganti Texas, Inc. Dick/Morganti's sureties for the construction project which is the subject matter of this lawsuit are Defendant American Casualty Company of Reading, PA ("American") and National Union Fire Insurance Company of Pittsburgh, PA ("National").

3.      The construction project that gives rise to this action is known as the New Federal Office Building in San Francisco, California ("Project"), which is owned by the General Services Administration of the United States Government ("GSA" or "Owner").

4.      Dick/Morganti was awarded the general contract for the Project on or about May 6, 2002 ("General Contract"). A true and correct copy of the Owner's award of the General Contract is attached hereto as **Exhibit A**.

5.      Attached hereto as **Exhibit B** is a true and correct copy of Section I 2, Pages 12-13 of the General Contract, entitled "Disputes." This Disputes provision sets forth the procedures for administering dispute resolution between the Owner and Dick/Morganti on this Project.

6.      A true and correct copy of the August 13, 2002 bond provided by American and National to Dick/Morganti for the General Contract, including the March 6, 2003 increase rider, is attached hereto as **Exhibit C**.

7.      Dick/Morganti entered into various subcontract agreements for the provision of labor, material, and equipment for the Project. Specifically, on or about May 5, 2003 Dick/Morganti entered into a subcontract agreement with Plaintiff Webcor Construction, Inc., d/b/a Webcor Builders (the "Subcontract" with "Plaintiff" or "Webcor"). A true and correct copy of the Subcontract is attached to Plaintiff's May 15, 2007 Complaint as Exhibit A and also attached hereto as **Exhibit D**.

8.   Article Thirty Eight of the attached Subcontract provides that if a claim between the Owner and Dick/Morganti "…involves or relates to a dispute, controversy, or claim between the Contractor and the Subcontractor, Subcontractor agrees (i) to join in and be bound by the same arbitration or other disputes resolution procedure upon written request by the Contractor and (ii) to stay any action filed by the Subcontractor until the dispute resolution and appeals process between the Contractor and the Owner is exhausted." (See Exhibit D hereto at page 23 of 24, and Exhibit A to Webcor's May 15, 2007 Complaint.)

9.   After the Project commenced, Webcor sought compensation for additional work it provided for the Project and submitted various change order requests ("COR's") to Dick/Morganti. These COR's seek an increase in the amount of money payable to Webcor under the Subcontract. Pursuant to the terms of the General Contract, Dick/Morganti processed Webcor's COR's and submitted these COR's to the Owner on behalf of Webcor.

10.  To date, the Owner has denied entitlement for additional compensation for most of the COR's that Dick/Morganti presented on Webcor's behalf, and the Owner has disputed the value of Webcor's COR's.

11.  Given the Owner's denial and dispute as to the value of these COR's, Dick/Morganti has begun the disputes resolution process with the Owner in accordance with the Disputes provision of the General Contract referenced hereinabove at Paragraph 5.

12.  The aggregate amount requested in these COR's exceeds $100,000. As required by the General Contract, Dick/Morganti, on behalf of Webcor, submitted the denied and disputed COR's as a formal, certified claim to the Owner's Contracting Officer. This certified claim was submitted to the Contracting Officer on or about June 13, 2007.

13.  As set forth in the General Contract and the Contract Disputes Act of 1978 (41 U.S.C. section 601 et seq.), the Contracting Officer has 60 days to "…decide the claim or notify the Contractor of the date by which the decision will be made." (See Exhibit B, Section I 2 – Page 12.)

14.  To date, the Contracting Officer has neither made a decision regarding the claim that Dick/Morganti presented on behalf of Webcor nor notified Dick/Morganti about a date on

1  which the decision will be made. Accordingly, the matter remains subject to the Disputes
2  procedures as set forth in the General Contract.
3     15.    If the Contracting Officer denies the claim that Dick/Morganti has presented on
4  behalf of Webcor, Dick/Morganti intends to appeal this decision and continue with the dispute
5  resolution process pursuant to the Disputes clause of the General Contract.

   I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

   Executed this 20 day of July, 2007 at Pittsburgh, Pennsylvania.

   /s/ Michael T. Ambroso
   Michael T. Ambroso

LAW OFFICES
Peckar & Abramson
A Professional Corporation

4

DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF MOTION    Case No.: 3:07-CV-02564-CRB
TO STAY PROCEEDINGS
49600.01