1  RAYMOND M. BUDDIE  (SBN 121353)
   TIMOTHY E. ELLIOTT  (SBN 210640)
2  RICK W. GRADY  (SBN 235976)
3  PECKAR & ABRAMSON, P.C.
   250 Montgomery Street, 16th Floor
4  San Francisco, CA 94104
   Telephone: (415) 837-1968
5  Facsimile: (415) 837-1320
6  Email: rbuddie@pecklaw.com
          telliott@pecklaw.com
7         rgrady@pecklaw.com

Attorneys for Defendants AMERICAN CASUALTY COMPANY OF READING, PA; and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES of AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, | Case No. 3:07-CV-02564-CRB |
|---|---|
| Plaintiffs, | **THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF BY DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA** |
| vs. | |
| DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive, | |
| Defendants. | |

1
THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF BY DEFENDANTS
AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

Case No.: 3:07-CV-02564-CRB

LAW OFFICES
Peckar & Abramson
A Professional Corporation

|   |   |
|---|---|
| 1 | AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, |
| 2 |   |
| 3 |   |
| 4 | Third Party Plaintiffs, |
| 5 | vs. |
| 6 |   |
| 7 | BOYETT CONSTRUCTION, INC., a California corporation; MARELICH MECHANICAL CO., INC., a California corporation; PERFORMANCE CONTRACTING GROUP, INC., dba PERFORMANCE CONTRACTING, INC., a Delaware corporation; PERMASTEELISA GROUP USA HOLDINGS CORP., a Delaware corporation fdba PERMASTEELISA CLADDING TECHNOLOGIES, LTD.; PERMASTEELISA CLADDING TECHNOLOGIES L.P., a Delaware limited partnership, fbda PERMASTEELISA CLADDING TECHNOLOGIES, LTD.; ROSENDIN ELECTRIC, INC., a California corporation; THIRD PARTY DOE DEFENDANTS 1 THROUGH 20, |
| 8 |   |
| 9 |   |
| 10 |   |
| 11 |   |
| 12 |   |
| 13 |   |
| 14 |   |
| 15 |   |
| 16 |   |
| 17 |   |
| 18 | Third Party Defendants. |

Defendants and Third Party Plaintiffs AMERICAN CASUALTY COMPANY OF READING, PA, a corporation; and NATIONAL UNION FIRE INSURANCY COMPANY OF PITTSBURGH, PA, a corporation (hereinafter collectively referred to as "Defendants" or "Third Party Plaintiffs"), state and allege as follows:

## GENERAL ALLEGATIONS AND PARTIES

1. Third Party Plaintiffs are, and at all relevant times were, authorized to do business in the State of California.

2. Third Party Plaintiffs are the sureties for a certain payment bond dated August 13, 2002, which was amended by an increase rider on or about March 6, 2003, for the construction

2

THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF BY DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

Case No.: 3:07-CV-02564-CRB

LAW OFFICES
Peckar & Abramson
A Professional Corporation

1  project known as the New Federal Office Building, located at 7th and Mission Streets in San
2  Francisco, California (the "Bond" for the "Project").  A true and correct copy of the Bond is
3  attached hereto as **Exhibit A**.
4        3.    The principal on the Bond is the joint venture known as Dick/Morganti, who is
5  the general contractor for the Project.  The Project is owned by the General Services
6  Administration of the United States Government ("GSA" or "Owner").
7        4.    The GSA awarded Dick/Morganti the general contract for the Project on or about
8  May 6, 2002 ("General Contract"), pursuant to which Dick/Morganti agreed to provide the labor,
9  services, equipment, and material for the Project.  Thereafter, Dick/Morganti entered into various
10 written subcontract agreements with trade subcontractors and suppliers.
11       5.    Third Party Defendant Boyett Construction, Inc., a California corporation
12 ("Boyett") entered into a written subcontract agreement with Dick/Morganti for the Project and
13 pursuant to said agreement provided labor, equipment, and materials for the Project.  Third Party
14 Plaintiffs are informed and believe and thereon allege that Boyett has asserted claims for
15 providing extra labor, equipment, and materials for the Project.  A true and correct copy of the
16 Boyett subcontract is attached hereto as **Exhibit B**.
17       6.    Third Party Defendant Marelich Mechanical Co., Inc., a California corporation
18 ("Marelich") entered into a written subcontract agreement with Dick/Morganti for the Project
19 and pursuant to said agreement provided labor, equipment, and materials for the Project.  Third
20 Party Plaintiffs are informed and believe and thereon allege that Marelich has asserted claims for
21 providing extra labor, equipment, and materials for the Project.  A true and correct copy of the
22 Marelich subcontract is attached hereto as **Exhibit C**.
23       7.    Third Party Defendant Performance Contracting Group, Inc., doing business as
24 Performance Contracting, Inc., a Delaware corporation ("PCI") entered into a written subcontract
25 agreement with Dick/Morganti for the Project and pursuant to said agreement provided labor,
26 equipment, and materials for the Project.  Third Party Plaintiffs are informed and believe and
27 thereon allege that PCI has asserted claims for providing extra labor, equipment, and materials
28 for the Project.  A true and correct copy of the PCI subcontract is attached hereto as **Exhibit D**.

