# Exhibit A

American Casualty Company, Reading, PA *Bond No. 929256521, 9292644*■
National Union Fire Insurance Company of Pittsburgh, PA *Bond No. 260161*■

| PERFORMANCE BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) August 13, 2002 | OMB NO. 90000045 Expires 09/30/98 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, D.C. 20405.

PRINCIPAL (Legal name and business address)
Dick/Morganti/Nibbi, A Joint Venture
100 State Route 51
Large, PA 15025

TYPE OF ORGANIZATION ("x" one)
[ ] INDIVIDUAL    [ ] PARTNERSHIP
[X] JOINT VENTURE    [ ] CORPORATION
STATE OF INCORPORATION

SURETY(IES) (Name(s) and business address(es))
American Casualty Company of Reading, PA
CNA Plaza, Chicago, IL 60685
National Union Fire Insurance Company of Pittsburgh, PA
70 Pine Street, New York, NY 10270

| PENAL SUM OF BOND | | | |
|---|---|---|---|
| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| 3 | 600 | 000 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| May 6, 2002 | GS-09P-02-KTC-0002 |

OBLIGATION: We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:
The principal has entered into the contract identified above.

THEREFORE:
The above obligation is void if the Principal -
(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies), and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, 40 U.S.C. 270a-270e), which are collected, deducted or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:
The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

PRINCIPAL

| SIGNATURE(S) | 1. [signature] (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
|---|---|---|---|---|
| NAME(S) & TITLE(S) (Typed) | 1. John T. Sebastian, Corporate Vice President, Dick Corporation, Authorized Representative of the Joint Venture | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
|---|---|---|
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| NAME & ADDRESS | American Casualty Company of Reading, PA Two Chatham Center, Pittsburgh, PA 15230 | STATE OF INC. PA | Liability Limit $35,962,000.00 | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. [signature] | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Jean Brooker, Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV. 5-96)
Prescribed by GSA -- FAR (48 CFR) 53.228(b)

CORPORATE SURETY(IES) (Continued)

| NAME & ADDRESS | National Union Fire Insurance Company of Pittsburgh, PA, 70 Pine Street, New York, NY 1027 | | STATE OF INC. NY | LIABILITY LIMIT $280,997,000.00 | Corporate Seal |
|---|---|---|---|---|---|
| SIGNATURE(S) | 1. *Jean Brooker* | 2. | | | |
| NAME(S) & TITLE(S) (Typed) | 1. Jean Brooker, Attorney-in-Fact | 2. | | | |
| NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | |
| NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | |
| NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | |
| NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | |
| NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | | |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | | |

| BOND PREMIUM | RATE PER THOUSAND Various Scaled Rates | TOTAL $32,362 |
|---|---|---|

## INSTRUCTIONS

This form is authorized for use in connection with Government ntracts. Any deviation from this form will require the written roval of the Administrator of General Services.

nsert the full legal name and business address of the Principal in space designated "Principal" on the face of the form. An horized person shall sign the bond. Any person signing in a resentative capacity (e.g., an attorney-in-fact) must furnish dence of authority if that representative is not a member of the , partnership, or joint venture, or an officer of the corporation olved.

a) Corporation executing the bond as sureties must appear on the partment of the Treasury's List of the approved sureties and must within the limitation listed therein. Where more than one porate surety is involved their names and addresses shall appear the spaces (Surety A, Surety B, etc.) headed "CORPORATE RETY(IES)."

In the space designated "SURETY(IES)" on the face of the form insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28), for each individual surety shall accompany the bond. The government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

American Casualty Company ⬤eading, PA, *Bond No. 929256521, 9292644*⬤
National Union Fire Insurance Company of Pittsburgh, PA *Bond No. 260161*

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) August 13, 2002 | FORM APPROVED OMB NO. 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

PRINCIPAL (Legal name and business address)
Dick/Morganti/Nibbi, A Joint Venture
[?]00 State Route 51
[?]ge, PA 15025

TYPE OF ORGANIZATION ("x" one)
[ ] INDIVIDUAL          [ ] PARTNERSHIP
[X] JOINT VENTURE       [ ] CORPORATION

STATE OF INCORPORATION

SURETY(IES) (Name(s) and business address(es))
American Casualty Company of Reading, PA
CNA Plaza, Chicago, IL 60685
National Union Fire Insurance Company of Pittsburgh, PA
70 Pine Street, New York, NY 10270

