RICHARD T. BOWLES (# 46234)
KENNETH G. JONES (# 196868)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email:  rbowles@bowlesverna.com
        kjones@bowlesvera.com

Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC.
dba WEBCOR BUILDERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, <br><br> Plaintiffs, <br><br> vs. <br><br> DICK/MORGANTI, a joint venture, DICK CORPORATION, THE MORGANTI GROUP, AMERICAN CASUALTY COMPANY OF READING, PA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 3:07-CV-02564-CRB <br><br> **DECLARATION OF KENNETH G. JONES IN SUPPORT OF WEBCOR'S OPPOSITION TO MOTION TO STAY PROCEEDINGS** <br><br> Date:  August 24, 2007 <br> Time:  10:00 a.m. <br> Dept.:  Courtroom 8 (19th Floor) <br> Judge:  Hon. Charles R. Breyer |

I, KENNETH G. JONES, declare:

1.      I am an attorney at law duly licensed to practice before all Courts of the State of California and am a partner at Bowles & Verna LLP, attorneys for plaintiff Webcor Construction Inc, dba Webcor Builders ("Webcor"), in the above action.  As such, I have personal knowledge of the facts set forth herein and if called as a witness, could and would competently testify thereto.

2.      In 2005, pursuant to the claims procedures set forth in the parties' subcontract, Webcor prepared and submitted to Defendant Dick/Morganti ("DMJV") several change order requests ("CORs").  Webcor submitted COR 60 on July 29, 2005 and submitted CORs 61 through 65 on October

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

1

DECLARATION OF KENNETH G. JONES IN SUPPORT OF
WEBCOR'S OPPOSITION TO MOTION TO STAY PROCEEDINGS      Case No. 3:07-CV-02564-CRB

1    31, 2005. DMJV initially forwarded COR 60 to the GSA for consideration but refused to take any

2    action on the remaining CORs 61 through 65.

3         3.    About fifteen months after Webcor submitted COR 60, on or about October 27, 2006,

4    DMJV's counsel, Joel Heusinger notified me that the GSA denied responsibility for COR 60.

5         4.    Upon receiving notice that the GSA had denied Webcor's COR 60, I demanded that Mr.

6    Heusinger immediately avail DMJV and Webcor of the dispute resolution procedures in both the Prime

7    Contract and Webcor Subcontract and insisted that DMJV immediately seek a Contracting Officer's

8    Decision. This demand was rejected.

9         5.    In a letter to Joel Heusinger, dated March 23, 2007, I submitted Jack Harrington's

10   certification of Webcor's COR 60 and made a further demand that DMJV pass the claim through to the

11   GSA and expressly request a Contracting Officer's Decision by no later than April 2, 2007. A true and

12   correct copy of my March 23, 2007 letter is attached hereto as Exhibit "A". DMJV refused to comply

13   with these demands.

14        6.    Instead, Mr. Heusinger notified me that DMJV wanted the claim certification language

15   revised. In the spirit of cooperating with DMJV, I submitted a revised certification signed by Jack

16   Harrington to Mr. Heusinger on April 10, 2007. I emphasized the expectation that, "with the revised

17   certification, Webcor's claim will be forwarded to the GSA immediately." This was my third demand

18   to DMJV that it pass the claim to the GSA.

19        7.    The next day, on April 11, 2007, Mr. Heusinger again rejected the certification as

20   inadequate. According to Mr. Heusinger, the claim did not contain the certification language required

21   by the Contract Disputes Act.

22        8.    I responded to Mr. Heusinger's email that same day. I underscored that the claim

23   certification, as submitted, complied with the FARS and that DMJV's continued refusal to forward it to

24   the GSA was baseless and without merit. I pointed out that several cases have held much less formal

25   wording in a claim certification to be consistent with the FARs. A true and correct copy of the entire

26   email chain is attached hereto as Exhibit "B".

27

28

**2**

**DECLARATION OF KENNETH G. JONES IN SUPPORT OF**
**WEBCOR'S OPPOSITION TO MOTION TO STAY PROCEEDINGS    Case No. 3:07-CV-02564-CRB**

1    9.    On April 24, 2007, in another attempt to work with DMJV and resolve this dispute, I

2  offered to modify the claim according to DMJV's specification in exchange for DMJV agreeing to

3  immediately transmit the claim to the GSA.  DMJV never responded.

