J. Morrow Otis (CSB #039311)
Steven L. Iriki (CSB # 142533)
Matthew E. McCabe (CSB #136541)
OTIS CANLI & IRIKI, LLP
625 Market St., 4th Floor
San Francisco, CA 94105-3306
Telephone: (415) 362-4442
Facsimile: (415) 362-7332
E-mail: jmo@ocilaw.com

Attorneys for Third-Party Defendant
PERFORMANCE CONTRACTING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Third-Party Plaintiffs, | Case No. 3:07-CV-02564-CRB<br><br>**REQUEST FOR CONTINUANCE OF HEARING RE: MOTION TO STAY PROCEEDINGS**<br><br>DATE:   August 24, 2007<br>TIME:   10:00 a.m.<br>JUDGE:  Hon. Charles R. Breyer<br>            (Courtroom 8) |

-1-

vs.

BOYETT CONSTRUCTION, INC., a California corporation; MARELICH MECHANICAL CO., INC., a California corporation; PERFORMANCE CONTRACTING GROUP, INC. dba PERFORMANCE CONTRACTING, INC., a Delaware corporation; PERMASTEELISA GROUP USA HOLDINGS CORP., a Delaware corporation fdba PERMASTEELIS CLADDING TECHNOLOGIES L.P., a Delaware limited partnership, fdba PERMASTEELISA CLADDING TECHNOLOGIES, LTD.; ROSENDIN ELECTRIC, INC., a California corporation; THIRD PARTY DOE DEFENDANTS 1 THROUGH 20.

Third Party Defendants.

## I.   INTRODUCTION

Third-Party Defendant Performance Contracting, Inc. ("PCI") respectfully submits the following request for a 60-day continuance of the hearing of the Motion to Stay Proceedings filed by defendants and third-party plaintiffs American Casualty Company of Reading, PA ("American") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). Although PCI has not yet been served with American and National Union's Third-Party Complaint, PCI hereby consents to the jurisdiction of this Court. See Declaration of Steven L. Iriki in Support of Request for Continuance of Hearing Re: Motion to Stay Proceedings (the "Iriki Declaration"), Par. 2. The first time that PCI learned that American and National Union had filed their motion to stay proceedings was on August 15, 2007. See Iriki Decl., par. 7.

## II.   STATEMENT OF FACTS

On or about April 22, 2003, PCI entered into a Subcontract with defendant Dick Morganti ("D/M") under which PCI agreed to furnish and install, among other things, FRC

-2-

REQUEST FOR CONTINUANCE OF HEARING RE: MOTION TO STAY PROCEEDINGS
2010-038-Req for Continuance.081607

Case No. 3:07-CV-02564-CRB

panels, lath & plaster, gypsum board, metal studs, and ceilings as required for the new GSA Federal Building. See Par. 21 of PCI's Complaint for Breach of Contract, Enforcement of Miller Act Payment Bond, and Unjust Enrichment, attached as Exhibit A to the Iriki Declaration.

During the course of the project, change orders, extra work, and/or amendments were issued and/or approved by defendants in connection with the project. Also during the course of the project, PCI incurred various delay and impact damages due to delays to the project. Said delays were not caused by PCI, and said delay and impact damages increased the value of the work of improvement. As a result of said change orders, extra work, amendments, and/or delay & impact damages, the total value of the work rendered by PCI increased. See Par. 24 of Complaint attached as Exhibit A to Iriki Decl.

Although demands have been made to D/M since the work was performed and all necessary labor, services, materials and equipment were furnished, D/M breached the contract by failing and refusing to pay PCI the sum of $3,505,112.44 for PCI's base contract work. D/M further breached the Subcontract by failing to timely pay PCI for work done on the project, failing to timely pass invoices through to the owners, failing to timely provide PCI with all information it needed to construct the project, failing to timely respond to Requests for Information on the project, failing to timely respond to, process and pass-through claims on the project, failing to timely respond to change orders on the project, failing to timely provide PCI with access to the project, and failing to properly manage the project. PCI alleges that the delay and impact damages caused by the aforementioned conduct amount to $4,107,219.39. See Par. 25-26 of Complaint attached as Exhibit A to Iriki Decl.

