IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DICK/MORGANTI, et al.,<br><br>    Defendants.<br>_____ / | No. C 07-02564 CRB<br><br>**SCHEDULING ORDER** |

    This lawsuit stems from a dispute between a general contractor, Dick/Morganti, and a subcontractor, Webcor Construction ("Webcor"), regarding the construction of a new federal building located at 90 Seventh Street in San Francisco, California. The subcontractor filed this action to recover damages for, among other things, the general contractor's alleged failure to pay certain sums of money for work performed on the project.

    Now pending before the Court is a motion to stay this action. The motion was filed by two sureties, Defendants American Casualty Company of Reading, PA ("American Casualty") and National Union Fire Insurance Company of Pittsburgh ("National Union"), who assumed liability under the Miller Act "for the protection of the government." See 40 U.S.C. §§ 3131(b) (requiring a bond to be furnished, and guaranteed by a surety, in connection with every contract worth more than $100,000 involving "the construction, alteration, or repair of any public building or public work of the Federal Government").

In addition, the Court has received recent filings from another third-party subcontractor, Performance Contracting, Inc. ("PCI"). PCI is both a third-party defendant in this case and a plaintiff in a different case that also pertains to the construction of the San Francisco federal building. See United States v. Dick/Morganti, No. C-07-04180-EDL (filed Aug. 15, 2007). PCI wants the Court to defer consideration of the pending motion to stay so that it can be heard on the matter, fearing that a stay in these proceedings would likely portend a stay of proceedings in its own case.

The Court hereby GRANTS the request by PCI for a continuance, and it DEFERS consideration of the sureties' motion to stay. The Court hereby grants leave to PCI, as well as to any of the other third-party defendants, to file a brief, not to exceed ten (10) pages, regarding its position on the merits of the pending motion to stay. The third-party defendants shall file their briefs, along with any necessary supporting materials, not later than Friday, August 31, 2007. Webcor, American Casualty, and National Union, as well as Dick/Morganti if necessary, may file simultaneous supplemental briefs, not to exceed ten (10) pages, in response to the third-party defendants' briefs. These responsive supplemental briefs shall be filed not later than Friday, September 7, 2007. The motion to stay shall be heard on Friday, September 21, 2007, at 10:00 a.m.

Further, the Court hereby ORDERS all parties to appear before the Court on August 24, 2007, at 10:00 a.m. for a case management conference. The parties should be prepared to address the following issues:

**1. Related Cases.** PCI indicates in its request for a continuance that its lawsuit "also involve[s] claims by subcontractors for nonpayment under their respective subcontracts." Request at 4. The parties should be prepared to discuss whether these two cases should remain separate, be related, or be consolidated. See N.D. Cal. Civ. L.R. 3-12; Fed. R. Civ. P. 42(a). The parties should also be prepared to discuss the status of any other cases that have been, or may be, brought by subcontractors with similar grievances against Dick/Morganti, including United States v. Dick/Morganti, No. C-07-3096-JL (filed June 13, 2007), which appears to have been dismissed without prejudice.

**2. Status of Administrative Claims.**  The parties should be prepared to discuss the status of the administrative claims currently pending before the "contract officer."  41 U.S.C. § 604.  Specifically, the Court would find it helpful to know how long it typically takes for a contract officer to "certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable."  Id. § 605(c)(1).  In this regard, the parties should be prepared to inform the Court whether the contracting officer has yet complied with the statutory duty to "issue a decision" or describe "the time within which a decision will be issued."  Id. § 605(c)(2).

**3. Jurisdiction.**  The parties should be prepared to discuss the basis for this Court's jurisdiction.  See Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 590 (Fed. Cir. 1987) ("For claims of more than $50,000, the [contract officer] must certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, and that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable.  41 U.S.C. § 605(c)(1).  If such a claim has not been certified, the Claims Court lacks jurisdiction over an appeal from the decision of the contracting officer denying the claim.").

The Court recognizes that this lawsuit was predicated, in part, on Webcor's view that Dick/Morganti failed "to timely respond to, process and pass-through claims on the project."  Compl. ¶ 19.  Nonetheless, since the filing of the complaint, Webcor's grievances have been submitted for certification.  And it appears that every other theory supporting Webcor's instant claim for breach of contract -- namely, Dick/Morganti's failure "to timely pay Webcor for work done on the project," its failure "to timely pass invoices through to the owners," its failure "to timely provide Webcor with all information it needed to construct the project," its failure "to timely respond to RFI's on the Project," it's failure "to timely respond to change orders on the [P]roject," its failure "to timely provide Webcor with access to the project [and] to properly manage the project," id. -- is currently pending before the contract officer.

1  The parties should be prepared to discuss whether additional steps are necessary to
2 cure the potential jurisdictional defect with Webcor's original complaint.  Specifically, the
3 parties should be prepared to discuss whether the complaint should be amended to establish a
4 proper basis for jurisdiction, now that Webcor's claims have been pending for the contract
5 officer for more than sixty days.  41 U.S.C. § 605(c)(5).

6  **IT IS SO ORDERED.**

9 Dated: August 21, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE