1  J. Morrow Otis (CSB #039311)
   Steven L. Iriki (CSB # 142533)
2  Matthew E. McCabe (CSB #136541)
   OTIS CANLI & IRIKI, LLP
3  625 Market St., 4th Floor
   San Francisco, CA 94105-3306
4  Telephone: (415) 362-4442
   Facsimile: (415) 362-7332
5  E-mail: jmo@ocilaw.com

6  Attorneys for Third-Party Defendant
   PERFORMANCE CONTRACTING, INC.,
7  erroneously sued as PERFORMANCE CONTRACTING GROUP, INC.

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13  UNITED STATES OF AMERICA for the use and benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Third-Party Plaintiffs, | Case No. 3:07-CV-02564-CRB<br><br>**PERFORMANCE CONTRACTING, INC.'S ANSWER TO THIRD PARTY COMPLAINT** |

-1-

[PERFORMANCE CONTRACTING, INC.'S ANSWER      Case No. 3:07-CV-02564-CRB
TO THIRD PARTY COMPLAINT
2010-038-Answer.082707.doc

vs.

BOYETT CONSTRUCTION, INC., a California corporation; MARELICH MECHANICAL CO., INC., a California corporation; PERFORMANCE CONTRACTING GROUP, INC. dba PERFORMANCE CONTRACTING, INC., a Delaware corporation; PERMASTEELISA GROUP USA HOLDINGS CORP., a Delaware corporation fdba PERMASTEELIS CLADDING TECHNOLOGIES L.P., a Delaware limited partnership, fdba PERMASTEELISA CLADDING TECHNOLOGIES, LTD.; ROSENDIN ELECTRIC, INC., a California corporation; THIRD PARTY DOE DEFENDANTS 1 THROUGH 20.

Third Party Defendants.

Third Party Defendant Performance Contracting, Inc. ("Third Party Defendant"), erroneously sued as Performance Contracting Group, Inc., answers the Third Party Complaint of American Casualty Company of Reading, PA and National Union Fire Insurance Company of Pittsburgh, PA, as follows:

1.  Answering Paragraph 1 of the Third Party Complaint, Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2.  Answering Paragraph 2 of the Third Party Complaint, Third Party Defendant admits that there was a payment bond for the General Services Administration building project located at 7th and Mission Streets in San Francisco. As to the remaining allegations of Paragraph 2 of the Third Party Complaint, Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the remaining allegations contained therein.

/ / /
/ / /
/ / /

3.   Answering Paragraph 3 of the Third Party Complaint, Third Party Defendant admits that there was a payment bond, the principal on the payment bond was a joint venture known as Dick/Morganti, and the subject project was for the General Services Administration of the United States government. As to the remaining allegations of Paragraph 3 of the Third Party Complaint, Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the remaining allegations contained therein.

4.   Answering Paragraph 4 of the Third Party Complaint, Third Party Defendant admits that the general contractor on the General Services Administration project was Dick/Morganti and that Dick/Morganti entered into at least one or more subcontracts in connection with said project. As to the remaining allegations of Paragraph 4 of the Third Party Complaint, Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies the remaining allegations contained therein.

5.   Answering Paragraphs 5 and 6 of the Third Party Complaint, Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6.   Answering Paragraph 7 of the Third Party Complaint, Third Party Defendant admits that Performance Contracting, Inc. entered into a written subcontract agreement with Dick/Morganti for the General Services Administration project, that pursuant to said agreement it provided labor, equipment and materials, that Third Party Defendant has, among other things, asserted claims for providing labor, equipment and materials for said project, and that a copy of portions of Third Party Defendant's subcontract is attached as Exhibit D. Third Party Defendant denies that Performance Contracting Group, Inc., is a proper party to this action as the subject subcontract was entered into by Performance Contracting, Inc., which is a separate legal entity.

7.   Answering Paragraphs 8, 9, 10, and 11 of the Third Party Complaint, Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. Answering Paragraph 12 of the Third Party Complaint, Third Party Defendant admits that this Court has jurisdiction pursuant to the Miller Act, but denies that this Court has jurisdiction pursuant to the Contract Disputes Act.

9. Answering Paragraph 13 of the Third Party Complaint, Third Party Defendant admits that venue is proper in this District as its subcontract was to be performed in San Francisco.

10. Answering Paragraph 14 of the Third Party Complaint, Third Party Defendant admits that venue is proper in this District as the subject project is located in San Francisco.

11. Answering Paragraph 15 of the Third Party Complaint, Third Party Defendant incorporates by reference its responses to Paragraphs 1 through 10, inclusive.

12. Answering Paragraphs 16, 17, 18, 19, 20, 21, and 22 of the Third Party Complaint, Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

Third Party Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Cause Of Action)

Third Party Defendant alleges that the Third Party Complaint fails to state facts sufficient to constitute a cause of action against Third Party Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Perform)

Third Party Defendant alleges that Third Party Plaintiffs failed to perform its obligations under the agreement as alleged in the Third Party Complaint (the "Contract"), thus discharging Third Party Defendant from performance.

