Ann M. Nejasmich, Esq. (SBN 077564)
Marelich Mechanical Co., Inc.
24041 Amador Street
Hayward, CA 94544-1202
Telephone: (510) 785-5500
Facsimile: (510) 576-1004
Email: a.nejasmich@marelich.com

Seth Price, Esq. (GA BN 587841)
Gina M. Vitiello, Esq. (GA BN 628665)
Chamberlain Hrdlicka White Williams & Martin
191 Peachtree Street – 34th Floor
Atlanta, GA 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
Email: seth.price@chamberlainlaw.com
Email: gina.vitiello@chamberlainlaw.com
**Attorneys for Third Party Defendant**
**Marelich Mechanical Co., Inc.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>    Plaintiff,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 3:07-CV-02564-CRB<br><br>**MARELICH MECHANICAL CO., INC.'s BRIEF IN OPPOSITION TO MOTION TO STAY PROCEEDINGS** |

Third-Party Defendant Marelich Mechanical Co., Inc. ("Marelich") submits this brief in compliance with the Court's Amended Scheduling Order dated August 27, 2007. As set forth in detail below, Marelich opposes the pending motion to stay filed by American Casualty Company of Reading, PA and National Union Fire Insurance Company of Pittsburgh, PA (collectively referred to as "the Sureties"), but for the reasons stated in Section IV below, is unable to take a

**BRIEF IN OPPOSITION TO MOTION TO STAY**      CASE NO. 3:07-CV-02564-CRB

position at this point in the litigation as to whether Marelich's claims for "uncompensated (or under-compensated) subcontracting work on the Project will be affected by the adjudication of the claims advanced by Webcor in this lawsuit."

## I. INTRODUCTION

This action arises out of the construction of the San Francisco Federal Building (the "Project"). Defendant Dick/Morganti, a joint venture ("DMJV") was the general contractor for the Project. Marelich entered into a subcontract agreement ("Subcontract") with DMJV to perform the mechanical portion of the work. A copy of the Subcontract is attached to the Third-Party Complaint as Exhibit C.

The Sureties have filed a third-party complaint against Marelich and other subcontractors seeking a judgment declaring that Marelich "take nothing" on its claim on DMJV's bond, and declaring that Marelich "stay any claims proceedings or actions related to the Project and participate and be bound by the ongoing dispute resolution process." The Sureties have also filed a motion to stay these proceedings as against the original plaintiff, Webcor Construction, Inc. dba Webcor Builders ("Webcor"). Notably, Marelich has not, as of this date, filed suit against DMJV or its Sureties in connection with its outstanding claims on the Project, and therefore, believes that the relief sought by the Sureties in the third-party lawsuit (as well as any motion to stay the proceedings) is at best premature.

The Sureties argue that the basis for the dismissal and/or stay of the proceedings is that the subcontractors are barred by the Contract Disputes Act (41 U.S.C.A. § 601, et. seq.) ("CDA") from bringing claims against DMJV outside of the claim procedure set forth in the CDA, and that the dispute resolution procedures of the subcontracts preclude the subcontractors (including Marelich) from proceeding forward with their Miller Act claims against the Sureties until all administrative remedies have been exhausted by DMJV under the CDA. However, the CDA does not govern the claims and disputes between DMJV and Marelich, and therefore, is not a bar to Marelich's Miller Act claims. Furthermore, DMJV has not alleged or made any showing that the claims submitted by Marelich fall within the scope of claims that would be stayed under the

dispute resolution clause of the Subcontract. For these reasons, Marelich opposes any attempts by the Sureties to dismiss or stay Marelich's claims through these proceedings.

## II. INFORMATION REGARDING MARELICH'S SUBMITTED CLAIMS

Marelich has substantially completed its work on the Project. During the Project, Marelich submitted to DMJV over 325 change order requests ("CORs") for additional labor, material and equipment costs incurred by Marelich on the Project as a result of certain extra work, delays, disruptions, and other interferences to its work. Although Marelich periodically received change orders from DMJV, there remain, as of this date approximately 200 pending CORs that have not led to the issuance of change orders. Additionally, some of the change orders received by Marelich during the Project (almost 100) were issued for less than the amount submitted by Marelich in its CORs. For those change orders, the difference between the claimed amount and the approved amount is still at issue as well. Moreover, Marelich has claims for delays and inefficiencies that are in addition to the pending change order requests.

