RICHARD T. BOWLES (# 46234)
KENNETH G. JONES (# 196868)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: rbowles@bowlesverna.com
       kjones@bowlesverna.com

Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC.
dba WEBCOR BUILDERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiff,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture, DICK CORPORATION, THE MORGANTI GROUP, AMERICAN CASUALTY COMPANY OF READING, PA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive,<br><br>Defendant.<br><br>AND RELATED ACTIONS | CASE NO.: 3:07-CV-02564-CRB<br><br>WEBCOR'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO STAY PROCEEDINGS<br><br>Date: October 19, 2007<br>Time: 10:00 a.m.<br>Courtroom.: 8 (19th Floor)<br>Judge: Hon. Charles R. Breyer |

Plaintiff Webcor Construction, Inc. dba Webcor Builders ("Webcor") hereby submits this supplemental brief in opposition to the motion of American Casualty Company of Reading, PA and National Union Fire Insurance Company of Pittsburgh, PA (collectively "the Sureties") in response to the Court's request for additional briefing.

//
//

1
WEBCOR'S SUPPLEMENTAL BRIEF IN OPPOSITION    Case No. 3:07-CV-02564-CRB
TO MOTION TO STAY PROCEEDINGS

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875

## I. INTRODUCTION

Webcor's claims, and the claims of the third-party defendants herein, should not be stayed but, rather, should be allowed to proceed to adjudication in this Court. Dick Morganti Joint Venture ("DMJV") and the Sureties have a sought a stay of these proceedings for no other purpose but to further avoid and delay making payment to Webcor and these third-party defendants, among other subcontractors who worked on the San Francisco Federal Building Project (the "Project").

A consistent, common thread running through each of the third-party defendants' briefs is the existence of significant claims arising out of DMJV's failure to manage the Project, its consistent failure to pay amounts outstanding, and its consistent refusal and/or failure to acknowledge whether subcontractor claims have or have not been passed up to the GSA as it is contractually required to do. Like the third-party defendants herein, Webcor has heard much talk and seen very little action – except when it suits DMJV's immediate interests – in relation to DMJV's contractual obligations to pass through Webcor's claims related to the Project to the Owner, the General Services Administration ("GSA").

## II. LEGAL ARGUMENT

### A. WEBCOR JOINS IN THE BRIEFS OF THIRD-PARTY DEFENDANTS IN OPPOSITION TO THE SURETIES' MOTION TO STAY

Webcor concurs with, and expressly joins in, the briefs filed by third-party defendants Marelich Mechanical, Performance Contracting Group, Permasteelisa Group USA, and Rosendin Electric (collectively the "Third-Party Defendants") in opposition to the Sureties' Motion to Stay Proceedings. For the sake of brevity, and to forego the Court having to review a recitation of those well-plead briefs, Webcor instead refers the Court to the authorities and reasoning cited therein.

### B. THIS COURT HAS PROPER JURISDICTION OVER WEBCOR'S CLAIMS

This Court has proper jurisdiction over Webcor's claims and these claims should be adjudicated in this forum. The fact that DMJV has conveniently chosen to submit a single component of Webcor's claim to the Contract Disputes Act ("CDA") process **after** Webcor filed suit for DMJV's very refusal to do just that does not rob this Court of jurisdiction. Indeed, "the fact that a prime contractor has a claim for the same amounts pending under the 'disputes clause' of the prime contract, does not affect Miller

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875

WEBCOR'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO MOTION TO STAY PROCEEDINGS

2

Case No. 3:07-CV-02564-CRB

Act cases." Fanderlik-Locke Co. v. United States for Use of Morgan, 285 F.2d 939, 942 (10th Cir. 1960), cert. denied, 365 U.S. 860. Moreover, whether DMJV and the Sureties can even enforce the disputes resolution provision is a factual question as a result of Webcor's claim that DMJV waived that provision by breaching its obligation to pass through and diligently prosecute Webcor's claims.

