RICHARD T. BOWLES (# 46234)
KENNETH G. JONES (# 196868)
WILLIAM T. NAGLE (# 180162)
MICHAEL P. CONNOLLY (# 238478)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: rbowles@bowlesverna.com
       kjones@bowlesverna.com
       mconnolly@bowlesverna.com

Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC. dba
WEBCOR BUILDERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED THIRD-PARTY ACTIONS AND CROSS-ACTIONS | CASE NO.: 3:07-CV-02564-CRB<br><br>**WEBCOR CONSTRUCTION'S STATUS UPDATE RE: STAY OF PROCEEDINGS**<br><br>Date: December 19, 2007<br>Time: 3:00 p.m.<br>Dept.: Courtroom 8<br>Judge: Hon. Charles R. Breyer |

I. **INTRODUCTION**

Webcor Construction, Inc. dba Webcor Builders ("Webcor") hereby requests that this Court lift the Stay Order entered on October 19, 2007 in light of the failure of Dick Morganti Joint Venture ("D/M") to satisfactorily comply with the Court's order to file its global claim in relation to the San

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

1

WEBCOR CONSTRUCTION'S STATUS UPDATE RE:   Case No. 3:07-CV-02564-CRB
STAY OF PROCEEDINGS

Francisco Federal Building Project (hereinafter "Global Claim") by November 30, 2007, or to expressly request an extension of time.

Moreover, the stay should be lifted as to several of Webcor's claims as it is clear from a review of the Global Claim that such claim does not include Webcor's claims for Change Orders ("COR") 61 through 65. Thus, as these claims are "unrelated" to the Global Claim and the dispute with the General Services Administration ("GSA") they must be allowed to proceed in the present forum.

## II.    STATEMENT OF FACTS

On October 19, 2007, there was a status conference and hearing held on the motion to stay filed by D/M and its sureties, American Casualty Co. and National Union Fire Ins. (collectively, "the Sureties"). The Court thereafter ordered the case, and all related proceedings, stayed upon the condition that D/M's Global Claim be filed with the GSA contracting officer on or before November 30, 2007. A further status conference is set for December 19, 2007 to address whether the stay should be lifted because the claims submitted in the Global Claim do not involve or relate to claims filed by the subcontractor parties. Counsel for Webcor received a copy of D/M's Global Claim on December 10, 2007. (Declaration of Kenneth G. Jones ("Jones Decl.") at ¶ 2).

## III.   DISCUSSION

The conditional stay imposed by the Court on October 19, 2007 should be lifted by reason of D/M's failure to submit a sufficient claim in accordance with this Court's order and the failure of D/M's and the Sureties' failure to request an extension of the stay. In addition, the stay should be lifted as to all of Webcor's claims as D/M continues to breach its obligation to pursue Webcor's rights in regard to COR 60 and, further, D/M's Global Claim admittedly omits Webcor's claims for CORs 61 through 65.

### A.    Global Claim Is Legally Insufficient To Begin Contract Claims Process.

D/M's Global Claim fails to satisfy the legal definition of a "claim" for purposes of initiating the claims dispute process under the Contract Disputes Act ("CDA") by its failure to include any statement of damages and a valid certification. Simply put, the "Global Claim" submitted to the GSA on or about November 30, 2007 is not a "claim" upon which the Contracting Officer can render a decision. Since D/M has failed to comply with this Court's order to submit its claim, the stay of proceedings must be

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

WEBCOR CONSTRUCTION'S STATUS UPDATE RE:
STAY OF PROCEEDINGS

2

Case No. 3:07-CV-02564-CRB

lifted and the claims of Webcor and additional subcontractor parties should be allowed to proceed in this forum as they are not before the GSA Contracting Officer.

The CDA process is decidedly Byzantine, as this Court has acknowledged, but the meaning of the term "claim" is not. 48 U.S.C. § 605(a) provides that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 48 C.F.R. 52.233-1(c) defines "claim" for the purposes of the CDA as follows:

> (c) Claim, as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the **payment of money in a sum certain**, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract.

(Emphasis added). *See also* Reflectone v. Dalton, 60 F.3d 1572, 1576 (Fed. Cir. 1995) [holding that the FAR requirement that a "claim" be a written demand seeking a sum certain (or other contract relief) as a matter of right, but not necessarily in dispute, is consistent with the ordinary meaning of the term "claim"].

In addition, all claims in excess of $100,000 must be certified by a duly authorized representative that the claim is in good faith. *See* 48 C.F.R. 33.207(a), (c) and (d); 48 C.F.R. 52.331-1(d)(2)(i). The certification requirement is not to be taken lightly. 48 C.F.R. 52.233-1(c) expressly provides that "a written demand or written assertion by the Contractor seeking the payment of money exceeding $100,000 **is not a claim under the Act until certified as required by subparagraph (d)(2)**." (Emphasis added). FAR 52.233-1 (codified as 48 C.F.R. 52-233-1) is expressly included in the prime contract between D/M and the GSA, which is incorporated into all of the subcontracts.[1]

D/M necessarily understood the conditional terms that the Court was placing on the stay and the requirement that a claim be filed. D/M instead chose to ignore that order. Indeed, the Court and Mr. Hallinan on behalf of the Sureties, who are aligned with D/M, had a very direct colloquy on this issue, as follows:

> **The Court:** Are you giving me, careful in your response because I'm going to hold you to it, are you saying to me ... you're saying that your client is going to take the position that they're not going to give the contracting officer additional time,

---

[1] Indeed, FAR 52.233-1, and the requirement that claims be certified, was directly referenced by D/M's Assistant General Counsel, Michael T. Ambroso, in his Declaration in Support of Reply to Opposition to Motion to Stay Proceedings.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

WEBCOR CONSTRUCTION'S STATUS UPDATE RE:
STAY OF PROCEEDINGS

3

Case No. 3:07-CV-02564-CRB

they're going to demand that there be a response within 90 days of some particular day?

