RAYMOND M. BUDDIE    (SBN 121353)
RICK W. GRADY        (SBN 235976)
PECKAR & ABRAMSON, P.C.
455 Market Street, 21st Floor
San Francisco, California 94105
Telephone: (415) 837-1968
Facsimile:  (415) 837-1320
Email: rbuddie@pecklaw.com
       rgrady@pecklaw.com

PATRICK HALLINAN     (SBN 33838 )
KENNETH WINE         (SBN 142385)
LAW OFFICES OF HALLINAN & WINE
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 621-2400
Facsimile:  (415) 575-9930
Email: butchhallinan@hotmail.com
       kenwine@hotmail.com

Attorneys for Defendants, Counter-Claimants and Third Party Complainants, AMERICAN CASUALTY COMPANY OF READING, PA; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:07-CV-02564-CRB<br>Consolidated with Case No.: 3:07-CV-07-04180 EDL<br><br>**DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF STATUS BRIEF OF AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA RE: DICK/MORGANTI'S GLOBAL CLAIM** |

1

LAW OFFICES
Peckar & Abramson
A Professional Corporation

DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF STATUS BRIEF OF AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA RE: DICK/MORGANTI'S GLOBAL CLAIM

Case No.: 3:07-CV-02564-CRB
Consolidated with Case No.: 3:07-CV-07-04180 EDL

AND ALL RELATED COUNTER-CLAIMS
AND THIRD-PARTY COMPLAINTS.

I, Michael T. Ambroso, declare as follows:

1. Unless otherwise indicated herein, the facts set forth below are personally known to me, and if called upon, I am willing and able to testify in support of these facts.

2. I am the Assistant General Counsel and Assistant Secretary for Defendant Dick Corporation. Dick Corporation is the managing partner of Defendant Dick/Morganti, a Joint Venture formed between Defendants Dick Corporation and Morganti Texas, Inc. Dick/Morganti's sureties for the construction project, which is the subject matter of this lawsuit, are Defendants and Third Party Complainants, American Casualty Company of Reading, PA ("American"), and National Union Fire Insurance Company of Pittsburgh, PA ("National").

3. On behalf of Dick/Morganti, I have been involved in the San Francisco Federal Building Project (the "Project") since 2003. I have detailed knowledge of the Project and the events that give rise to this action, as well as detailed knowledge of Dick/Morganti's submission of claims to the owner of the Project, the General Services Administration of the United States Government ("GSA" or "Owner").

### CURRENT STATUS OF GLOBAL (OMNIBUS) CLAIM

4. Dick/Morganti submitted its Claim for Equitable Adjustment to the GSA's Contracting Officer on November 30, 2007. A true and correct copy of Dick/Morganti's cover letter and certification are attached hereto as **Exhibit A**.

5. Dick/Morganti's Claim for Equitable Adjustment, or Global Claim, sets forth the factual and contractual entitlement arguments for Dick/Morganti and its subcontractors' damages against the GSA, and is contained in five lengthy volumes, including a 116 page entitlement argument narrative.

6. Dick/Morganti reserved the right to supplement its Global Claim with additional damages because, among other reasons, Dick/Morganti is still awaiting final damages from some of its subcontractors and Dick/Morganti is still working to finalize its own damages to

2

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF STATUS
BRIEF OF AMERICAN CASUALTY COMPANY OF READING, PA AND
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
RE: DICK/MORGANTI'S GLOBAL CLAIM

Case No.: 3:07-CV-02564-CRB
Consolidated with Case No.:
3:07-CV-07-04180 EDL

submit to the GSA. Dick/Morganti continues to receive change orders which are still being issued by the GSA to Dick/Morganti. The Contracting Officer has requested that Dick/Morganti provide a total claim damage figure, however, Dick/Morganti has already sent the GSA certified damages that it has received from some of the subcontractors. Bay Area Reinforcing's claim for $2,406,112 and Boyett Door & Hardware's claim for $719,219 were both submitted to the GSA on December 11, 2007.

7. The Global Claim encompasses claim issues which have already been submitted to the Contracting Officer, including for example, Webcor's COR 60 in the amount of $4,671,740, which was submitted on June 13, 2007, and Dick/Morganti's claim for the work known as the support steel for flat-lock panels (F through L lines), which is related to PCI's claim.

## SUBCONTRACTOR CLAIMS

## WEBCOR'S CLAIMS

8. Webcor has six (6) outstanding COR's on the Project (COR's 60 to 65), which total $6,152,017. Dick/Morganti submitted Webcor's certified COR 60 on June 13, 2007 in the amount of $4,671,740 and requested a Final Decision by the Contracting Officer.

