RAYMOND M. BUDDIE    (SBN 121353)
RICK W. GRADY        (SBN 235976)
PECKAR & ABRAMSON, P.C.
455 Market Street, 21st Floor
San Francisco, CA 94105
Telephone: (415) 837-1968
Facsimile: (415) 837-1320
Email: rbuddie@pecklaw.com
       rgrady@pecklaw.com

PATRICK S. HALLINAN   (SBN 33838)
KENNETH H. WINE       (SBN 142385)
HALLINAN & WINE
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 621-2400
Facsimile: (415) 575-9930

Attorneys for AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; DICK CORPORATION; THE MORGANTI GROUP; and DICK/MORGANTI

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>           Plaintiffs,<br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive,<br><br>           Defendants.<br><br>AND ALL RELATED COUNTER-CLAIMS; THIRD PARTY COMPLAINTS; and CONSOLIDATED ACTION. | Case No.: 3:07-CV-02564-CRB<br><br>**NOTICE OF MOTIONS; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]**<br><br>Hearing Date: February 22, 2008<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom 8, 19th Floor<br>Judge:       Hon. Charles R. Breyer |

LAW OFFICES
Peckar & Abramson
A Professional Corporation

1

NOTICE OF MOTIONS; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]

Case No.: 3:07-CV-02564-CRB

#51110.01.1/18/08

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 22, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 8 of the above-entitled Court, Defendants DICK CORPORATION, THE MORGANTI GROUP, and DICK/MORGANTI ("D/M"); and Defendants and Third Party Complainants, AMERICAN CASUALTY COMPANY OF READING, PA, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("Sureties") will, and do hereby, move this Court for an Order pursuant to F.R.C.P. 12(b)(6) to Dismiss for Failure to State a Claim, and an Order pursuant to F.R.C.P. 12(e) for a More Definite Statement.

This Motion is based on the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, any further moving papers submitted regarding these Motions, and oral arguments presented at the hearing.

Dated: January 18, 2008                                PECKAR & ABRAMSON, P.C.


By:      /s/ Rick W. Grady
RAYMOND M. BUDDIE
RICK W. GRADY
Attorneys for Defendants
DICK/MORGANTI; DICK
CORPORATION; THE MORGANTI
GROUP, INC.; AMERICAN CASUALTY
COMPANY OF READING, PA; and
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

2

LAW OFFICES
Peckar & Abramson
A Professional Corporation

NOTICE OF MOTIONS; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]

Case No.: 3:07-CV-02564-CRB

#51110.01.1/18/08

1    Defendants DICK CORPORATION, THE MORGANTI GROUP, INC., and DICK/MORGANTI ("D/M"); and Defendants and Third Party Complainants AMERICAN CASUALTY COMPANY OF READING, PA and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("Sureties") submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss for Failure to State a Claim (F.R.C.P. 12(b)(6)) and Motion for a More Definite Statement (F.R.C.P. 12(e)).  When referred to collectively herein, D/M and the Sureties are the "Defendants."

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     SUMMARY AND PROCEDURAL BACKGROUND**

Plaintiff WEBCOR CONSTRUCTION, INC. ("Plaintiff" or "Webcor") commenced this action on May 15, 2007 by filing a complaint with three causes of action: (1) Breach of Contract (against D/M); (2) Enforcement of Miller Act Payment Bond (against D/M and the Sureties); and (3) Quantum Meruit (against D/M and the Sureties) ("Complaint").  (A courtesy copy of the Complaint is attached hereto as Exhibit A.)

As alleged in the Complaint, this case arises from the construction of the new San Francisco Federal Building located at the corner of 7th and Mission Streets in San Francisco ("Project").  The owner of the Project is the U.S. Government Services Administration ("GSA"), and D/M was the general contractor.  D/M entered into various subcontracts for the Project, including an agreement with Webcor for the provision of concrete and formwork.  The Sureties provided D/M a payment bond for the Project in the amount of $137,426,918, which was approximately the original price of the general contract.

