J. Morrow Otis (CSB #039311)
Steven L. Iriki (CSB # 142533)
Matthew E. McCabe (CSB #136541)
OTIS CANLI & IRIKI, LLP
625 Market St., 4th Floor
San Francisco, CA 94105-3306
Telephone: (415) 362-4442
Facsimile: (415) 362-7332
E-mail: jmo@ocilaw.com

Attorneys for Third-Party Defendant
PERFORMANCE CONTRACTING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Third-Party Plaintiffs, | Case No. 3:07-CV-02564-CRB<br><br>**PERFORMANCE CONTRACTING, INC.'S STATUS CONFERENCE STATEMENT**<br><br>DATE: February 22, 2008<br>TIME: 10:00 a.m.<br>JUDGE: Hon. Charles R. Breyer<br>          (Courtroom 8) |

-1-

vs.

BOYETT CONSTRUCTION, INC., a California corporation; MARELICH MECHANICAL CO., INC., a California corporation; PERFORMANCE CONTRACTING GROUP, INC. dba PERFORMANCE CONTRACTING, INC., a Delaware corporation; PERMASTEELISA GROUP USA HOLDINGS CORP., a Delaware corporation fdba PERMASTEELIS CLADDING TECHNOLOGIES L.P., a Delaware limited partnership, fdba PERMASTEELISA CLADDING TECHNOLOGIES, LTD.; ROSENDIN ELECTRIC, INC., a California corporation; THIRD PARTY DOE DEFENDANTS 1 THROUGH 20.

Third Party Defendants.

## I.    STATEMENT OF FACTS

Performance Contracting, Inc.'s ("PCI") underlying claim involves the GSA federal building at the corner of Seventh and Mission Streets in San Francisco. PCI's claim is for approximately $7,549,856.00. A substantial portion of PCI's claim consists of its unpaid contract balance of approximately $3,005,018.00. Dick/Morganti ("D/M") stopped making contract payments to PCI beginning in August 2006 when it asserted various back charges against PCI for work on the project. PCI protested the vague and unsubstantiated back charges and demanded a meeting with D/M to discuss the issue.

Pursuant to PCI's request a meeting was first held on December 13, 2006, between representatives of PCI and D/M to discuss the back charge issue. On April 5, 2007, another meeting was held to discuss D/M's alleged back charges. PCI provided further responses to D/M's charges. The meeting was also attended by one of PCI's consultants on the project, who provided a detailed response to many of D/M's alleged back charges. At the conclusion of the meeting, D/M requested that there be further meetings between the parties' respective staffs to review and discuss the information and documentation provided by PCI. Thereafter, PCI met

-2-

two additional times with D/M in April and May 2007.

During these meetings, PCI provided specific and voluminous documentation as to why D/M's back charges had no merit. At the conclusion of these meetings, D/M voiced no disagreement with PCI's presentation of facts, but rather stated that it needed more time to review PCI's position. Unfortunately, D/M did not subsequently provide any substantive response to PCI's presentation of facts or the many supporting documents that PCI supplied during the aforementioned meetings.

Thereafter, PCI filed its complaint against D/M and the case was eventually consolidated with the instant case filed by Webcor.

At a status conference held on December 19, 2007, the Court directed the parties to meet to discuss PCI's claim and to determine which parts of PCI's claim were pass through and which parts were not. The parties met on January 24, 2008 but no agreement could be reached on these issues.

## II. DISCUSSION

Despite the many meetings it has had with D/M over these issues, PCI approached the January 24, 2008 meeting in good faith and with the firm intention of reaching agreement. However, no progress was made on even the simplest and most straight forward of these issues, to wit: the outstanding balance due and owing on PCI's subcontract of $3 million. PCI submits that the outstanding balance on its contract with D/M is, by definition, not a pass through claim. It is a direct obligation of the general contractor. Yet no agreement could be reached on even this basic issue.

