J. Morrow Otis (CSB #039311)
Steven L. Iriki (CSB # 142533)
Matthew E. McCabe (CSB #136541)
OTIS CANLI & IRIKI, LLP
625 Market St., 4th Floor
San Francisco, CA  94105-3306
Telephone: (415) 362-4442
Facsimile: (415) 362-7332
E-mail: jmo@ocilaw.com

Attorneys for Third-Party Defendant
PERFORMANCE CONTRACTING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES 1-10, inclusive,<br><br>        Defendants.<br><br>AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>        Third-Party Plaintiffs, | Case No.  3:07-CV-02564-CRB<br><br>**DECLARATION OF EUGENE D. CONCANNON IN SUPPORT OF PERFORMANCE CONTRACTING INC.'S STATUS CONFERENCE STATEMENT**<br><br>DATE:   February 22, 2008<br>TIME:   10:00 a.m.<br>JUDGE:   Hon. Charles R. Breyer<br>          (Courtroom 8) |

-1-

1    vs.

2    BOYETT CONSTRUCTION, INC., a California
corporation; MARELICH MECHANICAL CO.,
3    INC., a California corporation; PERFORMANCE
CONTRACTING GROUP, INC. dba
4    PERFORMANCE CONTRACTING, INC., a
Delaware corporation; PERMASTEELISA
5    GROUP USA HOLDINGS CORP., a Delaware
corporation fdba PERMASTEELIS CLADDING
6    TECHNOLOGIES L.P., a Delaware limited
partnership, fdba PERMASTEELISA CLADDING
7    TECHNOLOGIES, LTD.; ROSENDIN
ELECTRIC, INC., a California corporation;
8    THIRD PARTY DOE DEFENDANTS 1
THROUGH 20.
9

10        Third Party Defendants.

11

12    I, Eugene D. Concannon, declare as follows:

13        1.    I am an employee of third-party defendant and plaintiff Performance Contracting,

14    Inc. ("PCI") in the above-captioned case.  I served as one of the Project Managers for PCI at the

15    construction of the GSA Federal Building located at 7th and Mission Streets in San Francisco,

16    California.   If called upon, I could and would competently testify to the matters stated herein.

17        2.    PCI's underlying claim for the GSA project is approximately $7,549,856.00.  A

18    substantial portion of PCI's claim consists of its unpaid contract balance of approximately

19    $3,005,018.00.  Dick/Morganti ("D/M") stopped making contract payments to PCI beginning in

20    or about August 2006 when it asserted various back charges against PCI for work on the project.

21    PCI protested the vague and unsubstantiated back charges and demanded a meeting with D/M to

22    discuss the issue.

23        3.    Pursuant to PCI's request a meeting was first held on December 13, 2006,

24    between representatives of PCI and D/M to discuss the back charge issue.  I attended that

25    meeting along with George DeMartini of PCI and PCI's consultant, Jim Howard.

26        4.    On April 5, 2007, another meeting was held to discuss D/M's alleged back

27

-2-

1  charges. I attended that meeting along with Robert Dean of PCI. During the meeting, we

2  provided further responses to D/M's back charges. The meeting was also attended by one of

3  PCI's consultants on the project, Jim Howard, who provided a detailed response to many of

4  D/M's alleged back charges. At the conclusion of the meeting, D/M requested that there be

5  further meetings between the parties' respective staffs to review and discuss the information and

6  documentation provided by PCI. Thereafter, PCI met two additional times with D/M in April

7  and May 2007. I personally attended both meetings along with other personnel from PCI.

8      5.      During these meetings, PCI provided specific and voluminous documentation as

9  to why D/M's back charges had no merit. At the conclusion of these meetings, D/M voiced no

10  disagreement with PCI's presentation of facts, but rather stated that it needed more time to

11  review PCI's position. Since these meetings in April and May 2007, D/M has failed to provide

12  PCI with any substantive response to its arguments or to the voluminous documentation that PCI

13  provided supporting its position with the exception of providing copies of some billings from

14  another subcontractor retained on the project and related invoices for material purchased. These

15  billings and invoices related to one and only one of D/M's alleged back charges against PCI and

16  concerned in-fill framing and gypsum sheathing work that was done on the exterior of the GSA

17  building. These billings and invoices were not accompanied by any type of explanation of their

18  importance nor an itemization. In contending that PCI was responsible for this work, D/M took

19  the position that the work was included in PCI's subcontract. However, in its global claim filed

20  recently with the GSA, D/M has taken the contrary position and now asserts that this work was

21  extra work entitling it to compensation.

22      I declare under penalty of perjury under the laws of the United States of America that the

23  foregoing is true and correct. Executed on February 20 2008, at _ANAHEIM_, California.

24

25                                  Eugene D. Concannon

26

27