J. Morrow Otis (CSB #039311)
Steven L. Iriki (CSB # 142533)
Matthew E. McCabe (CSB #136541)
OTIS CANLI & IRIKI, LLP
625 Market St., 4th Floor
San Francisco, CA  94105-3306
Telephone: (415) 362-4442
Facsimile: (415) 362-7332
E-mail: jmo@ocilaw.com

Attorneys for Third-Party Defendant
PERFORMANCE CONTRACTING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>   Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.  3:07-CV-02564-CRB<br><br>**PERFORMANCE CONTRACTING, INC.'S STATUS CONFERENCE STATEMENT**<br><br>DATE:   May 23, 2008<br>TIME:   10:00 a.m.<br>JUDGE:  Hon. Charles R. Breyer<br>                (Courtroom 8) |
| AMERICAN CASUALTY COMPANY OF READING, PA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>   Third-Party Plaintiffs, | |

-1-

|   |   |
|---|---|
| 1 | vs. |
| 2 | BOYETT CONSTRUCTION, INC., a California corporation; MARELICH MECHANICAL CO., INC., a California corporation; PERFORMANCE CONTRACTING GROUP, INC. dba PERFORMANCE CONTRACTING, INC., a Delaware corporation; PERMASTEELISA GROUP USA HOLDINGS CORP., a Delaware corporation fdba PERMASTEELIS CLADDING TECHNOLOGIES L.P., a Delaware limited partnership, fdba PERMASTEELISA CLADDING TECHNOLOGIES, LTD.; ROSENDIN ELECTRIC, INC., a California corporation; THIRD PARTY DOE DEFENDANTS 1 THROUGH 20. |
| 10 | Third Party Defendants. |

Performance Contracting, Inc.'s ("PCI") underlying claim involves the GSA federal building at the corner of Seventh and Mission Streets in San Francisco. PCI's claim is for approximately $7,549,856.00. A substantial portion of PCI's claim consists of its unpaid contract balance of approximately $3,005,018.00. Dick/Morganti ("D/M") stopped making contract payments to PCI beginning in August 2006 when it asserted various back charges against PCI for work on the project. PCI protested the unsubstantiated back charges (which were never signed by D/M and formally presented to PCI) and demanded a meeting with D/M to discuss the issue.

Pursuant to PCI's request a meeting was first held on December 13, 2006, between representatives of PCI and D/M to discuss the back charge issue. On April 5, 2007, another meeting was held to discuss D/M's alleged back charges. PCI provided further responses to D/M's charges. The meeting was also attended by one of PCI's consultants on the project, who provided a detailed response to many of D/M's alleged back charges. At the conclusion of the meeting, D/M requested that there be further meetings between the parties' respective staffs to review and discuss the information and documentation provided by PCI. Thereafter, PCI met

two additional times with D/M in April and May 2007.

During these meetings, PCI provided specific and voluminous documentation as to why D/M's back charges had no merit. At the conclusion of these meetings, D/M voiced no disagreement with PCI's presentation of facts, but rather stated that it needed more time to review PCI's position. Unfortunately, D/M did not subsequently provide any substantive response to PCI's presentation of facts or the many supporting documents that PCI supplied during the aforementioned meetings.

Thereafter, PCI filed its complaint against D/M and the case was eventually consolidated with the instant case filed by Webcor.

At a status conference held on December 19, 2007, the Court directed the parties to meet to discuss PCI's claim and to determine which parts of PCI's claim were pass through and which parts were not. The parties met twice in January 2008 and February 2008. While no agreement whatsoever could be reached on what parts of PCI's claim were pass-through and which were not, the parties appeared to reach a possible settlement of the entire dispute. This was after a representative of Dick/Morganti made a tentative offer. The tentative offer was acceptable to PCI and it appeared that a settlement may have been reached.

Unfortunately, soon thereafter when the parties attempted to document their settlement, Dick/Morganti dramatically changed their offer. The changes were not minor ones. In fact, Dick/Morganti's new offer represented a change of several million dollars. Dick/Morganti's current offer to PCI is completely unacceptable. PCI then attempted to meet and confer with Dick/Morganti without success.

///

///

///

-3-

PERFORMANCE CONTRACTING, INC.'S STATUS
CONFERENCE STATEMENT
2010-038-PLD-Status.Conf.State.051908.doc

Case No. 3:07-CV-02564-CRB

1  Given that the parties have reached an impasse on settlement and given that they earlier
2  reached an impasse on what parts of PCI's claim should be tried by the Court, PCI respectfully
3  requests that the Court set a hearing date and a briefing schedule to consider what parts of PCI's
4  claim should be passed through to the GSA and what parts should not be passed through but tried
5  by this Court.

6  Dated: May 20, 2008                        OTIS CANLI & IRIKI, LLP

                                              By: _____
                                                   Steven Iriki

                                              Attorneys for Plaintiff and Third-Party Defendant
                                              PERFORMANCE CONTRACTING, INC.

## PROOF OF SERVICE

CASE NAME: *Webcor Construction, Inc., et al. v. Dick/Morganti, et al.*
COURT INFORMATION: United States District Court, Northern District of California, San Francisco Division Case No. 3:07-CV-02564-CRB

I, the undersigned, hereby certify that I am a citizen of the United States, over the age of 18 years, and am not a party to the within action. I am employed in the City and County of San Francisco, California, and my business address is 625 Market Street, 4th Floor, San Francisco, California 94105-3306. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date listed below, following ordinary business practice, I served the following document(s):

- **PERFORMANCE CONTRACTING, INC.'S STATUS CONFERENCE STATEMENT**

on the party(ies) in this action, through his/her/their attorneys of record, by placing true and correct copies thereof in sealed envelope(s), addressed as shown on the attached Service List for service as designated below:

| | |
|---|---|
| Attorneys for Defendants<br>Dick/Morganti; Dick Corporation; and The<br>Morganti Group, Inc. | Raymond M. Buddie, Esq.<br>Rick W. Grady, Esq.<br>Peckar & Abramson, P.C.<br>250 Montgomery Street, 16th Fl.<br>San Francisco, CA 94104 |
| Attorneys for Defendants<br>American Casualty Company of Reading,<br>PA; National Union Fire Insurance Company<br>of Pittsburgh, PA | Raymond M. Buddie, Esq.<br>Rick W. Grady, Esq.<br>Peckar & Abramson, P.C.<br>250 Montgomery Street, 16th Fl.<br>San Francisco, CA 94104 |
| Attorneys for Plaintiff<br>Webcor Construction, Inc. dba Webcor<br>Builders | Kenneth G. Jones, Esq.<br>California Plaza<br>2121 N. California Blvd., Ste. 875<br>Walnut Creek, CA 94596-8180 |
| Attorneys for Permasteelisa Group USA<br>Holdings Corp., and Permasteelisa Cladding<br>Technologies, L.P. fdba Permasteelisa<br>Cladding Technologies, LTD. | Roger P. Heyman, Esq.<br>James K.T. Hunter, Esq.<br>Heyman Densmore LLP<br>21550 Oxnard Street, Suite 450<br>Woodland Hills, CA 91367 |

(XX)   BY ELECTRONIC FILING/SERVICE: I caused such document(s) to be Electronically Filed and Served through the PACER system for the above-entitled case. Electronic service has been accomplished by the service maintained by PACER.

( X )  (Federal) I certify/declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on May 21, 2008, at San Francisco, California.

*/s/ Anna L. Hill*
Anna L. Hill