3

LAW OFFICES
Peckar & Abramson
A Professional Corporation

THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF BY DEFENDANTS
AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

Case No.:
3:07-CV-02564-CRB

8. Third Party Defendant Permasteelisa Group USA Holdings Corp., a Delaware corporation, formerly doing business as Permasteelisa Cladding Technologies, Ltd., and Third Party Defendant Permasteelisa Cladding Technologies L.P., a Delaware limited partnership, formerly doing business as Permasteelisa Cladding Technologies, Ltd. (collectively "Permasteelisa"), entered into a written subcontract agreement with Dick/Morganti for the Project and pursuant to said agreement provided labor, equipment, and materials for the Project. Third Party Plaintiffs are informed and believe and thereon allege that Permasteelisa has asserted claims for providing extra labor, equipment, and materials for the Project. A true and correct copy of the Permasteelisa subcontract is attached hereto as **Exhibit E**.

9. Third Party Defendant Rosendin Electric, Inc., a California corporation ("Rosendin") entered into a written subcontract agreement with Dick/Morganti for the Project and pursuant to said agreement provided labor, equipment, and materials for the Project. Third Party Plaintiffs are informed and believe and thereon allege that Rosendin has asserted claims for providing extra labor, equipment, and materials for the Project. A true and correct copy of the Rosendin subcontract is attached hereto as **Exhibit F**.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Third Party Doe Defendants 1 through 20, inclusive, are unknown to Third Party Plaintiffs at this time, and as such, Third Party Plaintiffs therefore sue said Third Party Defendants by such fictitious names and will ask leave of Court to amend this Complaint to show the true names and capacities when same have been ascertained. Third Party Doe Defendants entered into a written subcontract agreement with Dick/Morganti for the Project, or Third Party Doe Defendants provided labor, materials, or services for the Project pursuant to subtier subcontracts for the Project. Third Party Plaintiffs are unable to determine at this time whether Third Party Doe Defendants have asserted or will assert claims for providing extra labor, equipment, and materials for the Project which will impact the Bond.

11. When referred to collectively herein, Boyett, Marelich, PCI, Permasteelisa, Rosendin, and Third Party Doe Defendants 1 through 20 shall be referred to as "Third Party Defendants." When referred to collectively, the subcontract agreements between Dick/Morganti

4

THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF BY DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

Case No.: 3:07-CV-02564-CRB

LAW OFFICES
Peckar & Abramson
A Professional Corporation

1  and the Third Party Defendants shall be referred to as the "Subcontracts."

## JURISDICTION AND VENUE

12. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 based on claims made pursuant to the federal Miller Act (40 U.S.C. § 3131 et seq.) and the Contract Disputes Act (41 U.S.C. § 601 et seq.).

13. Venue is proper in this District and division pursuant to 40 U.S.C. § 3133(b)(3)(B) in that the contract between Plaintiff and Defendant as well as the subcontracts between Third Party Defendants and Third Party Plaintiffs were to be performed and executed in the City and County of San Francisco.