PENAL SUM OF BOND
| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 3 | 600 | 000 | 00 |

| CONTRACT DATE | CONTRACT NO |
|---|---|
| May 6, 2002 | GS-09P-02-KTC-0002 |

OBLIGATION:
We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:
The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:
The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

PRINCIPAL

| SIGNATURE(S) | 1. Dick/Morganti/Nibbi, A Joint Venture [signature] (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
|---|---|---|---|---|
| NAME(S) & TITLE(S) (Typed) | 1. John T. Sebastian, Corporate Vice President, Dick Corporation Authorized Representative of the Joint Venture | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
|---|---|---|
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| NAME & ADDRESS | American Casualty Company of Reading, PA Two Chatham Center, Pittsburgh, PA 15230 | STATE OF INC. PA | LIABILITY LIMIT $35,962,000.00 | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. [signature] | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Jean Brooker, Attorney-in-Fact | 2. | | |

7540-01-152-8061
Previous edition not usable

EXPIRATION DATE 12-31-92     25-205     STANDARD FORM 25-A   (REV. 1-90)
Prescribed by GSA — FAR (48 CFR) 53.228(c)

## CORPORATE SURETY(IES) (Continued)

| NAME & ADDRESS | National Union Fire Insurance Company of Pittsburgh, PA<br>70 Pine Street, New York, NY 10270 | STATE OF INC.<br>NY | LIABILITY LIMIT<br>$280,997,000.00 | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. *Jean Brooker* (signature) | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Jean Brooker, Attorney-in-Fact | 2. | | |
| NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| SIGNATURE(S) | 1. | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| SIGNATURE(S) | 1. | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| SIGNATURE(S) | 1. | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| SIGNATURE(S) | 1. | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| SIGNATURE(S) | 1. | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

(a) Corporation executing the bond as sureties must appear on the Department of the Treasury's List of the approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)."

In the space designated "SURETY(IES)" on the face of the form insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28), for each individual surety shall accompany the bond. The government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

## POWER OF ATTORNEY APPOINTING INDIVIDUAL ATTORNEY-IN-FACT

**Know All Men By These Presents,** That CONTINENTAL CASUALTY COMPANY, an Illinois corporation, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a Connecticut corporation, AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania corporation (herein collectively called "the CCC Surety Companies"), are duly organized and existing corporations having their principal offices in the City of Chicago, and State of Illinois, and that they do by virtue of the signature and seals herein affixed hereby make, constitute and appoint Jean Brooker, Michael J. Cusack, Jean M. Feeney, Mark P. Herendeen, Susan M. Kedian, Kevin A. White, Individually

f Boston, Massachusetts

their true and lawful Attorney(s)-in-Fact with full power and authority hereby conferred to sign, seal and execute for and on their behalf bonds, undertakings and other obligatory instruments of similar nature

- In Unlimited Amounts -

and to bind them thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of their corporations and all the acts of said Attorney, pursuant to the authority hereby given are hereby ratified and confirmed.

This Power of Attorney is made and executed pursuant to and by authority of the By-Laws and Resolutions, printed on the reverse hereof, duly adopted, as indicated, by the Boards of Directors of the corporations.

**In Witness Whereof,** the CCC Surety Companies have caused these presents to be signed by their Group Vice President and their corporate seals to be hereto affixed on this 31st day of July, 1998.

CONTINENTAL CASUALTY COMPANY
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA

*Marvin J. Cashion*

Marvin J. Cashion        Group Vice President

State of Illinois, County of Cook, ss:
On this 31st day of July, 1998, before me personally came Marvin J. Cashion, to me known, who, being by me duly sworn, did depose and say: that he resides in the City of Chicago, State of Illinois; that he is a Group Vice President of CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA described in and which executed the above instrument; that he knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed pursuant to authority given by the Boards of Directors of said corporations and that he signed his name thereto pursuant to like authority, and acknowledges same to be the act and deed of said corporations.

My Commission Expires March 6, 2000

*Mary Jo Abel*

Mary Jo Abel        Notary Public

### CERTIFICATE

I, Mary A. Ribikawskis, Assistant Secretary of CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA do hereby certify that the Power of Attorney herein above set forth is still in force, and further certify that the By-Law and Resolution of the Board of Directors of each corporation printed on the reverse hereof are still in force. In testimony whereof I have hereunto subscribed my name and affixed the seals of the said corporations this 13th day of August, 2002.

CONTINENTAL CASUALTY COMPANY
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA

*Mary A. Ribikawskis*

Mary A. Ribikawskis        Assistant Secretary

0/1/97)



# Authorizing By-Laws and Resolutions

OPTED BY THE BOARD OF DIRECTORS OF CONTINENTAL CASUALTY COMPANY:

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the Company.

### "Article IX—Execution of Documents

Section 3. Appointment of Attorney-in-fact. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thereto. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President or the Board of Directors, may, at any time, revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 17th day of February, 1993.

"Resolved, that the signature of the President or any Executive, Senior or Group Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to Section 3 of Article IX of the By-Laws, and the signature of the Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

PTED BY THE BOARD OF DIRECTORS OF AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA:

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the Company.

### "Article VI—Execution of Obligations and Appointment of Attorney-in-Fact

Section 2. Appointment of Attorney-in-fact. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thereto. The President or any Executive, Senior or Group Vice President may at any time revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 17th day of February, 1993.

"Resolved, that the signature of the President or any Executive, Senior or Group Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to Section 2 of Article VI of the By-Laws, and the signature of the Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

PTED BY THE BOARD OF DIRECTORS OF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD:

This Power of Attorney is made and executed pursuant to and by authority of the following Resolution duly adopted on February 17, 1993 by the Board of Directors of the Company.

"RESOLVED: That the President, an Executive Vice President, or any Senior or Group Vice President of the Corporation may, from time to time, appoint, by written certificates, Attorneys-in-Fact to act in behalf of the Corporation in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such Attorney-in-Fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Corporation by their signature and execution of any such instrument and to attach the seal of the Corporation thereto. The President, an Executive Vice President, any Senior or Group Vice President or the Board of Directors may at any time revoke all power and authority previously given to any Attorney-in-Fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 17th day of February, 1993.

"RESOLVED: That the signature of the President, an Executive Vice President or any Senior or Group Vice President and the seal of the Corporation may be affixed by facsimile on any power of attorney granted pursuant to the Resolution adopted by this Board of Directors on February 17, 1993 and the signature of a Secretary or an Assistant Secretary and the seal of the Corporation may be affixed by facsimile to any certificate of any such power, and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Corporation. Any such power so executed and sealed and certified by certificate so executed and sealed, shall with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Corporation."

American Home Assurance Company
National Union Fire Insurance Company of Pittsburgh, Pa.
Principal Bond Office: 70 Pine Street, New York, N.Y. 10270

POWER OF ATTORNEY

No. 04-B-07407

KNOW ALL MEN BY THESE PRESENTS:

That American Home Assurance Company, a New York corporation, and National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania corporation, does each hereby appoint

—Kevin A. White, Susan M. Kedian, Mark P. Herendeen, Jean M. Feeney, Michael J. Cusack,
Jean Brooker: of Boston, Massachusetts—

its true and lawful Attorney(s)-in-Fact, with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business, and to bind the respective company thereby.

IN WITNESS WHEREOF, American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. have each executed these presents this 3rd day of June, 2002.

Michael C. Fay, Vice President

STATE OF NEW YORK   }
COUNTY OF NEW YORK  }ss.

On this 3rd day of June, 2002 before me came the above named officer of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa., to me personally known to be the individual and officer described herein, and acknowledged that he executed the foregoing instrument and affixed the seals of said corporations thereto by authority of his office.

DOROTHY L. PARKER
Notary Public, State of New York
No. 01PA6060631
Qualified in Richmond County
Commission Expires June 25, 03

### CERTIFICATE

Excerpts of Resolutions adopted by the Boards of Directors of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. on May 18, 1976:

"RESOLVED, that the Chairman of the Board, the President, or any Vice President be, and hereby is, authorized to appoint Attorneys-in-Fact to represent and act for and on behalf of the Company to execute bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, and to attach thereto the corporate seal of the Company, in the transaction of its surety business;

RESOLVED, that the signatures and attestations of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company when so affixed with respect to any bond, undertaking, recognizance or other contract of indemnity or writing obligatory in the nature thereof;

RESOLVED, that any such Attorney-in-Fact delivering a secretarial certification that the foregoing resolutions still be in effect may insert in such certification the date thereof, said date to be not later than the date of delivery thereof by such Attorney-in-Fact."

I, Elizabeth M. Tuck, Secretary of American Home Assurance Company and of National Union Fire Insurance Company of Pittsburgh, Pa. do hereby certify that the foregoing excerpts of Resolutions adopted by the Boards of Directors of these corporations, and the Powers of Attorney issued pursuant thereto, are true and correct, and that both the Resolutions and the Powers of Attorney are in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of each corporation this 13th day of August, 2002.

Elizabeth M. Tuck, Secretary

5166 (4/96)

Bond Numbers 929256521, 929264499 and 260161

| CONSENT OF SURETY AND INCREASE OF PENALTY | 1. CONTRACT NUMBER GS-09P-02-KTC-0002 | 2. MODIFICATION NUMBER | 3. DATED March 6, 2003 |
|---|---|---|---|

4. The surety (co-sureties) consents (consent) to the foregoing contract modification and agrees (agree) that its (their) bond or bonds shall apply and extend to the contract as modified or amended. The principal and surety (co-sureties) further agree that on or after the execution of this consent, the penalty of the performance bond or bonds increased by $133,826,918.07 dollars ($133,826,918.07) and the penalty of the payment bond or bonds is increased by $133,826,918.07 dollars ($133,826,918.07) However, the increase of the liability of each co-surety resulting from this consent shall not exceed the sums shown below.

| 5. NAME OF SURETY(IES) | 6. INCREASE IN LIABILITY LIMIT UNDER | 7. INCREASE IN LIABILITY LIMIT UNDER |
|---|---|---|
| A. American Casualty Company of Reading, PA | $35,962,000.07 | $35,962,000.07 |
| B. Continental Casualty Company | $69,761,265.22 | $69,761,265.22 |
| C. National Union Fire Insurance Company of Pittsburgh PA | $28,103,652.78 | $28,103,652.78 |

**8. INDIVIDUAL PRINCIPAL**

A. BUSINESS ADDRESS
B. SIGNATURE
C. TYPED NAME AND TITLE
D. DATE THIS CONSENT EXECUTED
(Affix Seal)

**9. CORPORATE PRINCIPAL**

A. CORPORATE NAME AND BUSINESS ADDRESS
Dick/Morganti/Nibbi,
A Joint Venture
1900 State Route 51
Large, PA 15025

B. PERSON EXECUTING CONSENT (Signature)
BY [signature]
C. TYPED NAME AND TITLE
John T. Sebastian
Corporate Vice President (Dick)
Authorized Representative of the Joint Venture
D. DATE THIS CONSENT EXECUTED
(Affix Corporate Seal)

The Principal or authorized representative shall execute this Consent of Surety with the modification to which it pertains. If the representative (e.g., attorney-in-fact) that signs the consent is not a member of the partnership, or joint venture, or an officer of the corporation involved, a Power-of-Attorney or a Certificate of Corporate Principal must accompany the consent.

**10. CORPORATE/INDIVIDUAL SURETY (CO-SURETIES)**

| | A. CORPORATE/INDIVIDUAL SURETY'S NAME AND ADDRESS | B. PERSON EXECUTING CONSENT (Signature) / C. TYPED NAME AND TITLE / F. DATE THIS CONSENT EXECUTED | |
|---|---|---|---|
| A | American Casualty Company of Reading, PA CNA Plaza Chicago, IL 60685 | BY [signature] Jean Brooker Attorney-in-Fact 3/13/03 | (Affix Corporate Seal) |
| B | Continental Casualty Company CNA Plaza Chicago, IL 60685 | BY [signature] Jean Brooker Attorney-in-Fact 3/13/03 | (Affix Corporate Seal) |
| C | National Union Fire Insurance Company of Pittsburgh, PA 70 Pine Street New York, NY 10270 | BY [signature] Jean Brooker Attorney-in-Fact 3/13/03 | (Affix Corporate Seal) |

Add similar signature blocks on the back of this form if necessary for additional co-sureties.

STANDARD FORM 1415 (REV. 7-1993)
Prescribed by GSA-FAR (48 CFR) 53.228(b)

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

POWER OF ATTORNEY APPOINTING INDIVIDUAL ATTORNEY-IN-FACT

now All Men By These Presents, That Continental Casualty Company, an Illinois corporation, National Fire Insurance Company of Hartford, a :ticut corporation, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation (herein called "the CNA Companies"), y organized and existing corporations having their principal offices in the City of Chicago, and State of Illinois, and that they do by virtue of the res and seals herein affixed hereby make, constitute and appoint

evin A White, Mark P Herendeen, Susan Kedian, Jean Brooker, Michael J Cusack, John J Gambino, Individually

:on, MA, their true and lawful Attorney(s)-in-Fact with full power and authority hereby conferred to sign, seal and execute for and on their behalf undertakings and other obligatory instruments of similar nature

- In Unlimited Amounts -

bind them thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of their corporations and all the said Attorney, pursuant to the authority hereby given is hereby ratified and confirmed.

iis Power of Attorney is made and executed pursuant to and by authority of the By-Law and Resolutions, printed on the reverse hereof, duly l, as indicated, by the Boards of Directors of the corporations.

Witness Whereof, the CNA Companies have caused these presents to be signed by their Vice President and their corporate seals to be hereto on this 11th day of October, 2002.



Continental Casualty Company
National Fire Insurance Company of Hartford
American Casualty Company of Reading, Pennsylvania

Michael Gengler          Senior Vice President

f Illinois, County of Cook, ss:
i this 11th day of October, 2002, before me personally came Michael Gengler to me known, who, being by me duly sworn, did depose and say: resides in the City of Chicago, State of Illinois; that he is a Senior Vice President of Continental Casualty Company, an Illinois corporation, il Fire Insurance Company of Hartford, a Connecticut corporation, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania ition described in and which executed the above instrument; that he knows the seals of said corporations; that the seals affixed to the said ient are such corporate seals; that they were so affixed pursuant to authority given by the Boards of Directors of said corporations and that he his name thereto pursuant to like authority, and acknowledges same to be the act and deed of said corporations.

"OFFICIAL SEAL"
DIANE FAULKNER
Notary Public, State of Illinois
My Commission Expires 9/17/05

My Commission Expires September 17, 2005

Diane Faulkner          Notary Public

## CERTIFICATE

Mary A. Ribikawskis, Assistant Secretary of Continental Casualty Company, an Illinois corporation, National Fire Insurance Company of d, a Connecticut corporation, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation do hereby certify that the f Attorney herein above set forth is still in force, and further certify that the By-Law and Resolution of the Board of Directors of the corporations on the reverse hereof is still in force. In testimony whereof I have hereunto subscribed my name and affixed the seal of the said corporations this _____ day of ____March____, 2003.



Continental Casualty Company
National Fire Insurance Company of Hartford
American Casualty Company of Reading, Pennsylvania

Mary A. Ribikawskis          Assistant Secretary

:6853

## Authorizing By-Laws and Resolutions

**)PTED BY THE BOARD OF DIRECTORS OF CONTINENTAL CASUALTY COMPANY:**

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the 1pany.

### "Article IX—Execution of Documents

Section 3. Appointment of Attorney-in-fact. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thereto. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President or the Board of Directors, may, at any time, revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the 1pany at a meeting duly called and held on the 17th day of February, 1993.

"Resolved, that the signature of the President or any Executive, Senior or Group Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to Section 3 of Article IX of the By-Laws, and the signature of the Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

**)PTED BY THE BOARD OF DIRECTORS OF AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA:**

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the 1pany.

### "Article VI—Execution of Obligations and Appointment of Attorney-In-Fact

Section 2. Appointment of Attorney-in-fact. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thereto. The President or any Executive, Senior or Group Vice President may at any time revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the 1pany at a meeting duly called and held on the 17th day of February, 1993.

"Resolved, that the signature of the President or any Executive, Senior or Group Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to Section 2 of Article VI of the By-Laws, and the signature of the Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

**)PTED BY THE BOARD OF DIRECTORS OF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD:**

This Power of Attorney is made and executed pursuant to and by authority of the following Resolution duly adopted on February 17, 1993 by the Board irectors of the Company.

"RESOLVED: That the President, an Executive Vice President, or any Senior or Group Vice President of the Corporation may, from time to time, appoint, by written certificates, Attorneys-in-Fact to act in behalf of the Corporation in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such Attorney-in-Fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Corporation by their signature and execution of any such instrument and to attach the seal of the Corporation thereto. The President, an Executive Vice President, any Senior or Group Vice President or the Board of Directors may at any time revoke all power and authority previously given to any Attorney-in-Fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the pany at a meeting duly called and held on the 17th day of February, 1993.

"RESOLVED: That the signature of the President, an Executive Vice President or any Senior or Group Vice President and the seal of the Corporation may be affixed by facsimile on any power of attorney granted pursuant to the Resolution adopted by this Board of Directors on February 17, 1993 and the signature of a Secretary or an Assistant Secretary and the seal of the Corporation may be affixed by facsimile to any certificate of any such power, and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Corporation. Any such power so executed and sealed and certified by certificate so executed and sealed, shall with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Corporation."

American Home Assurance Company    POWER OF ATTORNEY

National Union Fire Insurance Company of Pittsburgh, Pa.

Principal Bond Office: 70 Pine Street, New York, N.Y. 10270

No. 04-B-_____

KNOW ALL MEN BY THESE PRESENTS:

That American Home Assurance Company, a New York corporation, and National Union Fire Insurance Company of Pittsburgh, Pa., a Pennsylvania corporation, does each hereby appoint

---Kevin A. White, Susan M. Kedian, Mark P. Herendeen, Jean M. Feeney, Michael J. Cusack,
Jean Brooker: of Boston, Massachusetts---

its true and lawful Attorney(s)-in-Fact, with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business, and to bind the respective company thereby.

IN WITNESS WHEREOF, American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. have each executed these presents this 20th day of December, 2000.

Mark A. Mallonee, Vice President

STATE OF NEW YORK }
COUNTY OF NEW YORK } ss.:

On this 20th day of December, 2000 before me came the above named officer of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa., to me personally known to be the individual and officer described herein, and acknowledged that he executed the foregoing instrument and affixed the seals of said corporations thereto by authority of his office.

MIRIAM TAYLOR
Notary Public, State of New York
No. 02TA6036866
Qualified in Bronx County
Commission Expires Feb. 14, 2002

### CERTIFICATE

Excerpts of Resolutions adopted by the Boards of Directors of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. on May 18, 1976:

"RESOLVED, that the Chairman of the Board, the President, or any Vice President be, and hereby is, authorized to appoint Attorneys-in-Fact to represent and act for and on behalf of the Company to execute bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, and to attach thereto the corporate seal of the Company, in the transaction of its surety business;

RESOLVED, that the signatures and attestations of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company when so affixed with respect to any bond, undertaking, recognizance or other contract of indemnity or writing obligatory in the nature thereof;

RESOLVED, that any such Attorney-in-Fact delivering a secretarial certification that the foregoing resolutions still be in effect may insert in such certification the date thereof, said date to be not later than the date of delivery thereof by such Attorney-in-Fact."

I, Elizabeth M. Tuck, Secretary of American Home Assurance Company and of National Union Fire Insurance Company of Pittsburgh, Pa. do hereby certify that the foregoing excerpts of Resolutions adopted by the Boards of Directors of these corporations, and the Powers of Attorney issued pursuant thereto, are true and correct, and that both the Resolutions and the Powers of Attorney are in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of each corporation

this 13 day of March, 2003

Elizabeth M. Tuck, Secretary

166 (4/96)

## POWER OF ATTORNEY APPOINTING INDIVIDUAL ATTORNEY-IN-FACT

Know All Men By These Presents, That Continental Casualty Company, an Illinois corporation, National Fire Insurance Company of Hartford, a Connecticut corporation, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation (herein called "the CNA Companies"), are duly organized and existing corporations having their principal offices in the City of Chicago, and State of Illinois, and that they do by virtue of the signatures and seals herein affixed hereby make, constitute and appoint

Kevin A White, Mark P Herendeen, Susan Kedian, Jean Brooker, Michael J Cusack, John J Gambino, Individually

of Boston, MA, their true and lawful Attorney(s)-in-Fact with full power and authority hereby conferred to sign, seal and execute for and on their behalf bonds, undertakings and other obligatory instruments of similar nature

- In Unlimited Amounts -

and to bind them thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of their corporations and all the acts of said Attorney, pursuant to the authority hereby given is hereby ratified and confirmed.

This Power of Attorney is made and executed pursuant to and by authority of the By-Law and Resolutions, printed on the reverse hereof, duly adopted, as indicated, by the Boards of Directors of the corporations.

In Witness Whereof, the CNA Companies have caused these presents to be signed by their Vice President and their corporate seals to be hereto affixed on this 11th day of October, 2002.

  

Continental Casualty Company
National Fire Insurance Company of Hartford
American Casualty Company of Reading, Pennsylvania

__Michael Gengler__  Senior Vice President

State of Illinois, County of Cook, ss:
On this 11th day of October, 2002, before me personally came Michael Gengler to me known, who, being by me duly sworn, did depose and say: that he resides in the City of Chicago, State of Illinois; that he is a Senior Vice President of Continental Casualty Company, an Illinois corporation, National Fire Insurance Company of Hartford, a Connecticut corporation, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation described in and which executed the above instrument; that he knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; that they were so affixed pursuant to authority given by the Boards of Directors of said corporations and that he signed his name thereto pursuant to like authority, and acknowledges same to be the act and deed of said corporations.

"OFFICIAL SEAL"
DIANE FAULKNER
Notary Public, State of Illinois
My Commission Expires 9/17/05

My Commission Expires September 17, 2005

__Diane Faulkner__   Notary Public

### CERTIFICATE

I, Mary A. Ribikawskis, Assistant Secretary of Continental Casualty Company, an Illinois corporation, National Fire Insurance Company of Hartford, a Connecticut corporation, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania corporation do hereby certify that the Power of Attorney herein above set forth is still in force, and further certify that the By-Law and Resolution of the Board of Directors of the corporations printed on the reverse hereof is still in force. In testimony whereof I have hereunto subscribed my name and affixed the seal of the said corporations this 13 day of March, 2003.

 

Continental Casualty Company
National Fire Insurance Company of Hartford
American Casualty Company of Reading, Pennsylvania

__Mary A. Ribikawskis__   Assistant Secretary

26853

## Authorizing By-Laws and Resolutions

OPTED BY THE BOARD OF DIRECTORS OF CONTINENTAL CASUALTY COMPANY:

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the npany.

### "Article IX—Execution of Documents

Section 3. Appointment of Attorney-in-fact. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thererto. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President or the Board of Directors, may, at any time, revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the npany at a meeting duly called and held on the 17th day of February, 1993.

"Resolved, that the signature of the President or any Executive, Senior or Group Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to Section 3 of Article IX of the By-Laws, and the signature of the Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

)PTED BY THE BOARD OF DIRECTORS OF AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA:

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the ipany.

### "Article VI—Execution of Obligations and Appointment of Attorney-In-Fact

Section 2. Appointment of Attorney-in-fact. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their, respective certificates of authority, shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thereto. The President or any Executive, Senior or Group Vice President may at any time revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the pany at a meeting duly called and held on the 17th day of February, 1993.

"Resolved, that the signature of the President or any Executive, Senior or Group Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to Section 2 of Article VI of the By-Laws, and the signature of the Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

PTED BY THE BOARD OF DIRECTORS OF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD:

This Power of Attorney is made and executed pursuant to and by authority of the following Resolution duly adopted on February 17, 1993 by the Board rectors of the Company.

"RESOLVED: That the President, an Executive Vice President, or any Senior or Group Vice President of the Corporation may, from time to time, appoint, by written certificates, Attorneys-in-Fact to act in behalf of the Corporation in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such Attorney-in-Fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Corporation by their signature and execution of any such instrument and to attach the seal of the Corporation thereto. The President, an Executive Vice President, any Senior or Group Vice President or the Board of Directors may at any time revoke all power and authority previously given to any Attorney-in-Fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the any at a meeting duly called and held on the 17th day of February, 1993.

"RESOLVED: That the signature of the President, an Executive Vice President or any Senior or Group Vice President and the seal of the Corporation may be affixed by facsimile on any power of attorney granted pursuant to the Resolution adopted by this Board of Directors on February 17, 993 and the signature of a Secretary or an Assistant Secretary and the seal of the Corporation may be affixed by facsimile to any certificate of any such ower, and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Corporation. Any such power so xecuted and sealed and certified by certificate so executed and sealed, shall with respect to any bond or undertaking to which it is attached, continue to e valid and binding on the Corporation."