4    10.    Having heard no response from DMJV, Webcor had no choice but to commence this

5  action on May 15, 2007 against DMJV and its sureties for breach of contract, a Miller Act claim, and

6  quantum meruit.

7    11.    Soon after commencement of this lawsuit, DMJV contacted me to set up a meeting to

8  resolve this dispute.  A teleconference occurred on June 11, 2007, and was participated in by John

9  Bowles and myself for Webcor and Joel Heusinger and Michael Ambroso for DMJV.  During the

10  teleconference, DMJV, for the first time, agreed to pass up Webcor's claim regarding COR 60 to the

11  GSA in exchange for Webcor's agreement to dismiss its action.

12    12.    Webcor rejected DMJV's request based on DMJV's breach of its contractual obligation

13  to pass through Webcor's claims.  Webcor further informed counsel for DMJV that it considered

14  DMJV's breach material such that Webcor's further performance of any ADR or dispute provisions was

15  excused.  However, Webcor was willing to stipulate to a ninety (90) day extension to allow DMJV the

16  opportunity to pass up Webcor's COR 60 to the GSA for a Contracting Officer's Decision and

17  determine whether a response would be received.  Webcor informed DMJV that beyond that, in light of

18  DMJV's breach, Webcor considered the FARs process to be DMJV's own obligation.  The stipulation

19  does not waive Webcor's claims of breach of contract.  A true and correct copy of the signed stipulation

20  is attached hereto as Exhibit "C".

21    13.    On June 13, 2007, DMJV submitted Webcor's certified claim for equitable adjustment

22  related to the rebar congestion and increased finishes requirement and requested a Contracting Officer's

23  Final Decision on the submitted claim within 60 days.  Notably, the claim certification DMJV

24  ultimately forwarded to the GSA mirrored the language of Jack Harrington's April 10, 2007

25  certification.  A true and correct copy of DMJV's certification is attached hereto as Exhibit "D".

26    14.    To date, DMJV has never passed Webcor's CORs 61 through 65 through to the GSA for

27  review.  These CORs total $1,480,277.00.

28

**DECLARATION OF KENNETH G. JONES IN SUPPORT OF**
**WEBCOR'S OPPOSITION TO MOTION TO  STAY PROCEEDINGS    Case No. 3:07-CV-02564-CRB**

1    15.    In summary, Webcor's complaint can be broken into two components. The first

2  component is claims involving the GSA (COR 60). The second component is claims which do not

3  involve the GSA or the FARS dispute resolution process (CORs 61-65). Given the undisputed evidence

4  before this Court that DMJV failed to timely avail itself and Webcor of the FARS dispute resolution

5  process with respect to COR 60, this motion to stay should be denied in its entirety. Further, since

6  DMJV has admitted that CORs 61-65 do not involve any dispute between DMJV and the GSA, no stay

7  should be ordered with respect to this significant portion of Webcor's claim herein.

8         I declare under penalty of perjury that the foregoing is true and correct, and that I executed this

9  Declaration on this 3rd day of August, 2007, at Walnut Creek, California.

KENNETH G. JONES

**DECLARATION OF KENNETH G. JONES IN SUPPORT OF
WEBCOR'S OPPOSITION TO MOTION TO STAY PROCEEDINGS     Case No. 3:07-CV-02564-CRB**

EXHIBIT A



.rd T. Bowles          David W. Trotter
Michael P. Verna       Jason J. Granskog
Robert I. Westerfield  Bradley R. Bowles
Richard A. Ergo        Lawrence D. Goldberg
K.P. Dean Harper       William T. Nagle
Mary P. Sullivan       Cathleen S. Huang
Kenneth G. Jones       Michael P. Connolly
Charles S. Goldman     Steven P. McFarlane
Kenneth B. McKenzie    Veronica Ann O. Benigno

March 23, 2007

**Via Overnight Delivery**

Joel D. Heusinger          Michael Ambroso
Woods & Aitken LLP         Dick Corporation
301 South 13th Street, Suite 500    P.O. Box 10896    *1900 Route 51 South*
Lincoln, Nebraska 68508-2578    Pittsburgh, Pennsylvania 15236    *Large, PA 15025*

**Re: Webcor/Dick-Morganti**

Dear Mike & Joel:

Enclosed is Webcor's certified claim for an equitable adjustment related to the rebar congestion and increased finishes requirements on the GSA Project No. NCA00049.  Demand is hereby made that you submit this claim for a Contracting Officer's decision by no later than April 2, 2007.  Please copy me on any transmittal of this claim to the GSA.

Also, by no later than April 2, 2007, please provide us with all bonding and surety information related to this project.  Further, please put any bonding company and/or surety for this Project on notice of Webcor's claim herein.

Finally, when we met in December of last year you informed us that we would receive Dick Morganti's position with respect to Webcor's Change Order Nos. 61 - 65 by the end of January 2007.  Having received no response, we can only assume that Dick Morganti has no basis for its failure to pay these Change Orders.  Consequently, demand is hereby made that Dick Morganti approve and pay for Change Order Nos. 61-65 by no later than April 2, 2007.

Please do not hesitate to call if you have any questions.

Very truly yours,

KENNETH G. JONES

Encl.

*Binder also sent to Ron Brookfield at Dick/Morganti without letter*

**EXHIBIT A**

# EXHIBIT B

**Kenneth G. Jones**

| | |
|---|---|
| **From:** | Kenneth G. Jones |
| **Sent:** | Wednesday, April 11, 2007 7:24 AM |
| **To:** | 'Joel D. Heusinger' |
| **Cc:** | Richard T. Bowles |
| **Subject:** | RE: Revised Executed Certification |

Joel -

Our revised cert complies with the FARS. Adding three words "Dick Morganti AND" does not change the fact that the GSA is liable for the claim and I am aware of no authority that would suggest this revision does not comply with the FARS. Indeed, there are several decisions which have found much less formal wording to be consistent with the FARS.

*Kenneth G. Jones*
Bowles & Verna, LLP
2121 N. California Blvd., Suite 875
Walnut Creek, California 94596
(925) 935-3300
(925) 935-0371 (fax)

---

**From:** Joel D. Heusinger [mailto:JHEUSINGER@woodsaitken.com]
**Sent:** Wednesday, April 11, 2007 6:55 AM
**To:** Kenneth G. Jones
**Subject:** RE: Revised Executed Certification

Ken,

I had passed your request for the bond on to Mike. He was out last week on vacation, but I talked with him again today and he is pulling the bond to send out to you. I also had Sage contact Dan Kass and they are putting together their analysis for D/M to review on the schedule portion and the costs. WJE is doing the same with the material Gene prepared. So I believe that review process is moving forward. I also received your revised certification, unfortunately the Contract Disputes Act requires the certification language I had sent out. That is why I sent the FAR, which is incorporated in the subcontract, with the email. We will need that language changed to mirror the CDA to be able to submit to the GSA as we go forward. Let me know if you need anything else.

Joel

---

**From:** Kenneth G. Jones [mailto:KJones@bowlesverna.com]
**Sent:** Tuesday, April 10, 2007 1:38 PM
**To:** Joel D. Heusinger
**Subject:** FW: Revised Executed Certification

Joel -

Attached please find a revised certification for the claim we have asked DMJV to pass through to the GSA. Please note that the only modification we made to the draft cert you sent us is that we have stated that Dick Morganti AND GSA are liable for this claim.

Also, we have yet to receive confirmation that DMJV has put its bonding company on notice of Webcor's claim and we have yet to be provided with the bond information. Please provide this information to me asap.

Finally, our expectation is that, with the revised certification, Webcor's claim will be forwarded to the GSA immediately.

Please do not hesitate to call if you have any questions.

EXHIBIT B

*Kenneth G. Jones*
Bowles & Verna, LLP
2121 N. California Blvd., Suite 875
Walnut Creek, California 94596
(925) 935-3300
(925) 935-0371 (fax)

---

**From:** Jack Harrington [mailto:jack@webcor.com]
**Sent:** Tuesday, April 10, 2007 11:28 AM
**To:** Kenneth G. Jones
**Cc:** John Bowles
**Subject:** Revised Executed Certification


**Jack Harrington**
Project Manager
Webcor Concrete Group
One Rincon Hill Project
450 Harrison St.
San Francisco, CA 94105
T  415-978-1160   F  415-896-2024    www.webcorconcrete.com



EXHIBIT C

1  RICHARD T. BOWLES #46234
   KENNETH G. JONES  #196868
2  BOWLES & VERNA LLP
   2121 N. California Boulevard, Suite 875
3  Walnut Creek, California  94596
   Telephone:  (925) 935-3300
4  Facsimile:  (925) 935-0371
5  rbowles@bowlesverna.com
   kjones@bowlesverna.com
6  Attorneys for Plaintiff
7  WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS

8                  **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

10
   UNITED STATES of AMERICA for the Use and      Case No.  C07-2564 CRB
11 Benefit of WEBCOR CONSTRUCTION, INC.
   dba WEBCOR BUILDERS, and WEBCOR           **STIPULATION AND [PROPOSED]**
12 CONSTRUCTION, INC. dba WEBCOR            **ORDER TO EXTEND RESPONSE**
13 BUILDERS,                                                  **DEADLINE**

14            Plaintiffs,

15 v.

16
   DICK/MORGANTI, a joint venture, DICK
17 CORPORATION, THE MORGANTI GROUP,
   AMERICAN CASUALTY COMPANY OF
18 READING, PA, NATIONAL UNION FIRE
   INSURANCE COMPANY OF PITTSBURGH,
19 PA, and DOES 1 through 10, inclusive,

20            Defendants.

21

22

23        The parties hereto stipulate that good cause exists to extend the time for all defendants to

24 respond to Webcor's Complaint herein to and including September 17, 2007.  The parties herein are

25 currently involved in good faith efforts to resolve this complex construction dispute involving the

26 newly constructed GSA Federal Building in San Francisco.  By allowing the defendants herein to have

27 until September 17, 2007 to respond to Webcor's Complaint, significant judicial resources will be

   00236696
28                                                  -1-

**STIPULATION AND [PROPOSED] ORDER TO EXTEND RESPONSE DEADLINES**

EXHIBIT C

1   conserved in that defendants may have received a response back from the Owner regarding the items

2   contained in the Complaint.

3          There have been no previous time modifications in this case and the current Case Management

4   Conference is scheduled for August 24, 2007. The parties herein request that this Case Management

5   Conference be rescheduled in November 2007.

6   DATED: _____, 2007          BOWLES & VERNA LLP

7

8                                          By _____

9                                             KENNETH G. JONES
                                              Attorneys for Plaintiff Webcor
10                                            Construction, Inc. dba Webcor Builders

11

12  DATED: _____June 27_____, 2007         PECKAR & ABRAMSON, P.C.

13

14                                         By _____
                                              RAYMOND M. BUDDIE
15                                            Attorneys for Defendant Dick Morganti,
                                              Dick Corporation, The Morganti Group

16

17  DATED: _____June 27_____, 2007         PECKAR & ABRAMSON, P.C.

18

19                                         By _____
                                              RAYMOND M. BUDDIE
20                                            Attorneys for Defendant American Casualty
                                              Company of Reading, Pennsylvania

21

22  DATED: _____June 27_____, 2007         PECKAR & ABRAMSON, P.C.

23

24                                         By _____
                                              RAYMOND M. BUDDIE
25                                            Attorneys for Defendant National Union
                                              Fire Insurance Company of Pittsburgh,
26                                            Pennsylvania

27

28  00236696                                            -2-

STIPULATION AND [PROPOSED] ORDER TO EXTEND RESPONSE DEADLINES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

The Court has considered the Stipulation submitted by the parties, and good cause appearing, it is hereby Ordered that the deadline for all defendants to respond to Webcor's Complaint herein shall be extended to and include September 17, 2007.

It is further ordered that the Case Management Conference scheduled for August 24, 2007 be continued to _____, 2007.


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2007        _____

United States District Court Judge
Northern District Court of California

Law Office Of
Bowles & Verna
2121 N. California Blvd.
Suite 875
Walnut Creek 94596

00236696

-3-

STIPULATION AND [PROPOSED] ORDER TO EXTEND RESPONSE DEADLINES

**PROOF OF SERVICE**
USDC Northern District of California, Case No. C07-2564 CRB

I, the undersigned, declare as follows:  I am a citizen of the United States, over the age of 18 years, and not a party to, or interested in the within entitled action.  I am an employee of BOWLES & VERNA LLP, and my business address is 2121 N. California Blvd., Suite 875, Walnut Creek, California 94596.

On June 28, 2007, I served the following document(s):

**STIPULATION AND [PROPOSED] ORDER TO EXTEND RESPONSE DEADLINE**

on the following parties in this action addressed as follows:

Raymond M. Buddie
PECKAR & ABRAMSON, P.C.
250 Montgomery Street
16th Floor
San Francisco, CA 94104
tel. +1 415.837.1968
fax +1 415.837.1320

__XXX  **BY MAIL:**  I caused each such envelope, with postage thereon fully paid, to be placed in the United States mail at Walnut Creek, California.  I am readily familiar with the business practice for collection and processing of mail in this office.  That in the ordinary course of business said document(s) would be deposited with the U.S. Postal Service in Walnut Creek on that same day.  I understand that service shall be presumed invalid upon motion of a party served if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained on this affidavit.

___  **BY PERSONAL SERVICE:**  I delivered each such envelope by hand to each party addressee above.

___  **BY OVERNIGHT DELIVERY:**  I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by UPS/Federal Express.  I am readily familiar with Bowles & Verna's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Bowles & Verna's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by UPS/Federal Express or delivered to an authorized courier or driver authorized by UPS/Federal Express to receive documents on the same date that it is placed at Bowles & Verna for collection.

___  **BY FACSIMILE:**  By use of facsimile machine number (925) 935-0371, I served a copy of the within document(s) on the above interested parties at the facsimile numbers listed above.  The transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on June 28, 2007, at Walnut Creek, California.

Erica L. Dorrington

# EXHIBIT D



*Building Excellence for Over 80 Years!*

**Michael T. Ambroso**
*Assistant General Counsel &*
*Assistant Secretary*



RECEIVED
JUN 1 8 2007
By_____

*CC RTB*
*MPC*

June 13, 2007

Shelita Harper
Contracting Officer
General Services Administration
PBS, Property Development Div., 9PCE
450 Golden Gate Ave., 3rd Floor West
San Francisco, CA  94102-3434

RE:    San Francisco Federal Office Building
       Contract No. GS-09P-02-KTC-0002
       Claim Under Contract Disputes Act

Dear Ms. Harper:

Dick/Morganti, A Joint Venture, on behalf of one of its subcontractors (Webcor Construction, Inc.), hereby submits a claim pursuant to the Contract Disputes Act, 41 U.S.C. Section 601, et seq.  The explanation of the entitlement for this claim, as well as an identification of Webcor's claimed damages, are contained in the attached binder (two copies attached).  Please note that Dick/Morganti's signed Certification for this Claim is attached to this letter.

The attached claim requests compensation for the damages incurred by Webcor as a result of the rebar congestion and additional concrete finish requirements on this Project.  Please note, however, that Dick/Morganti and other subcontractors also incurred delays and additional costs as a result of these problems for which we believe the GSA is responsible.  Dick/Morganti reserves the right to submit claims for additional compensation, on behalf of itself and its other subcontractors, arising out of these and other events on the Project.  These other claims will be submitted as soon as possible.

Dick/Morganti respectfully requests a Contracting Officer's Final Decision on this submitted claim within sixty (60) days, as specified in the Contract Disputes Act.

# EXHIBIT D

Dick Corporation

Contractors, Construction Managers & Design Builders

P.O. Box 10896    Pittsburgh, PA  15236-0896    412-384-1287

mtambroso@dickcorp.com



Shelita Harper
Contracting Officer
General Services Administration
June 13, 2007
Page 2

Please contact the undersigned with any questions.

Sincerely,

DICK CORPORATION

Michael T. Ambroso

MTA/lsn
enclosure
cc:     Bill Higgins (w/o enclosure)
        Joel Heusinger, Esq. (w/o enclosure)
        Ken Jones, Esq. (w/o enclosure)
        Vince Petito (w/o enclosure)

CLAIM CERTIFICATION

DICK/MORGANTI, A JOINT VENTURE

UNITED STATES FEDERAL OFFICE BUILDING

SAN FRANCISCO, CALIFORNIA

GSA Contract No. GS-09P-02-KTC-0002

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

SIGNATURE: _William L. Higgins_

NAME: _William L. Higgins_

TITLE: _Exec. V. Pres & COO_

DATE: _6/13/07_