Because of D/M's long history of bad faith and its refusal to pay the amounts due, PCI filed an action in this Court on August 15, 2007 (Case No. C-07-4180), against D/M, Dick Corporation, The Morganti Group, Inc., and their Miller Act sureties American, National Union, and Continental Casualty Company. The claims are for breach of contract, enforcement

-3-

REQUEST FOR CONTINUANCE OF HEARING RE:   Case No. 3:07-CV-02564-CRB
MOTION TO STAY PROCEEDINGS
2010-038-Req for Continuance.081607

of Miller Act payment bond, and unjust enrichment. The total amount of the claim, exclusive of costs, fees, penalties, and interest, is $7,612,331.83. Iriki Decl., par. 3.

Pursuant to Local Rule 3-13, at the time PCI filed the aforementioned suit, it also filed a Notice of Pendency of Other Actions or Proceedings. PCI noted that two other cases are currently pending against the same defendants: 1) the instant case filed by Webcor; and 2) *United States of America for the Use and Benefit of Bay Area Reinforcing v. Dick/Morganti, et al.*, Case No. C-07-3096-JL. In the Notice, PCI requested that its action and the action of Bay Area Reinforcing be consolidated into Webcor's instant action before Judge Breyer. The reason for PCI's request is that all of the cases involve the GSA building in San Francisco and are brought by subcontractors who worked on the project. All of the cases also involve claims by subcontractors for nonpayment under their respective subcontracts against D/M and the sureties that provided the payment bond. In sum, the cases involve the same subject matter and substantially all of the same parties. Iriki Decl., Par. 4; see Exhibit B to Iriki Decl.

PCI requests that the Court continue the hearing of the sureties' Motion to Stay these proceedings to allow PCI the opportunity to present evidence and arguments in opposition to said motion.[1]

### III. ARGUMENT

#### A. THE COURT SHOULD ALLOW PCI TO PRESENT EVIDENCE AND ARGUMENTS IN OPPOSITION TO THE SURETIES' MOTION BECAUSE PCI WILL BE SIGNIFICANTLY IMPACTED BY THE COURT'S RULING.

Allowing the sureties' motion to be heard without allowing PCI the opportunity to present evidence and arguments in opposition to said motion will in all likelihood severely prejudice PCI in its claims against the defendants. The Court should be mindful that throughout the course of the GSA Federal Building construction project, the general contractor D/M

---

[1] PCI has important evidence and arguments to present to this Court on the matter of the sureties' stay request that is not set forth in Webcor's motion. See Iriki Decl., par. 5.

-4-

REQUEST FOR CONTINUANCE OF HEARING RE:                    Case No. 3:07-CV-02564-CRB
MOTION TO STAY PROCEEDINGS
2010-038-Req for Continuance.081607

continuously acted in bad faith by 1) not paying PCI for millions of dollars of base contract work; and 2) failing to pass invoices and change order requests through to the GSA even though months earlier D/M represented to PCI that it had done so. PCI has documentary evidence showing that D/M knew it was running the project so that "the subs are financing the project." Since the inception of this construction project, D/M's goal has been to delay payment to its subcontractors for as long as possible, and build the project on the subcontractors' backs.[2] The motion to stay these proceedings filed by D/M's sureties is simply a tactic to relegate the subcontractors' right to an expeditious payment under the Miller Act to the backwaters of D/M's intentionally protracted dealings with the GSA.

PCI expects that in its own suit against the defendants, the sureties will make the same motion to stay the proceedings. The reason why it is critical for the Court to allow PCI to oppose the sureties' stay arguments now in the instant lawsuit is that the Court's determination will undoubtedly impact PCI in its suit against the defendants. If the Court grants the sureties' motion in this case, when they make the same motion in PCI's case, they will argue that the Court *must* grant their motion in PCI's case – otherwise the Court would be inconsistent in allowing PCI to proceed with its case in Federal Court while disallowing Webcor's case to proceed in Federal Court. To avoid the possibility of this type of confusing and contradictory result, the Court should continue the hearing of the sureties' stay motion. This will allow time for a consolidation of all of the GSA subcontractor cases into one proceeding, and for all of the subcontractors to present evidence and arguments in opposition to the sureties' stay motion. As the subcontractors would be significantly impacted by the stay the sureties seek, the Court should hear from the affected subcontractors before it renders a decision. See Iriki Decl., Par. 5.

---

[2] PCI will present its supporting evidence if the Court allows it to file an opposition to the sureties' motion.

-5-

| REQUEST FOR CONTINUANCE OF HEARING RE: MOTION TO STAY PROCEEDINGS | Case No. 3:07-CV-02564-CRB |

2010-038-Req for Continuance.081607

1  PCI has a claim of $7,612,331.83 against D/M, Dick, Morganti, and their sureties, including a claim for $3,505,112.44 of base contract work that was performed long ago. Most if not all of PCI's claim is not of a "pass-through" nature but is directly attributable to D/M's malfeasance. The motion to stay by D/M's sureties is a continuation of D/M's strategy to have its subcontractors "finance the project." Before the Court allows D/M to succeed with this latest ploy, it should at least hear the evidence and arguments that PCI is prepared to present which will show that the instant motion to stay is a gross subversion of the purpose behind the Miller Act. See Iriki Decl., Par. 6.

## IV.  CONCLUSION

For all of the above reasons, PCI requests that the Court continue the hearing of the sureties' motion to stay these proceedings by 60 days to allow PCI the opportunity to file an opposition.

Dated: August 17, 2007

OTIS CANLI & IRIKI, LLP

By: _____
Steven I. Iriki
Attorneys for Plaintiff
PERFORMANCE CONTRACTING, INC.

-6-
REQUEST FOR CONTINUANCE OF HEARING RE:
MOTION TO STAY PROCEEDINGS                           Case No. 3:07-CV-02564-CRB
2010-038-Req for Continuance.081607

## PROOF OF SERVICE

CASE NAME: *Webcor Construction, Inc., et al. v. Dick/Morganti, et al.*
COURT INFORMATION: United States District Court, Northern District of California, San Francisco Division Case No. 3:07-CV-02564-CRB

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of 18 years, and am not a party to the within action. I am employed in the City and County of San Francisco, California, and my business address is 625 Market Street, 4th Floor, San Francisco, California 94105-3306. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date listed below, following ordinary business practice, I served the following document(s):

- **REQUEST FOR CONTINUANCE OF HEARING RE: MOTION TO STAY PROCEEDINGS; and**

- **DECLARATION OF STEVEN L. IRIKI IN SUPPORT OF REQUEST FOR CONTINUANCE OF HEARING RE: MOTION TO STAY PROCEEDINGS**

on the party(ies) in this action, through his/her/their attorneys of record, by placing true and correct copies thereof in sealed envelope(s), addressed as shown on the attached Service List for service as designated below:

| | |
|---|---|
| Attorneys for Defendants Dick/Morganti; Dick Corporation; and The Morganti Group, Inc. | Raymond M. Buddie, Esq.<br>Rick W. Grady, Esq.<br>Peckar & Abramson, P.C.<br>250 Montgomery Street, 16th Fl.<br>San Francisco, CA 94104 |
| Attorneys for Defendants American Casualty Company of Reading, PA; National Union Fire Insurance Company of Pittsburgh, PA | Raymond M. Buddie, Esq.<br>Rick W. Grady, Esq.<br>Peckar & Abramson, P.C.<br>250 Montgomery Street, 16th Fl.<br>San Francisco, CA 94104 |
| Attorneys for Plaintiff Webcor Construction, Inc. dba Webcor Builders | Kenneth G. Jones, Esq.<br>California Plaza<br>2121 N. California Blvd., Ste. 875<br>Walnut Creek, CA 94596-8180 |

(XX) BY ELECTRONIC FILING/SERVICE: I caused such document(s) to be Electronically Filed and Served through the PACER system for the above-entitled case. Electronic service has been accomplished by the service maintained by PACER.

( X ) (Federal) I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on August 17, 2007, at San Francisco, California.

Michael McIntosh

PROOF OF SERVICE
O:\2010\2010-038\Webcor v. DM\Clerk & Service\POS.doc