-4-

### THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Third Party Defendant allege that the Third Party Complaint and each and every cause of action therein is barred because the Third Party Plaintiffs failed to mitigate damages and the damages alleged in the Third Party Complaint resulted, in whole or in part, from the Third Party Plaintiffs' failure to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

(Delay In Performance)

Third Party Defendant alleges that Third Party Complaint and each and every cause of action therein are barred because the Third Party Plaintiffs delayed performance of certain obligations under the Contract.

### FIFTH AFFIRMATIVE DEFENSE

(Novation)

Third Party Defendant allege that it is excused from performance under the Contract sued under because the parties entered into a new agreement, which operates to extinguish Third Party Defendant's obligations under the Contract, and Third Party Defendant fully performed their obligations under the new agreement.

### SIXTH AFFIRMATIVE DEFENSE

(Modification)

The causes of action in the Third Party Complaint are barred by reason of the provisions of Section 1698 of the California Civil Code governing the modification of contracts and the law relevant thereto. The contract described in the Third Party Complaint has been the subject of oral

and written modifications agreed to by Third Party Plaintiffs and Third Party Defendant, following which Third Party Defendant has performed fully to the extent not prevented by Third Party Plaintiffs. Accordingly the original contract cannot form a basis for liability and the modified contract cannot support any liability on the part of Third Party Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

(Equitable Defenses – Unclean Hands)

Third Party Defendant alleges that the Third Party Complaint, and any of the causes of actions contained therein, is barred by the equitable doctrines of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

(Equitable Defenses – Laches)

Third Party Defendant alleges that the Third Party Complaint, and any of the causes of actions contained therein, is barred by the equitable doctrines of laches.

### NINTH AFFIRMATIVE DEFENSE

(Equitable Defenses - Estoppel and Waiver)

Third Party Defendant allege that Third Party Plaintiffs' conduct, including but not limited to, his failure to notify Third Party Defendant of the certain occurrences complained of, operated as estoppel and waiver of any rights to file this action.

### TENTH AFFIRMATIVE DEFENSE

(Timely Notice)

Third Party Defendant allege that the Third Party Complaint and each and every cause of action therein is barred because Third Party Plaintiffs failed to give timely notice to Third Party Defendant of any alleged contractual breach, claim for indemnity, or nonperformance.

## ELEVENTH AFFIRMATIVE DEFENSE

(Detrimental Reliance)

Third Party Defendant alleges that the Third Party Complaint and each and every cause of action therein are barred because Third Party Defendant detrimentally relied on representations made by Third Party Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Third Party Plaintiffs' claims are barred by all applicable statute of limitations, including without limitation, California Code of Civil Procedure sections 337 and 339.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Consent/Acquiescence)

Third Party Plaintiffs acquiesced in and/or consented to the acts and omissions alleged in the Third Party Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

Third Party Plaintiffs did not exercise ordinary care, caution and prudence in connection with the transactions and events alleged in the Third Party Complaint and is therefore barred entirely from recovery against Third Party Defendant or alternatively, Third Party Plaintiffs should have the recovery, if any, proportionately reduced.

/ / /

/ / /

/ / /

## FIFTEENTH AFFIRMATIVE DEFENSE

(Fault of Third Party Plaintiff)

If Third Party Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Third Party Plaintiffs, and not by Third Party Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Fault of Others)

If Third Party Plaintiffs suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties, and not by Third Party Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(*In Pari Delicto*)

As a separate defense to each alleged cause of action, Third Party Plaintiffs are barred from recovery by the doctrine of *in pari delicto*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Damage)

Third Party Defendant has committed no act or omission causing damage to Third Party Plaintiffs.

///

///

## NINETEENTH AFFIRMATIVE DEFENSE

(Speculative Damage)

The damages claimed by Third Party Plaintiffs in the Third Party Complaint are speculative.

## TWENTIETH AFFIRMATIVE DEFENSE

(Offset)

Third Party Defendant is entitled to an offset to the claims set forth in the Third Party Complaint sufficient to diminish or defeat Third Party Plaintiffs' recovery thereunder.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Mistake)

Any alleged acts or omissions of Third Party Defendant that give rise to Third Party Plaintiffs' claims are the result of innocent mistake.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Performance of Contract)

Third Party Defendant has timely and fully performed all of its obligations in connection with the purported causes of action raised in the Third Party Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Uncertainty)

Third Party Plaintiffs' claims fail for uncertainty.

/ / /

/ / /

/ / /

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Justification and Excuse)

Third Party Defendant's alleged conduct was justified, excused and caused by Third Party Plaintiffs' breach, or failure to perform the conditions, of agreements and/or contracts with Third Party Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Parol Evidence Rule)

Third Party Plaintiffs' claims are barred by the parol evidence rule.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Consent of Third Party Plaintiffs)

Third Party Plaintiffs are barred from recovery against Third Party Defendant because Third Party Plaintiffs consented, either expressly or impliedly, to the acts and/or omissions alleged in the Third Party Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Ratification)

Third Party Plaintiffs' claims against Third Party Defendant are barred by the doctrine of ratification.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(No Legal Duty)

Third Party Plaintiffs' claims against Third Party Defendant are without merit in that

there is no legal duty, which would have required Third Party Defendant to conduct itself differently than they did.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Statute of Frauds)

The Third Party Complaint, and each purported cause of action therein, is barred by the Statute of Frauds.

### THIRTIETH AFFIRMATIVE DEFENSE

(Failure of Consideration)

Third Party Plaintiffs are barred from recovering any damages or other relief by reason of the failure of consideration that defeats the effectiveness of the contract, if any, between the parties.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Frustration of Purpose)

As a result of Third Party Plaintiffs' acts and/or omissions, and through no fault of defendant, the purposes recognized by both Third Party Plaintiffs and Third Party Defendant as the basis for the contract, if any, have been fundamentally frustrated and defeated. Accordingly, Third Party Plaintiffs' claims are without merit.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Impossibility)

Performance of the contract has become impossible or totally impracticable through no fault of Third Party Defendant and accordingly, Third Party Plaintiffs' claims are without merit.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Rescission)

The Third Party Complaint is barred by reason of the provisions of California Civil Code Sections 1688 et seq. concerning rescission of contracts. Accordingly, the rescinded contract cannot form a basis for liability.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

The Third Party Complaint is barred and fails to state a cause of action by reason of the provisions of Sections 1521 et seq. of the California Civil Code concerning accord and satisfaction, and Third Party Defendant fully performed the accord to the extent defendant's performance was not prevented by Third Party Plaintiffs. Accordingly, the contract cannot form the basis for liability.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

Third Party Defendant were justified and privileged in taking the actions alleged in the Third Party Complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

Third Party Defendant has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Third Party Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

[PERFORMANCE CONTRACTING, INC.'S ANSWER
TO THIRD PARTY COMPLAINT                             Case No. 3:07-CV-02564-CRB
2010-038-Answer.082707.doc

WHEREFORE, Third Party Defendant prays for judgment as follows:

1. That Third Party Plaintiffs take nothing from Third Party Defendant;
2. That the Third Party Complaint be dismissed with prejudice;
3. That Third Party Defendant recover costs of suit herein, including attorneys' fees; and
4. For such other relief as is just and proper.

Dated: August 29, 2007

OTIS CANLI & IRIKI, LLP

By: _____
Steven I. Iriki
Attorneys for Third Party Defendant
PERFORMANCE CONTRACTING, INC.

## DEMAND FOR JURY TRIAL

Third Party Defendant Performance Contracting, Inc., hereby demands a jury trial in this case.

Dated: August 29, 2007

OTIS CANLI & IRIKI, LLP

By: _____
Steven I. Iriki
Attorneys for Third Party Defendant
PERFORMANCE CONTRACTING, INC.

-13-

PERFORMANCE CONTRACTING, INC.'S ANSWER
TO THIRD PARTY COMPLAINT
2010-038-Req for Continuance.081607

## PROOF OF SERVICE

CASE NAME: *Webcor Construction, Inc., et al. v. Dick/Morganti, et al.*
COURT INFORMATION: United States District Court, Northern District of California, San Francisco Division Case No. 3:07-CV-02564-CRB

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of 18 years, and am not a party to the within action. I am employed in the City and County of San Francisco, California, and my business address is 625 Market Street, 4th Floor, San Francisco, California 94105-3306. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date listed below, following ordinary business practice, I served the following document(s):

- **PERFORMANCE CONTRACTING, INC.'S ANSWER TO THIRD PARTY COMPLAINT**

on the party(ies) in this action, through his/her/their attorneys of record, by placing true and correct copies thereof in sealed envelope(s), addressed as shown on the attached Service List for service as designated below:

| | |
|---|---|
| Attorneys for Defendants<br>Dick/Morganti; Dick Corporation; and The Morganti Group, Inc. | Raymond M. Buddie, Esq.<br>Rick W. Grady, Esq.<br>Peckar & Abramson, P.C.<br>250 Montgomery Street, 16th Fl.<br>San Francisco, CA 94104 |
| Attorneys for Defendants<br>American Casualty Company of Reading, PA; National Union Fire Insurance Company of Pittsburgh, PA | Raymond M. Buddie, Esq.<br>Rick W. Grady, Esq.<br>Peckar & Abramson, P.C.<br>250 Montgomery Street, 16th Fl.<br>San Francisco, CA 94104 |
| Attorneys for Plaintiff<br>Webcor Construction, Inc. dba Webcor Builders | Kenneth G. Jones, Esq.<br>California Plaza<br>2121 N. California Blvd., Ste. 875<br>Walnut Creek, CA 94596-8180 |

(XX) (By First Class Mail) I placed, on the date shown below, at my place of business, a true copy thereof, enclosed in a sealed envelope, with postage fully pre-paid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business, addressed to those listed on the attached Service List.

( X ) (Federal) I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on August 29, 2007, at San Francisco, California.

Michael McIntosh