Marelich believes that DMJV's position is that many, but not all, of Marelich's CORs are related to and/or caused by the GSA. Therefore, even if DMJV is correct that "GSA-related" claims should be stayed (which is disputed by Marelich), at least some of Marelich's CORs would not be subject to a stay pending resolution of DMJV's claims with the GSA. Among the more significant CORs that Marelich believes DMJV agrees are not GSA-related and presumably not included in any motion to stay are the following:

*Fin Tube Support Clips.* Marelich was directed by DMJV to provide fin tube support clips, which Marelich believes is outside of its contractual scope of work.

*Underfloor Partitioning.* Marelich was directed by DMJV to furnish and install underfloor partitions, which Marelich believes is outside of its contractual scope of work. Marelich believes its scope included "furnishing" only.

*Union Trades Break Issue.* DMJV directed Marelich employees to leave the work area and go outside for the required breaks. By directing workers to go outside, Marelich incurred extra time each day for workers to go to and from work stations for breaks. This was largely due

to the fact that employees had to wait for and take one manlift to reach street level from the floors upon which they were working.

These are just a few examples of some of the CORs which Marelich believes would not be submitted to GSA by DMJV. They are significant because they are representative examples of other non-GSA related CORs that would not be subject to the dispute resolution procedure and should not be stayed.

### III. ARGUMENT AND AUTHORITY ON MOTION TO STAY PROCEEDINGS

#### A. THE CONTRACT DISPUTES ACT DOES NOT GOVERN CLAIMS BETWEEN MARELICH AND DMJV OR ITS SURETIES AND DOES NOT BAR MARELICH'S MILLER ACT CLAIMS.

The Sureties allege in the third-party complaint that "Third Party Defendants agreed in the Subcontracts to be bound by the terms of the General Contract for the Project, including but not limited to the Disputes provisions in the General Contract and the Contracts Disputes Act." See Third Party Complaint at ¶ 19. However, the CDA does not apply to claims between Marelich and DMJV or its Sureties. See Central Steel Erection Co., v. Will, 304 F.2d 548, 551 (9th Cir. 1962), citing Fanderlik-Locke Co. v. United States, 285 F.2d 939 (10th Cir. 1960); United States v. Miller-Stauch Const. Co., Inc., 904 F.Supp. 1209, 1211-1212 (D. Kan. 1995). "By its own plain terms, the CDA encompasses only claims or disputes in which the government is a party and makes no provision for disputes or claims between contractors." Miller-Stauch at 1212. "Therefore, the CDA does not govern contract disputes between the prime contractor and the subcontractor." Id. In fact, a contracting officer has no jurisdiction to resolve disputes between a subcontractor and the prime contractor. See Navcom Defense Electronics, Inc. v. Ball Corp., 92 F.3d 877, 880 (9th Cir. 1996).

In Central Steel, a subcontractor on a federal project had brought a Miller Act action against the prime contractor and its surety to recover for additional work performed. Central Steel at 550. The District Court found in favor of the subcontractor and the prime contractor appealed, arguing that the subcontractor could not maintain an action against the prime contractor because the subcontractor failed to exhaust its administrative remedies. Id. at 551. Specifically, the prime contractor relied upon the subcontract disputes provision, which

BRIEF IN OPPOSITION TO MOTION TO STAY                    CASE NO. 3:07-CV-02564-CRB

incorporated the disputes provision of the prime contract with the government. Id. That provision required any dispute to be decided by the Contracting Officer, then appealed to the head of the department, whose decision would be final and conclusive. Id. However, the Court of Appeals specifically held that the dispute clause "applies only to the prime contractor and not to a subcontractor." Id.

In this case, the Sureties are relying on the CDA and a subcontract clause that incorporates the disputes provision of DMJV's prime contract with respect to the presentation of claims to the Contracting Officer under the CDA. Based upon the holdings in Central Steel, Miller-Stauch, and Navcom, this clause applies only to DMJV and not to Marelich or any other subcontractor and is therefore not a bar to Marelich's Miller Act claims.

**B. THE SURETIES HAVE NOT ALLEGED OR PROVEN THAT MARELICH'S CLAIMS ARE WITHIN THE SCOPE OF THOSE THAT WOULD BE STAYED PURSUANT TO THE SUBCONTRACT DISPUTE RESOLUTION PROCEDURE.**

The portion of the dispute provision in the Marelich Subcontract upon which the Sureties are attempting to rely provides as follows:

> <u>If the Owner and the Contractor</u>, pursuent [sic] to the General Contract or by agreement, <u>submit any dispute, controversy, or claim between them to arbitration or some other disputes resolution procedure specified in the General Contract and such a matter involves or relates to a dispute, controversy or claim between the Contractor and the Subcontractor</u>, Subcontractor agrees...(ii) to stay any action filed by Subcontractor until the dispute resolution and appeals process between the Contractor and the Owner is exhausted.  See Subcontract, Article 38(d) (underlining added).

By the express terms of the Subcontract, the Sureties would be required to show the following before any of Marelich's claims would be stayed: (1) that DMJV and the government **have** submitted a dispute, controversy or claim between them to a dispute resolution procedure, <u>and</u>, (2) that such matter involves or relates to the claims between Marelich and DMJV. The quoted clause clearly places the burden on DMJV (and implicitly its surety) to make this showing, presumably because only DMJV (and not its subcontractors) is in privity with the government and can therefore make the appropriate representation as to whether it **has**, as of this

date, submitted a dispute, controversy or claim to a dispute resolution procedure. Here, neither DMJV nor the Sureties have provided any evidence that would satisfy the requirements of this provision.

Significantly, DMJV and the Sureties do not allege or show that Marelich's claims **have been** submitted by DMJV to the government pursuant to the claims procedure set forth in DMJV's prime contract. In short, absent a showing by DMJV and its sureties that it has already submitted any Marelich issues that DMJV believes to be the government's responsibility to a dispute resolution procedure, the motion is—at the very least—premature. So because there is no evidence that Marelich's claims have been submitted to the government through the dispute procedure agreed to in the prime contract, they are not subject to a stay. See Navcom at 880-881.

At this point, there is no evidence (or even allegations) put forth by DMJV or the Sureties that Marelich's claims are related to government actions or have been submitted by DMJV to the government pursuant to the CDA. A literal reading of the clause contained in DMJV's subcontract form, and relied on by the sureties here, shows that a stay would only be appropriate, if ever, after the government and DMJV have already submitted disputes involving Marelich to a disputes resolution procedure. Although this may occur in the future, it has not yet occurred, and so the motion is, at best, premature. Therefore, a stay of Marelich's Miller Act claims against DMJV and the Sureties is unjustified, and the Sureties' motion should be denied.

C.  **A STAY OF PROCEEDINGS IS PREMATURE UNTIL DISCOVERY IS COMPLETED**

Without discovery, Marelich is unable to determine whether DMJV, by virtue of its actions or inactions with respect to presentation of claims to the GSA, has waived any of its rights to invoke the dispute resolution procedure of the Subcontract as a basis for its motion to stay. Discovery is needed in order to determine the extent of any non-GSA related issues and

whether DMJV is entitled to enforce the dispute resolution procedure against Marelich.[1] Any stay before these issues are resolved is premature.

## IV. MARELICH'S POSITION AS TO THE IMPACT OF THE ADJUDICATION OF WEBCOR'S CLAIMS

At this point, Marelich is not able to determine whether the adjudication of the claims advanced by Webcor in this lawsuit would have any impact or would otherwise affect Marelich's own claims. Marelich has limited information about the claims submitted by Webcor. Until additional information is received about Webcor's claims through discovery, Marelich can not determine whether or to what extent its own claims would be affected by the adjudication of Webcor's claim. Therefore, at this point, Marelich is unable to take a position on this issue.

---

[1] Marelich concedes that a different conclusion might be reached if the clause required only that the dispute be submitted at some point in the future. But that is not how DMJV drafted the clause contained in its standard subcontract agreement.

**BRIEF IN OPPOSITION TO MOTION TO STAY**            **CASE NO. 3:07-CV-02564-CRB**

    Dated this September 21, 2007

Marelich Mechanical Co., Inc.
24041 Amador Street
Hayward, CA 94544-1202
Telephone: (510) 785-5500
Facsimile: (510) 576-1004
Email: a.nejasmich@marelich.com

                                                             */s/ Ann M. Nejasmich*
                                               Ann M. Nejasmich, Esq.
                                               (SBN 077564)
                                             Attorney for Marelich Mechancial Co., Inc.

Of Counsel:
Seth Price, Esq. (GA BN 587841)
Gina M. Vitiello, Esq. (GA BN 628665)
Chamberlain Hrdlicka White Williams & Martin
191 Peachtree Street – 34th Floor
Atlanta, GA 30303
Telephone: (404) 659-1410
Facsimile:  (404) 659-1852
Email: seth.price@chamberlainlaw.com
Email: gina.vitiello@chamberlainlaw.com

Ann M. Nejasmich, Esq. (SBN 077564)
Marelich Mechanical Co., Inc.
24041 Amador Street
Hayward, CA 94544-1202
Telephone: (510) 785-5500
Facsimile: (510) 576-1004
Email: a.nejasmich@marelich.com

Seth Price, Esq. (GA BN 587841)
Gina M. Vitiello, Esq. (GA BN 628665)
Chamberlain Hrdlicka White Williams & Martin
191 Peachtree Street – 34th Floor
Atlanta, GA 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
Email: seth.price@chamberlainlaw.com
Email: gina.vitiello@chamberlainlaw.com
**Attorneys for Third Party Defendant
Marelich Mechanical Co., Inc.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiff,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:07-CV-02564-CRB<br><br>**PROOF OF SERVICE** |

## PROOF OF SERVICE

I am a resident of the State of Georgia, over the age of eighteen years, and not a party to the within action. My business address is Chamberlain Hrdlicka White Williams & Martin, 34th Floor, 191 Peachtree Street, Atlanta, GA 30303. On September 21, 2007, I served the within document, **BRIEF IN OPPOSITION TO MOTION TO STAY PROCEEDINGS** by sending the document listed above via electronic transmission (e-mail) or facsimile transmission, as noted, to the parties set forth below:

PROOF OF SERVICE - 1

|  |  |
|---|---|
| Richard T. Bowles<br>Kenneth G. Jones<br>Bowles & Verna LLP<br>2121 N. California Blvd., Suite 875<br>Walnut Creek, CA 94596<br>Telephone: (925) 935-3300<br>Facsimile: (925)935-0371<br>Email: rbowles@bowlesverna.com<br>Email: kjones@bowlesverna.com | Email to both attorneys |
| Raymond M. Buddie<br>Timothy E. Elliott<br>Rick W. Grady<br>Peckar & Abramson, P.C.<br>455 Market Street, 21st Floor<br>San Francisco, CA 94105<br>Telephone: (415) 837-1968<br>Facsimile: (415) 837-1320<br>Email: rbuddie@pecklaw.com<br>Email: telliott@pecklaw.com<br>Email: rgrady@pecklaw.com | Email to all attorneys |
| Patrick Hallinan<br>Kenneth Wine<br>Law Offices of Hallinan & Wine<br>345 Franklin Street<br>San Francisco, CA 94102<br>Telephone: (415) 621-2400<br>Facsimile: (415) 575-9930<br>Email: butchhallinan@hotmail.com<br>Email: kenwine@hotmail.com | Email to all attorneys |
| Steven L. Iriki<br>Otis Canli & Duckworth, LLP<br>180 Montgomery Street<br>Suite 1240<br>San Francisco, CA 94104<br>Telephone: (415) 362-4442<br>Facsimile: (415) 362-7332<br>Email: sli@ocdlaw.com | Email to attorney |

PROOF OF SERVICE - 2

Roger P. Heyman
James K.T. Hunter
Heyman Densmore LLP
21550 Oxnard Street, Suite 450
Woodland Hills, CA 91367
Telephone: (818) 703-9494                    Via Facsimile
Facsimile: (818) 7039495                     to both attorneys

Rosendin Electric, Inc.
880 North Mabury Road
San Jose, CA 95133
Attn: James N. Hawk
Telephone: (408) 286-2800                    Via Facsimile
Facsimile: (408) 793-5001

Boyett Door & Hardware Division
6 South Linden Avenue, #3
South San Francisco, CA 94080
Attn: John Khau
Telephone: (650) 873-7006
Facsimile (650) 873-7133                     Via Facsimile

Performance Contracting, Inc.
23485 Connecticut Street
Hayward, CA 94545
Attn: Craig Davis
Telephone: (510) 887-0995
Facsimile: (510) 264-4925                    Via Facsimile

   I declare that I am a member of the bar of Georgia, and am associated as counsel with a member of the bar of this court at whose direction the service was made.

   Executed on September 20, 2007, at Atlanta, Georgia.

                                             _____
                                             Gina M. Vitiello
                                             GA Bar No. 628665