### 1. It Is Undisputed That $1.4 Million Of Webcor's Claim Has Never Been Passed Through To GSA by DMJV.

The first component of Webcor's total claim consists of change orders ("COR") 61 through 65, which total approximately $1.4 million. CORs 61 through 65 were first submitted to DMJV for submission to the GSA in October 2005. Despite repeated demands by Webcor, DMJV has consistently refused to pass these claims through to the GSA. In fact, DMJV, on multiple occasions, has informed Webcor's representatives that it is DMJV's position that Webcor's CORs 61 through 65 are not the GSA's responsibility, do not involve the GSA, will not be a part of the formal government claims process and that DMJV will not pass CORs 61 to 65 through to the GSA. (*See Harrington Decl., at ¶8 attached to Webcor's Brief in Opposition to Motion to Stay*).

The Sureties, and DMJV, do not dispute that CORS 61-65 have not been passed up. Thus, as there is no dispute that DMJV has not passed up Webcor's CORs 61-65, and there is no dispute that Webcor, as a subcontractor, is without the ability to access the CDA process directly, CORs 61-65 are properly before this Court and should proceed to adjudication.

### 2. $5.2 Million of Webcor's Claim Was Only Submitted to the GSA After Webcor Filed Suit.

The second component of Webcor's total claim consists of COR 60, which totals a little more than $5.2 million dollars. This COR relates to significant time and cost impacts to Webcor's performance resulting from, among other things, deficient project plans and specifications, changes in the scope of Webcor's work and accessibility issues on the Project. Webcor first submitted that claim to DMJV in late July 2005 and demanded that DMJV to forward the claim immediately to the GSA. After the GSA's contracting officer rejected COR 60 after a fifteen (15) month informal review, Webcor demanded that DMJV seek a final decision in order to trigger the CDA process. DMJV refused to seek such a decision.

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875

3

WEBCOR'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO MOTION TO STAY PROCEEDINGS

Case No. 3:07-CV-02564-CRB

Faced with a statute of limitations deadline on its Miller Act claims, and stonewalled by DMJV's consistent refusal to initiate the claims process, Webcor filed suit in May 2007. <u>Only after Webcor instituted this lawsuit to recover monies due and owing to it did DMJV pass up Webcor's COR 60 to the GSA's contracting officer.</u> In fact, DMJV utilized the same certification that Webcor executed in April 2007 which DMJV had previously used as an excuse to refuse passing up the claim.

This Court has proper jurisdiction over this component of Webcor's total claim. To begin, Webcor has asserted that DMJV has breached its contractual obligations to Webcor to pass through Webcor's claims to the GSA. DMJV's obligation to pass such claims through is clearly stated in the subcontract (Ninth Article). Furthermore, the dispute resolution provision in Webcor's subcontract which the Sureties rely on is subject to a significant caveat. Webcor agreed to stay an action only on the condition that Webcor's claim/position was being diligently pursued by Contractor in the Owner dispute and the Subcontractor's positions are being carried forward through the Contractor's prosecution of the claims with the Owner. DMJV's failure to diligently pursue and prosecute Webcor's claims, and its failure to pass through Webcor's claims, is what has brought about this lawsuit. DMJV cannot now seek the protection of the very same contract provisions it previously refused to honor. Simply put, there are triable issues of fact regarding whether DMJV has breached Webcor's contract in failing to timely pass up Webcor's claims. These disputes of fact have nothing to do with the GSA or the GSA claims process and should be adjudicated in this Court at this time.

//
//
//
//
//
//
//
//
//
//

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875

4
WEBCOR'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO MOTION TO STAY PROCEEDINGS

Case No. 3:07-CV-02564-CRB

### III. CONCLUSION

For all of the foregoing reasons, Webcor requests that the Sureties' Motion to Stay Proceedings be denied in its entirety and these claims be allowed to proceed. In the alternative, should the Court be inclined to grant any stay of proceedings, Webcor requests that those claims for CORs 61 through 65, which it is undisputed have not been passed through to the GSA, be allowed to proceed before this Court.

Dated: October 5, 2007                                   BOWLES & VERNA LLP

                                                         By: _____
                                                         RICHARD T. BOWLES
                                                         KENNETH G. JONES
                                                         Attorneys for Plaintiff
                                                         WEBCOR CONSTRUCTION, INC.
                                                         dba WEBCOR BUILDERS

Bowles & Verna LLP
2121 N. California Blvd.
Suite 875

5

WEBCOR'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO MOTION TO STAY PROCEEDINGS

Case No. 3:07-CV-02564-CRB