**Mr. Hallinan:** What I'm saying, we will push every button we can to get a hearing. (Transcript of Proceedings, October 19, 2007, at 13:7-24, attached as Exhibit A to Jones Decl. at ¶ 3). Mr. Hallinan, the Sureties and D/M all know that the **only** way a contractor can demand a response and refuse additional time is if a proper claim has been submitted. Without a proper claim, the contracting officer has no time limit and no obligation to render a decision. The clock is not running. Put bluntly, D/M has failed to push the "START" button.

D/M is a sophisticated contractor with significant experience in Federal construction projects. It knows the requirements of a "claim." The Global Claim, if it can even be called a "claim," fails to satisfy the basic, but fundamental, claim requirements necessary to proceed in the CDA process. The Global Claim does not identify any damages. Furthermore, the certification provided by D/M is likely invalid as it confirms the failure of D/M to seek a sum certain as part of its claim and instead characterizes D/M's claim amount as "to be requested." (Exhibit B attached to Jones Decl. at ¶ 4). **Thus, no "claim" for the purposes of the CDA process has actually been submitted.** The document is of no legal consequence to the GSA.

    **B.**    **D/M and The Sureties Failed to Request an Extension.**

The October 19, 2007 Stay Order was conditioned on the filing of the Global Claim and stated that it would "automatically dissolve" if the Global Claim was not filed by November 30, 2007 or the Court had otherwise granted an extension. In addition to the legal fact that D/M has not actually filed a "claim" for the purposes of the CDA, D/M has not expressly requested an extension of time from the Court. The stay must be lifted and Webcor allowed to proceed.

    **C.**    **Global Claim Does Not Relate to Webcor's Claims for Cor 61 Through 65.**

In addition to D/M's failure to satisfy the fundamental claim requirements required by the CDA process, and expressly included in D/M's contract, the Global Claim omits any subcontractor claims. More importantly, the Global Claim does not include any of Webcor's claims for COR 61 through 65. There is no question of "relatedness" as they are not even a component of the so-called claim. The stay thus must be lifted to allow Webcor to proceed with its claims on COR 61 through 65 as against D/M.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

4

WEBCOR CONSTRUCTION'S STATUS UPDATE RE:
STAY OF PROCEEDINGS

Case No. 3:07-CV-02564-CRB

Section E of the claim narrative, titled "Subcontractor Claims," does reference Webcor's claims. However, without providing any facts, identification, discussion, analysis or reference, D/M simply states that "Webcor has also submitted other claims to D/M on this Project which D/M will soon be forwarding to the GSA, since those additional Webcor claims arise out of the GSA's actions and are the responsibility of the GSA." The statement is factually vague at best.

What is disheartening is that D/M has possessed Webcor's claims for COR 61 through 65 since October 2005. If D/M truly believed that these claims were the GSA's responsibility there is simply no excuse for their omission and it is yet further evidence that D/M continues to breach its contractual obligation to diligently pursue Webcor's claims with the GSA.

As to claims for COR 63, 64 and 65, D/M has acknowledged that they either do not involve the GSA or should not be a part of the CDA process. Thus, these claims must be allowed to proceed and the stay must be lifted. In a December 12, 2007 letter, D/M informed Webcor that D/M desired to submit COR 63 and 64 to binding arbitration as the most efficient and effective means to resolve the dispute. (Exhibit C attached to Jones Decl. at ¶ 5). D/M did not state that the arbitration or dispute would involve GSA. As to COR 65, D/M expressly states its belief that the claim does not involve GSA.[2] Thus, as to COR 63, 64, and 65, as the claims are omitted from, and by D/M's admissions unrelated to, the Global Claim, the stay should be lifted to allow Webcor to proceed with litigation.

As to claims COR 61 and COR 62, D/M's assistant general counsel, Michael Ambroso, requested in a December 11, 2007 letter that Webcor certify COR 61 and 62 for submission to the GSA. (Exhibit E attached to Jones Decl. at ¶ 7). These claims pertain to delay to the start of Webcor's work and delay due to adverse weather. D/M has not provided any information to Webcor as to why it believes these claims involve the GSA, and Webcor believes they are D/M's responsibility. Webcor will not provide any certification for these claims without further information from D/M. In the interim, the stay should be lifted.

---

[2] D/M's new position as to Webcor's COR 63, 64 and 65 is particularly outrageous as, when it suited D/M's interests to obtain the initial stay of proceedings, D/M previously advised the Court that it had passed Webcor's CORs through to the GSA. Now, after the stay has been implemented, D/M confirms what Webcor has known all along – Webcor's claims have not been passed through to the GSA and D/M has no intent in doing so. This is the very breach of D/M's contractual obligation to diligently pursue Webcor's claims that Webcor continues to assert. (Exhibit D attached to Jones Decl. at ¶ 6).

5

WEBCOR CONSTRUCTION'S STATUS UPDATE RE:
STAY OF PROCEEDINGS

Case No. 3:07-CV-02564-CRB

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

## IV. CONCLUSION

For all of the foregoing reasons, the Stay Order implemented by this Court on October 19, 2007 should be lifted and Webcor should be allowed to proceed on its remaining claims not before the GSA.

Dated: December 17, 2007

BOWLES & VERNA LLP

By: _____
KENNETH G. JONES
MICHAEL P. CONNOLLY
Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC. dba
WEBCOR BUILDERS

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

6

WEBCOR CONSTRUCTION'S STATUS UPDATE RE:
STAY OF PROCEEDINGS

Case No. 3:07-CV-02564-CRB