9. On October 11, 2007, the GSA informed Dick/Morganti that it would need additional time for issuing a Final Decision on this claim. On or about October 25, 2007, the Contracting Officer requested more information to support Webcor's COR 60, and Dick/Morganti forwarded this request to Webcor on October 31, 2007. A true and correct copy of Dick/Morganti's letter transmitting the GSA's request is attached as **Exhibit B**

10. Webcor responded to Dick/Morganti's October 31, 2007 letter in a letter dated November 21, 2007, in which Webcor objected to the GSA's request for additional information. A true and correct copy of Webcor's November 21, 2007 letter is attached as **Exhibit C**.

11. Dick/Morganti had received a follow up letter from the GSA on November 16, 2007 regarding its request for more information from Webcor, given Webcor's failure to provide more information, and Dick/Morganti forwarded this letter, another copy of the GSA's

3

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF STATUS BRIEF OF AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA RE: DICK/MORGANTI'S GLOBAL CLAIM

Case No.: 3:07-CV-02564-CRB
Consolidated with Case No.:
3:07-CV-07-04180 EDL

October 11, 2007 request, and responded to Webcor's letter on December 4, 2007. A true and correct copy of Dick/Morganti's December 4, 2007 letter is attached hereto as **Exhibit D**.

12. Webcor responded in a letter dated December 6, 2007, in which Webcor states, among other things, that, assuming Dick/Morganti provides Webcor with its requested information, Webcor "...should be able to provide you with the additional information, if any, we intend to provide to the GSA, by no later than January 11, 2007." A true and correct copy of Webcor's December 6, 2007 letter is attached as **Exhibit E**.

13. Dick/Morganti has determined that Webcor's COR's 61 and 62 are related to the GSA's acts, errors, and/or omissions, and, in a letter dated December 11, 2007, Dick/Morganti informed Webcor of its intent to certify and submit those Webcor claims to the GSA as a supplement to the Global Claim, upon receipt of Webcor's certification. A true and correct copy of Dick/Morganti's request for Webcor's certification of these COR's is attached hereto as **Exhibit F**.

14. Dick/Morganti has analyzed Webcor's COR's 63 and 64 and determined that these COR's cannot be certified by Dick/Morganti and submitted to the GSA. Dick/Morganti has requested that Webcor and Dick/Morganti submit their disputes over COR's 63 and 64 to binding arbitration. A true and correct copy of Dick/Morganti's December 12, 2007 letter setting forth Dick/Morganti's position as to Webcor's COR's, including its proposal for arbitration, is attached as **Exhibit G**.

15. Dick/Morganti's position as to Webcor's COR 65, in the amount of $136,961 for a fire at the Project, is that the fire is not a "force majeure event," as Webcor has tried to classify it, and requested that Webcor reconsider its position and pursue the matter with its insurance carrier. Dick/Morganti's position regarding COR 65 is set forth in its December 12, 2007 letter at Exhibit G.

16. In summary, Webcor's COR's 60 to 62, totaling $5,175,121.27, should be stayed pursuant to Article 38 of the Webcor subcontract because these claims are related to the GSA's acts, errors, and omissions and because they are encompassed by Dick/Morganti's Global Claim. Dick/Morganti will submit its disputes over COR's 63 and 64 to binding arbitration.

4

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF STATUS BRIEF OF AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA RE: DICK/MORGANTI'S GLOBAL CLAIM

Case No.: 3:07-CV-02564-CRB
Consolidated with Case No.:
3:07-CV-07-04180 EDL

1  Dick/Morganti rejects COR 65 in its entirety because Dick/Morganti is informed and believes
2  that the fire arises solely from Webcor's negligence.
3  ///
4  ///
5  ///

### PCI'S CLAIMS

17. PCI submitted its claim and certification to Dick/Morganti on June 29, 2007, and the claim totals $7,612,332.

18. Since the October 19, 2007 Hearing on the Sureties' Motion to Stay, Dick/Morganti has tried to work with PCI and its counsel so that PCI's claim can be passed on to the GSA.

19. PCI's counsel sent Mssrs. Hallinan and Buddie a letter on October 25, 2007 stating PCI's belief that PCI's certification was proper, and I responded to PCI's counsel in a letter dated November 12, 2007. PCI's October 25, 2007 letter is attached as **Exhibit H**, and my November 12, 2007 letter is attached as **Exhibit I**.

20. In my November 12, 2007 letter, I reiterated Dick/Morganti's objections to PCI's certification and requested PCI's cost report so that Dick/Morganti could further analyze PCI's claim.

21. PCI's counsel responded on November 21, 2007, stating that "PCI calls upon Dick/Morganti to submit its claim as is to the GSA." A true and correct copy of PCI's November 21, 2007 letter is attached hereto as **Exhibit J**. Whereas this letter states that "PCI's subcontract balance [is] approximately $2,969,727," PCI's claim summary identifies this balance as $3,005,018. Dick/Morganti believes there may be other discrepancies in PCI's data, as well as discrepancies between Dick/Morganti's data and PCI's data that must be resolved before PCI's claim can be certified by Dick/Morganti and submitted to the GSA.

22. There are also issues to be resolved between Dick/Morganti's entitlement arguments set forth in the November 30, 2007 Global Claim and PCI's entitlement arguments, with regard to the GSA's actions on the Project. In an effort to resolve these issues, one of

LAW OFFICES
Peckar & Abramson
A Professional Corporation

DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF STATUS BRIEF OF AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA RE: DICK/MORGANTI'S GLOBAL CLAIM

Case No.: 3:07-CV-02564-CRB
Consolidated with Case No.: 3:07-CV-07-04180 EDL

Dick/Morganti's attorneys, Joel Heusinger, contacted PCI's attorney Steve Iriki prior to Dick/Morganti's submission of its Global Claim on November 30, 2007 so that PCI and Dick/Morganti could work to harmonize PCI's claim with Dick/Morganti's.

23. Mr. Iriki has not responded to Dick/Morganti's requests that PCI identify its damages caused by the entitlement issues against the GSA set forth in Dick/Morganti's November 30, 2007 Global Claim. This identification of GSA caused damages is required so that Dick/Morganti can certify and submit PCI's claim to the GSA.

24. Dick/Morganti informed PCI again that it believes that the vast majority of PCI's claimed delays, impacts and costs are related to GSA-caused events and formally requested that PCI provide its damages allocation to those GSA caused events. Additionally, Dick/Morganti offered a meeting between Dick/Morganti and PCI, including each others claims consultants to discuss the GSA claims and PCI's allocation of its damages to those claims. Attached hereto as **Exhibit K** is a true and correct copy of my December 18, 2007 letter to PCI's counsel.

25. Attached hereto as **Exhibit L** is a true and correct copy of Article 38 to the Dick/Morganti – PCI subcontract.

## OTHER SUBCONTRACTORS

26. Dick/Morganti submitted to the GSA the certified claims of Bay Area Reinforcing and Third Party Defendant Boyett Door & Hardware on December 11, 2007 to supplement the Global Claim. The amounts of those submitted claims are $2,406,112 and $719,219, respectively.

27. Dick/Morganti and Third Party Defendant Marelich have been negotiating the final terms of a joint prosecution agreement, and Dick/Morganti anticipates finalizing this agreement and dismissing Marelich by early January 2008, if not before.

28. Third Party Defendant Rosendin has certified its unresolved COR's for submission to the GSA, and Dick/Morganti is attempting to work with Rosendin to finalize its remaining claim for certification and submission as a supplement to the Global Claim.

6

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF STATUS BRIEF OF AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA RE: DICK/MORGANTI'S GLOBAL CLAIM

Case No.: 3:07-CV-02564-CRB
Consolidated with Case No.: 3:07-CV-07-04180 EDL

29. Third Party Defendant Permasteelisa has not yet submitted a certified claim, but Dick/Morganti anticipates working with Permasteelisa and its claim consultants to finalize the claim for supplementing the Global Claim.

30. Another subcontractor, T&M Manufacturing, has signed a joint prosecution agreement with Dick/Morganti, and is working with Dick/Morganti to finalize its claim to be submitted as a supplement to the Global Claim.

31. Three of Dick/Morganti's other smaller subcontractors have filed actions in this Court: (1) Berger Brothers (Case No. C-07-05108-JSW); (2) Eggli Landscaping (Case No. C-07-05699-CRB); and (3) Concrete Polishing Technologies, Inc. (Case No. C-07-06129-EMC). Dick/Morganti and Berger Brothers have reached a settlement agreement in principal and are finalizing the terms of the formal written agreement. Dick/Morganti has also reached a settlement with Eggli Landscaping and a formal written agreement is being finalized. Concrete Polishing Technologies, Inc. filed its action on December 4, 2007 and counsel for Dick/Morganti agreed to accept service of the summons and complaint on December 10, 2007. Dick/Morganti is analyzing this complaint and anticipates negotiating a potential settlement in early January 2008.

Executed this 18th day of December, 2007 at Pittsburgh, Pennsylvania.

Michael T. Ambroso

LAW OFFICES
Peckar & Abramson
A Professional Corporation

DECLARATION OF MICHAEL T. AMBROSO IN SUPPORT OF STATUS BRIEF OF AMERICAN CASUALTY COMPANY OF READING, PA AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA RE: DICK/MORGANTI'S GLOBAL CLAIM

Case No.: 3:07-CV-02564-CRB
Consolidated with Case No.: 3:07-CV-07-04180 EDL

7