Defendants bring these Motions because the Sureties are not proper parties with respect to Webcor's Complaint, as Webcor failed to properly plead a cause of action for rights under the Miller Act.  Additionally, because of the vague and contradictory nature of Webcor's Complaint – especially in light of Webcor's most recent pleading filed and the Court's partial dissolution of the Stay Orders that were issued on October 19, 2007 and October 30, 2007 – Defendants seek a more definite statement regarding Webcor's alleged damages.  If granted, these Motions will eliminate the Sureties as Defendants against Webcor's Complaint and properly define the

LAW OFFICES
Peckar & Abramson
A Professional Corporation

3

NOTICE OF MOTIONS; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]

Case No.: 3:07-CV-02564-CRB

#51110.01.1/18/08

issues that will be litigated by D/M and Webcor while the Stay remains in place as to Webcor's other claims, which are being prosecuted through D/M against the GSA.

Due to stipulated extensions and the Court's Stay Orders, only the Sureties have filed an Answer, which includes an affirmative defense based on the statute of limitations in 40 U.S.C. 3131 et seq., i.e., the Miller Act. Along with the Answer, the Sureties filed a counterclaim for declaratory relief against Webcor based on its refusal to stay its action, as well as a Motion to Stay on July 20, 2007. Similar to its counterclaim against Webcor, the Sureties filed a Third Party Complaint for Declaratory Relief against other subcontractors on the Project on July 27, 2007. The original hearing date for the Motion to Stay was August 24, 2007, which was continued by the Court and ultimately heard on October 19, 2007. Thereafter, the Court issued the Stay Orders and ordered a status conference to be held on December 19, 2007.

At the December 19, 2007 Status Conference, the Court partially lifted the stay as to a portion of Webcor's claims. Webcor's complete claims consist of unresolved change order requests ("COR's"), numbered 60 through 65. The Court ordered the Stay to remain in place as to COR's 60, 61, and 62, but lifted the stay as to COR's 63, 64, and 65 so that litigation of the latter COR's would proceed between D/M and Webcor. On January 15, 2008, Webcor submitted a Status Update wherein Webcor claims that "…the Court dissolved the Stay **with respect to Webcor's claims for payment of retention and base contract amounts**, as well as in relation to Change Order Nos. 63, 64 and 65." [emphasis added]. (A courtesy copy of Webcor's Status Update is attached hereto as Exhibit B.) While the Complaint, on its own, is subject to a Motion for a More Definite Statement, in light of Webcor's most recent claim that other "amounts" are not subject to the Stay, a more definite statement is absolutely necessary.

Defendants cannot properly respond if Webcor now attempts to include alleged "retention and base contract amounts" within Webcor's claims that are not subject to the Stay. The phrase "retention and base contract amounts" is not used in the Complaint, the "amounts" are not separately set forth, and this is a potential violation of the Stay Orders. To further complicate matters, the Complaint's second and third causes of action allege a sum certain of $6,152,017 – apparently the total of COR's 60 to 65 – yet the breach of contract action claims

4

NOTICE OF MOTIONS; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]

Case No.: 3:07-CV-02564-CRB

#51110.01.1/18/08

damages merely in an amount "to be proven at trial." Thus, D/M seeks a more definite statement so that Webcor's allegations regarding "retention and base contract amounts" are known. D/M additionally seeks a more definite statement of the breach of contract allegations regarding COR's 63, 64, and 65, as well as the basis for alleging a quantum meruit cause of action for each of these COR's. Without a more definite statement, D/M cannot properly identify and plead its denials, affirmative defenses, and/or counterclaims.

Regarding Webcor's Miller Act payment bond claim, the Complaint, on its face, improperly relies on inference and deductions in attempting to state a claim. Accordingly, Defendants seek a complete dismissal of the second cause of action and, given that there is no other basis for naming the Sureties, the Defendants also seek a dismissal of the Sureties from the third cause of action.

## II. LEGAL DISCUSSION

In resolving a F.R.C.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief; and (4) consider only material inside the complaint along with documents attached to or incorporated by reference in the complaint. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d. 336, 337–338 (9th Cir. 1996); *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d. 692, 697 (6th Cir. 1996); *Aprin v. Santa Clara Valley Transp. Agency*, 261 F.3d. 912, 925 (9th Cir. 2001). Nevertheless, a court need not accept as true, conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of fact. *Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp. 711, 718 (C.D. Cal. 1993) quoting text; *Beliveau v. Caras* 873 F.Supp. 1393, 1395–1396 (C.D. Cal. 1995) citing text.

Here, Webcor has not made well-pleaded factual allegations because the Complaint, at best, makes conclusory statements and relies on unreasonable inferences and deductions of fact.

### a. The Complaint Fails To State A Claim Under The Miller Act

Under the Miller Act, a plaintiff must file its claim within a mandatory time frame, or otherwise lose its right to bring suit under the Act. The Miller Act states, in relevant part:

5

LAW OFFICES
Peckar & Abramson
A Professional Corporation

NOTICE OF MOTIONS; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]

Case No.: 3:07-CV-02564-CRB

#51110.01.1/18/08

> Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.

40 U.S.C. 3133(b)(1). Furthermore, "An action brought under this subsection must be brought **no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action**." 40 U.S.C. 3133(b)(4). [emphasis added.]

The plain language of the Miller Act's mandatory time requirements is unambiguous, clear, and certain. "By the express terms of the Miller Act a subcontractor's right of recovery on a Miller Act payment bond is conditioned on the passage of time from completion of work or provision of materials." *Walton Technology, Inc. v. Westar Engineering, Inc.*, 290 F.3d 1199, 1205 (9th Cir. 2002). The one-year limitation is jurisdictional and a condition precedent to maintaining an action under the Miller Act. *Celanese Coatings Company v. Gullard*, 504 F.2d 466, 468 (9th Cir. 1974).

Thus, expressly pleading the time requirements of the Miller Act are mandatory for recovery. If a "plaintiff fails to allege in his pleadings or show in his proof that his action is timely, the defendant should raise the issue immediately so as to speed the disposition of the case." *Id*. Further, an allegation of time is material when testing the sufficiency of the pleading. Fed. R. Civ. Pro. 9(f). Consistent with these rules, in order to maintain an action for payment on a Miller Act bond, Webcor must allege that the provision of labor or services ended at least 90 days prior to May 15, 2007 (the date Webcor's Complaint was filed), and that Webcor performed labor or supplied material to the Project on or after May 15, 2006.

Despite the Miller Act's clear requirements to plead the time requirements, the Complaint does not sufficiently set forth facts that meet the Act's time requirements, thereby failing to state a cause of action for enforcement of the Miller Act payment bond under 40

6

NOTICE OF MOTIONS; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]

Case No.: 3:07-CV-02564-CRB

#51110.01.1/18/08

U.S.C. 3133, et seq.  In relevant part, the Complaint claims:

> 26.    Webcor thereafter commenced work at the Project pursuant to the Agreement, and by June of 2006, completed all portions of the subcontract work. . . .
> [¶]
> 28.    Webcor completed their provision of labor, services, materials, and equipment at the Project more than 90 days prior to the filing of this Complaint in accordance with 40 U.S.C. Section 3133
> 29.    Webcor completed their provision of labor, services, materials, and equipment at the Project less than one year prior to the filing of this Complaint, in accordance with 40 U.S.C. § 3133.

Complaint, Pg:Ln 5:17-28, 6:1–4.

Webcor's allegation that the work was completed "by June of 2006" suggests that Webcor's work on the Project was completed at *some point* before June of 2006, but the Complaint does not state how long before June of 2006 Webcor's work had been completed. (Complaint, at Pg:Ln 5:17–18.)  The Complaint's purposefully vague language does not exclude the possibility of Webcor completing the work far before May 15, 2006, at which point Webcor's Miller Act claim would be time-barred.  Webcor's allegation that it "completed" its work "less than one year prior to the filing of this Complaint" (Complaint, at Pg:Ln 6:1–2) neither clarifies the final "day on which the last of the labor was performed or material was supplied…" [40 U.S.C. 3133(b)(4)] nor establishes that the last day on which Webcor provided labor and material was within the one-year period.  Webcor's crafty, indirect phrasing renders the pleading insufficient due to its failure to clearly allege a last date of work on the Project that demonstrates Webcor's compliance with the Miller Act's compulsory time requirements.

Although a court must construe the Complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true, a court need not assume that the plaintiff can prove facts different from those that it has alleged. *Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters, Inc.* 459 U.S. 519, 526 (1983).  Because the pleadings do not allege facts stating that the final day on which the last of the labor was performed or material was supplied to the Project, the Court need not, and indeed should not, assume Webcor can prove that essential fact.

7

LAW OFFICES
Peckar & Abramson
A Professional Corporation

NOTICE OF MOTIONS; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]

Case No.: 3:07-CV-02564-CRB

#51110.01.1/18/08

1    Accordingly, the Defendants respectfully request that Defendants' Motion to Dismiss for
2 Failure to State a Claim be granted.  Defendants request that the second cause of action be
3 dismissed in its entirety and that, because Webcor has no other right to sue the Sureties, the
4 Sureties be dismissed from the third cause of action.

5    **b.    Webcor Must Provide A More Definite Statement**

6    Defendants also move the Court for an order directing Webcor to provide a more
7 definite statement, pursuant to F.R.C.P. 12(e).  A Rule 12(e) motion is proper where the
8 complaint is so indefinite that the defendant cannot ascertain the nature of the claim being
9 asserted and therefore cannot be reasonably required to frame a responsive pleading.  Fed. R.
10 Civ. Proc. 12(e); *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. Cal.
11 1981).  Here, D/M cannot frame a response because the first cause of action merely states a
12 laundry list of alleged breaches, followed by a statement that the damages will be proven at
13 trial. (Complaint, at Pg:Ln 4:13–24.)    D/M cannot respond until the elements of breach of
14 contract are laid out specifically for COR's 63, 64 and 65.  For example, Webcor's COR 65 is
15 related to a fire at the Project, for which Webcor claims it is entitled to $136,961.  D/M must
16 know specifically how this fire gives rise to a breach of contract action against D/M, because it
17 is not at all apparent from the Complaint.  Moreover, as to the third cause of action, D/M must
18 know how this COR for a fire entitles Webcor to an equitable claim for quantum meruit.
19 Without knowing the specific allegations, Defendants cannot properly respond.

20    As drafted, none of the causes of action reference or distinguish any of Webcor's
21 COR's.  Such clarification is imperative because Defendants are in the process of addressing the
22 COR's, half of which are currently stayed to facilitate the D/M's prosecution of these claims
23 against the GSA.  Due to the procedural development of this case, Webcor's presentation of its
24 claims in the Complaint as three broad causes of action does not logically correspond to the
25 categorization and administration of Webcor's claims as separate, individual COR's that the
26 parties must address and litigate independently.  Given this scenario, Defendants cannot
27 formulate an accurate, informative, and meaningful response to Webcor's claims, including
28 which affirmative defenses and/or counterclaims may need to be pled.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

8

NOTICE OF MOTIONS; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]

Case No.: 3:07-CV-02564-CRB

#51110.01.1/18/08

Defendants respectfully request that the Court order Webcor to fashion a more definite statement, identifying and clarifying the relation between each of its causes of action and Webcor's COR's 63, 64, and 65, for which the Stay has been lifted.  Additionally, Defendants request a definite statement with regard to Webcor's claims for alleged "retention and base contract amounts" that Webcor now claims are not subject to the Stay Orders.  These "amounts" may indeed be subject to the Stay Orders, in which case they should not be subject to duplicative and possibly inconsistent litigation.

## III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request a complete dismissal of the Sureties from Webcor's Complaint due to Webcor's inability to unequivocally state that they last provided labor or materials to the job on or after May 15, 2006 and on or before February 14, 2007.  Additionally, Defendants request a more definite statement with respect to Webcor's remaining allegations; specifically, Webcor must be required to enumerate its allegations regarding COR's 63, 64, and 65, and furthermore state its claims for "retention and base contract amounts" and the reasons why these alleged amounts are not subject to the Stay.

To the extent the Court is not inclined to grant Defendants' Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) and dismiss the Sureties, Defendants request that Webcor be ordered to specifically state "…the day on which the last of the labor was performed or material was supplied…" by Webcor for the Project, as required by U.S.C. §3133(b)(4).

Dated: January 18, 2008                                   PECKAR & ABRAMSON, P.C.


                                                          By:     /s/ Rick W. Grady
                                                          Raymond M. Buddie
                                                          Rick W. Grady
                                                          Attorneys for Defendants
                                                          DICK/MORGANTI; DICK
                                                          CORPORATION and THE MORGANTI
                                                          GROUP, INC.; AMERICAN CASUALTY
                                                          COMPANY OF READING, PA; and
                                                          NATIONAL UNION FIRE INSURANCE
                                                          COMPANY OF PITTSBURGH, PA

LAW OFFICES
Peckar & Abramson
A Professional Corporation

9

NOTICE OF MOTIONS; MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]

Case No.: 3:07-CV-02564-CRB

#51110.01.1/18/08