Since December 2006, PCI has met with D/M several times in an attempt to discuss, analyze and refute D/M's alleged back charges. Despite meeting with D/M several times, supplying them with voluminous documentation showing them that they are in error, and allowing D/M to meet with PCI's expert on the issue, no progress has been made on the issue. Typically, the only response that PCI received from D/M is that it needed time to review PCI's information

and documentation, which in hindsight was nothing more than a delaying tactic.

In fact, the only documentation or other support that D/M has provided to PCI are some billings and invoices for only one of the items listed in its back charges, which D/M contended was part of PCI's original scope of work of its subcontract. However, the validity and genuineness of D/M's position on this item must be called into question. In its recently filed global claim, D/M has now taken the position that this item is extra work and that the GSA must compensate D/M for all time and material spent in conjunction with this work. See Declaration of Eugene D. Concannon filed herewith at par. 5.

Given the history of unsuccessful meetings with D/M, PCI respectfully requests that the Court set a hearing date and a briefing schedule to consider what parts of PCI's claim should be passed through to the GSA and what parts should not be passed through but tried by this Court.

Dated: February 20, 2008                OTIS CANLI & IRIKI, LLP


                                        By: _____
                                            Steven Iriki

                                        Attorneys for Plaintiff and Third-Party Defendant
                                        PERFORMANCE CONTRACTING, INC.

# PROOF OF SERVICE

CASE NAME: *Webcor Construction, Inc., et al. v. Dick/Morganti, et al.*
COURT INFORMATION: United States District Court, Northern District of California, San Francisco Division Case No. 3:07-CV-02564-CRB

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of 18 years, and am not a party to the within action. I am employed in the City and County of San Francisco, California, and my business address is 625 Market Street, 4th Floor, San Francisco, California 94105-3306. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date listed below, following ordinary business practice, I served the following document(s):

- **PERFORMANCE CONTRACTING, INC.'S STATUS CONFERENCE STATEMENT**

- **DECLARATION OF EUGENE D. CONCANNON IN SUPPORT OF PERFORMANCE CONTRACTING, INC.'S STATUS CONFERENCE STATEMENT**

on the party(ies) in this action, through his/her/their attorneys of record, by placing true and correct copies thereof in sealed envelope(s), addressed as shown on the attached Service List for service as designated below:

| | |
|---|---|
| Attorneys for Defendants<br>Dick/Morganti; Dick Corporation; and The Morganti Group, Inc. | Raymond M. Buddie, Esq.<br>Rick W. Grady, Esq.<br>Peckar & Abramson, P.C.<br>250 Montgomery Street, 16th Fl.<br>San Francisco, CA  94104 |
| Attorneys for Defendants<br>American Casualty Company of Reading, PA; National Union Fire Insurance Company of Pittsburgh, PA | Raymond M. Buddie, Esq.<br>Rick W. Grady, Esq.<br>Peckar & Abramson, P.C.<br>250 Montgomery Street, 16th Fl.<br>San Francisco, CA  94104 |
| Attorneys for Plaintiff<br>Webcor Construction, Inc. dba Webcor Builders | Kenneth G. Jones, Esq.<br>California Plaza<br>2121 N. California Blvd., Ste. 875<br>Walnut Creek, CA  94596-8180 |
| Attorneys for Permasteelisa Group USA Holdings Corp., and Permasteelisa Cladding Technologies, L.P. fdba Permasteelisa Cladding Technologies, LTD. | Roger P. Heyman, Esq.<br>James K.T. Hunter, Esq.<br>Heyman Densmore LLP<br>21550 Oxnard Street, Suite 450<br>Woodland Hills, CA  91367 |

(XX) BY ELECTRONIC FILING/SERVICE: I caused such document(s) to be Electronically Filed and Served through the PACER system for the above-entitled case. Electronic service has been accomplished by the service maintained by PACER.

---

PROOF OF SERVICE
O:\2010\2010-038\Webcor v. DM\Clerk & Service\POS-ah.doc

1

( X )   (Federal) I certify/declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on February 20, 2008, at San Francisco, California.

*Anna L. Hill*
Anna L. Hill

2

PROOF OF SERVICE
O:\2010\2010-038\Webcor v. DM\Clerk & Service\POS-ah.doc