14. Venue is also proper in this District and division pursuant to 28 U.S.C. § 1391 in that this judicial district is where the Project property that is the subject of the action is situated.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

15. Third Party Plaintiffs incorporate as though fully set forth the allegations hereinabove at paragraphs 1 through 14.

16. An actual controversy has arisen between the parties because Third Party Plaintiffs contend, and Third Party Defendants deny, that there are competing interests and claims on the Bond, and that the claims asserted by Third Party Defendants are affected by and/or inferior to claims made by other entities and individuals who worked on the Project, including but not limited to the Miller Act claim filed by the Plaintiff in this action, United States of America for the use and benefit of Webcor Construction, Inc. dba Webcor Builders ("Plaintiff" or "Webcor").

17. An actual controversy has arisen between the parties because Third Party Plaintiffs contend, and Third Party Defendants deny, that Third Party Plaintiffs have no liability on the Bond to Third Party Defendants because of the competing and/or alleged superior claims on the Bond.

/ / /

/ / /

5
THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF BY DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

Case No.: 3:07-CV-02564-CRB

LAW OFFICES
Peckar & Abramson
A Professional Corporation

18. An actual controversy has arisen between the parties because Third Party Plaintiffs contend, and Third Party Defendants deny, that the claims made by Third Party Defendants on the Bond are improper because Third Party Defendants failed to comply with the notice and limitations period requirements in the Bond and under federal law, including but not limited to 40 U.S.C. § 3131 et seq.

19. An actual controversy has arisen between the parties because Third Party Plaintiffs contend, and Third Party Defendants deny, that the Third Party Defendants agreed in the Subcontracts to be bound by the terms of the General Contract for the Project, including but not limited to the Disputes provisions in the General Contract and the Contracts Disputes Act (41 U.S.C. § 601 et seq.)

20. An actual controversy has arisen between the parties because Third Party Plaintiffs contend, and Third Party Defendants deny, that Article 38 of the Subcontracts requires that Third Party Defendants participate in and be bound by the ongoing dispute resolution process set forth in the Disputes provisions in the General Contract, including but not limited to the dispute resolution procedures in 41 U.S.C. § 601 et seq.

21. An actual controversy has arisen between the parties because Third Party Plaintiffs contend, and Third Party Defendants deny, that Third Party Defendants must stay any separate action or claim proceeding related to the Project, including any Miller Act action, and participate in and be bound by the current, ongoing dispute resolution procedures set forth in the General Contract, including but not limited to the dispute resolution procedures in 41 U.S.C. § 601 et seq.

22. Third Party Plaintiffs are informed and believe and based thereon allege that Third Party Plaintiffs and Dick/Morganti have fulfilled all obligations and conditions precedent in the Bond and Subcontracts, except those obligations and conditions that were excused due to the acts, errors, or omissions of Third Party Defendants or other parties.

/ / /

/ / /

/ / /

LAW OFFICES
Peckar & Abramson
A Professional Corporation

6
THIRD PARTY COMPLAINT FOR DECLARATORY RELIEF BY DEFENDANTS AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

Case No.: 3:07-CV-02564-CRB

**WHEREFORE**, because the foregoing controversies have an immediate impact on the rights and responsibilities of Third Party Plaintiffs and Third Party Defendants, Third Party Plaintiffs demand judgment as follows:

A. A Judicial Order declaring that Third Party Defendants take nothing by their claims on the Bond;

B. A Judicial Order declaring that Third Party Defendants stay any separate claims proceedings or actions related to the Project and participate in and be bound by the ongoing dispute resolution process as set forth in the Disputes procedures provision in the General Contract;

C. A Judicial Order awarding Third Party Plaintiffs costs and disbursements of this action; and

D. Such other and further relief as this Court deems just and proper.

Dated: July 27, 2007                                      PECKAR & ABRAMSON, P.C.

                                                          By:  /s/
                                                          Raymond M. Buddie, Esq.
                                                          Timothy E. Elliott, Esq.
                                                          Rick W. Grady, Esq.
                                                          Attorneys for Defendants
                                                          AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; and
                                                          NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA