1  RICHARD T. BOWLES (# 46234)
   KENNETH G. JONES (# 196868)
2  WILLIAM T. NAGLE (# 180162)
   MICHAEL P. CONNOLLY (# 238478)
3  BOWLES & VERNA LLP
   2121 N. California Boulevard, Suite 875
4  Walnut Creek, California  94596
   Telephone:  (925) 935-3300
5  Facsimile:  (925) 935-0371
   Email: rbowles@bowlesverna.com
6        kjones@bowlesverna.com
         mconnolly@bowlesverna.com
7
   Attorneys for Plaintiff
8  WEBCOR CONSTRUCTION, INC. dba
   WEBCOR BUILDERS
9

10                 UNITED STATES DISTRICT COURT

11     NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

12

13  UNITED STATES OF AMERICA for the use and    **CASE NO.:  3:07-CV-02564-CRB**
    benefit of WEBCOR CONSTRUCTION, INC. dba
    WEBCOR BUILDERS, and WEBCOR          **MEMORANDUM OF POINTS AND**
14  CONSTRUCTION, INC. dba WEBCOR        **AUTHORITIES IN SUPPORT OF**
    BUILDERS,                           **WEBCOR'S MOTION TO LIFT STAY OF**
15                                       **PROCEEDINGS**
            Plaintiffs,
16                                       Date:     August 29, 2008
       vs.                              Time:     10:00 a.m.
17                                       Dept.:    Courtroom 8
    DICK/MORGANTI, a joint venture; DICK  Judge:    Hon. Charles R. Breyer
18  CORPORATION; THE MORGANTI GROUP;
    AMERICAN CASUALTY COMPANY OF
19  READING, PENNSYLVANIA; NATIONAL
    UNION FIRE INSURANCE COMPANY OF
20  PITTSBURGH, PA; and DOES 1-10, inclusive,

21          Defendants.

22
    AND RELATED THIRD-PARTY ACTIONS AND
23  CROSS-ACTIONS

24

25  **I.    INTRODUCTION**

26      Webcor Construction, Inc. dba Webcor Builders ("Webcor") hereby requests that this Court lift

27  the conditional stay of proceedings entered on October 19, 2007 in light of the failure of Dick Morganti

28  Joint Venture ("DM") to pursue with any reasonable diligence the resolution of Webcor's Change

1

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT          Case No. 3:07-CV-02564-CRB
OF WEBCOR'S MOTION TO LIFT  STAY OF PROCEEDINGS

1  Orders 60, 61 and 62 (collectively, for purposes of this motion, "the Webcor Claims"). Not only is DM

2  obligated to diligently pursue such resolution under the terms of the parties' subcontract agreement, DM

3  has previously represented to the Court its desire to do so.

4       Unfortunately, as Webcor is all too familiar, DM has taken no affirmative action to pursue the

5  Webcor Claims since the last status conference.  Indeed, the stay has served the purposes of DM all too

6  well, affording it the luxury of doing nothing while Webcor continues to finance the construction

7  without any hope of equitable resolution and compensation within any defined period.  Webcor

8  respectfully requests that the stay be lifted so that it may pursue the timely resolution of its claims and

9  entitlement to amounts due for base contract work and unreleased retention.

10  **II.     STATEMENT OF FACTS**

11       These proceedings relate to the construction of the project commonly referred to as the GSA

12  Federal Building Project located in San Francisco, California ("the Project").  The General Services

13  Administration ("GSA") is the owner of the Project and DM was the prime contractor on the Project.

14  (*Declaration of Jack Harrington* ("*Harrington Decl.*"), at ¶ 1.)  Defendants American Casualty

15  Company and National Union Fire Insurance Company (hereinafter collectively, "the Sureties") issued

16  payment bonds for the Project pursuant to an agreement with DM.  On or about May 5, 2003, Webcor

17  entered into a written agreement with DM to provide concrete and formwork services for the Project

18  (the "Subcontract"). (*Harrington Decl.*, at ¶ 3.)  Under the Ninth Article of the Subcontract, titled

19  "Claims," DM explicitly agreed "to transmit to the Owner, other subcontractors, or other entity any

20  such claims submitted to it by the Subcontractor." (*Id.*)  Under the Thirty-Eighth Article of the

21  Subcontract, titled "Choice of Law and Disputes," Webcor, under paragraph (d)(v), only agreed to stay

22  any action filed by it as long as Webcor's position was being diligently pursued by DM in the dispute

23  with the GSA and Webcor's claims were being carried forward through DM's prosecution of the claims

24  with the GSA. (*Harrington Decl.*, at ¶ 4.)

25       Throughout the course of the Project, Webcor put DM on notice regarding significant time and

26  cost impacts resulting from, among other things, deficient project plans and specifications, changes in

27  the scope of Webcor's work and accessibility issues on the Project. (*Harrington Decl.*, at ¶ 5).  In July

28  2005, Webcor submitted its Change Order ("COR") No. 60 to DM for equitable adjustment relating to

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT      Case No. 3:07-CV-02564-CRB
OF WEBCOR'S MOTION TO LIFT  STAY OF PROCEEDINGS

1   cost and schedule impacts experienced by Webcor in relation to rebar congestion and increased concrete

2   finish requirements. (*Harrington Decl.*, at ¶ 6.) Webcor directed DM to immediately forward the claim

3   to the GSA for decision. In October 2005, Webcor submitted COR Nos. 61 to 65 to DM for pass-

4   through to the GSA for decision. DM refused to pass COR Nos. 61 to 65 through to the GSA.

5   (*Harrington Decl.*, at ¶ 7.)[1]

6       Thereafter, in October 2006, approximately fifteen (15) months after Webcor submitted COR

7   No. 60, the GSA's Contracting Officer rejected Webcor's claim, but stated that DM could request a

8   Contracting Officer's Decision. (*Declaration of Kenneth G. Jones* ("*Jones Decl.*"), at ¶ 3.) Webcor

9   immediately requested that DM seek a Contracting Officer's Decision as suggested by the GSA. DM

10  rejected this request. (*Jones Decl.*, at ¶ 4.)

11      In May 2007, after pressing DM to submit COR No. 60 to the GSA for a Contracting Officer's

12  Decision to no avail, Webcor was forced to pursue its rights through filing the instant action. (*Jones*

13  *Decl.*, at ¶ 5.) Shortly thereafter, on June 13, 2007, DM agreed to pass COR No. 60 through to the GSA

14  for a Contracting Officer's Decision. DM continued to refuse to pass through to the GSA Webcor's

15  COR Nos. 61 through 65. (*Jones Decl.*, at ¶ 6.)

16      On October 19, 2007, this Court issued an Order staying all proceedings related to Webcor's

17  claims, including COR Nos. 60 through 65, in order to determine if those claims related to the "global"

18  claim DM anticipated filing and, at DM's request, to allow DM the opportunity to pursue claims with

19  the GSA directly. (*Jones Decl.*, at ¶7.) On October 11, 2007, the GSA informed DM that it needed

20  until April 11, 2008 to issue a Contracting Officer's Decision as to Webcor's COR No. 60. (*Jones*

21  *Decl.*, at ¶ 8.) On December 19, 2007, after a further status conference, this Court lifted the stay of

22  proceedings as to COR Nos. 63, 64 and 65 but reasserted the conditional stay as to COR Nos. 60, 61

23  and 62 in light of DM's recently filed "global" claim and its representation to the Court that it would

24  diligently and actively pursue claims, including Webcor's, with the GSA. (*Jones Decl.*, at ¶ 9.)

25      On January 25, 2008, counsel for Webcor met with counsel for DM in San Francisco to discuss

26  the status of Webcor's claims and the Contracting Officer's request for additional time and documents

27  _____

[1] This Court previously lifted the stay of proceedings as to Webcor's COR Nos. 63, 64 and 65 and, as such, they are not the

28  subject of this Motion.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT          Case No. 3:07-CV-02564-CRB
OF WEBCOR'S MOTION TO LIFT  STAY OF PROCEEDINGS

1    in responding to Webcor's COR No. 60. (*Jones Decl.*, at ¶ 10.) DM's counsel agreed that if the

2    Contracting Officer did anything other than accept Webcor's certified claims by the mid-April deadline

3    promised by the GSA, that DM would immediately appeal the Contracting Officer's decision and seek

4    an immediate appeal of Webcor's claims. (*Id.*) Counsel also agreed that the Contracting Officer's

5    request for additional information from both DM and Webcor was not made in good faith and was an

6    additional stall tactic. (*Id.*)

7         On February 8, 2008, DM certified and passed-through to the GSA COR Nos. 61 and 62.

8    Pursuant to the terms of the Contracts Dispute Act, 41 U.S.C.S. § 605(c)(2), a decision, or a request for

9    further time, was to be made within sixty (60) days thereof, which would have expired on or about

10   April 14, 2008. To date, Webcor has received no communication from DM as to whether the GSA has

11   rejected COR Nos. 61 and 62 or if it has requested further time to render a decision. (*Jones Decl.*, at ¶

12   11.) Similarly, April 11, 2008 has come and gone and Webcor has received no communication from

13   DM as to whether the GSA issued a Contracting Officer's Decision as to Webcor's COR No. 60.

14   (*Jones Decl.*, at ¶ 12.)

15   **III.    LEGAL ARGUMENT**

16       **A.    COURT SHOULD LIFT CONDITIONAL STAY IN ABSENCE OF TIMELY
             DECISION BY GSA AND FAILURE OF DEFENDANTS TO DILIGENTLY**
17           **PROSECUTE.**

18           **1.    Court's Authority to Issue a Stay of Proceedings is Permissive.**

19       The Court should lift its conditional stay of proceedings to allow Webcor to proceed against DM

20   and the Sureties on its claims for COR Nos. 60, 61 and 62 as a result of the failure of DM and the

21   Sureties to prosecute these claims with any reasonable diligence and the failure of the GSA to issue a

22   timely decision. 41 U.S.C.S. § 605(c)(5) provides:

23       Any failure by the contracting officer to issue a decision on a contract claim within the
         period required will be deemed to be a decision by the contracting officer denying the
24       claim and will authorize the commencement of the appeal or suit on the claim as
         otherwise provided in this Act. However, in the event an appeal or suit is so commenced
25       in the absence of a prior decision by the contracting officer, **the tribunal concerned
         may, at its option, stay the proceedings** to obtain a decision on the claim by the
26       contracting officer.

27       (Emphasis added.) Section 605(c)(5), which grants this Court the authority to issue such a stay,

28   is thus permissive, not mandatory, such that this Court has the authority to allow Webcor to proceed.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT          Case No. 3:07-CV-02564-CRB
OF WEBCOR'S MOTION TO LIFT STAY OF PROCEEDINGS

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

2.  **Contracting Officer's Failure to Issue Timely Decisions on COR Nos. 60 Through 62 Should be Deemed a Denial and Should Allow Claims to Proceed.**

The express purpose of a stay under 41 U.S.C.S. § 605(c)(5) is allow time for the Contracting Officer to issue a final decision. However, such a stay becomes futile and serves no purpose, other than to unreasonably delay the resolution of claims, where the Contracting Officer fails to timely issue any decision. In such a case, the stay becomes, in effect, a dilatory, if not punitive, measure.

The terms of 41 U.S.C.S. § 605 imply that the Congress foresaw the necessity of placing strictures on contracting officers in order to ensure that this very situation of a prolonged stay or lack of final decision did not occur. These strictures come in the form of timing restrictions and a reasonableness factor which require timely decisions and, when such requirements are not met, culminate in a "deemed denial" as provided for by Section 605(c)(5).

41 U.S.C.S. § 605(c)(2) provides the general timing requirement by providing that:

> A contracting officer shall, **within sixty days of receipt of a submitted certified claim over $ 100,000--**
> (A) issue a decision; or
> (B) notify the contractor of the time within which a decision will be issued.

(Emphasis added.) 41 U.S.C.S. § 605(c)(3) continues by providing a reasonableness factor which requires that:

> The **decision of a contracting officer on submitted claims shall be issued within a reasonable time,** in accordance with regulations promulgated by the agency, taking into account such factors as the size and complexity of the claim and the adequacy of the information in support of the claim provided by the contractor.

(Emphasis added.)

It is undisputed that, as of the date of this writing, the Contracting Officer has failed to issue any decision on Webcor's COR Nos. 60, 61 or 62 and, further, that the Contracting Officer has failed to request additional time within which to issue a decision. Moreover, there can be no contention that the GSA and the Contracting Officer have not had "a reasonable time" to review said claims.

//

//

//

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT          Case No. 3:07-CV-02564-CRB
OF WEBCOR'S MOTION TO LIFT  STAY OF PROCEEDINGS

1    **a.    Contracting Officer has had COR No. 60 for more than twenty-eight months.**

2

3    The GSA and the Contracting Officer have possessed Webcor's COR No. 60 for a cumulative

4    period of more than twenty-eight (28) months without rendering any decision. Webcor, through DM,

5    initially passed its claim for COR No. 60 (in uncertified form) to the GSA for review in July 2005.

6    (*Harrington Decl.*, at ¶ 6.) The GSA rejected COR No. 60 nearly fifteen (15) months later in October

7    2006. (*Jones Decl.*, at ¶ 3.)[2]

8    COR No. 60 was certified and resubmitted to the GSA and Contracting Officer, in substantially

9    the same form, on June 13, 2007. In October 2007, after already possessing COR No. 60 for more than

10    120 days without issuing any decision, the Contracting Officer notified DM, without any explanation or

11    basis, that it intended to issue a final decision on COR No. 60 by no later than April 11, 2008, nearly 11

12    months after submittal. (*Jones Decl.*, at ¶ 8.) April 2008 has come and gone and no decision has

13    issued. The Contracting Officer has requested no additional time and has requested no additional

14    information from Webcor to substantiate its claim.[3]

15    **b.    Contracting Officer has had COR Nos. 61 & 62 for more than five months.**

16

17    On February 8, 2008, DM certified and passed-through to the GSA Webcor's COR Nos. 61 and

18    62. (*Jones Decl.*, at ¶ 11). Under the terms of 41 U.S.C.S. § 605, the Contracting Officer had sixty (60)

19    days within which to issue a decision or request more time, which would have been around April 14,

20    2008. Again, more than five (5) months after submission, no decision has issued and, to the best of

21    Webcor's knowledge, no request for additional time has ever been made.

22    Under any analysis, the GSA and the Contracting Officer have had more than sufficient and

23    reasonable time to review the quantum of Webcor's COR Nos. 60, 61 and 62. DM and the Sureties will

24    

[2] Webcor demanded that DM immediately request a Contracting Officer's final decision at this time, as the Contracting

25    Officer advised, which DM refused to do. DM's failure to do so lead to an additional eight months of delay until COR No.
60 was ultimately certified and resubmitted to the GSA and the Contracting Officer. (*Jones Decl.*, at ¶¶ 4-5.)

26    

[3] Webcor acknowledges that the Contracting Officer did request in late 2007 several categories of documents relating to

27    Webcor's COR Nos. 60, 61 and 62. However, what is telling about the request is that Webcor had already submitted such
documents as a part of the initial claim submission back in 2005, and again in 2007, leading one to wonder if the Contracting

28    Officer has even reviewed Webcor's claims.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT    Case No. 3:07-CV-02564-CRB
OF WEBCOR'S MOTION TO LIFT STAY OF PROCEEDINGS

1    likely contend that these are large, complex claims that are difficult to determine.  However, the terms

2    of 41 U.S.C.S. § 605(c)(3) do not exculpate the Contracting Officer from the requirements of Section

3    605(c)(2), which demands a decision within 60 days or a request for additional time, neither of which

4    the Contracting Officer has complied with.  Moreover, even overlooking Section 605(c)(2), which the

5    Court lacks the authority to do, it is simply without dispute that the Contracting Officer has provided no

6    indication that it considers Webcor's COR Nos. 60, 61 or 62 complex and, in addition, that the

7    Contracting Officer has failed to request any further information or time it considers necessary to

8    rendering a decision.  The Contracting Officer, like DM and the Sureties, is simply delaying, and the

9    present stay of proceedings has done nothing but encourage such conduct.

10    Additionally, DM has failed in its obligation to diligently pursue these claims and to appeal

11    based on the failure of the Contracting Officer to render timely decisions.  Indeed, DM's counsel

12    acknowledged in a January 2008 meeting with Webcor that the GSA was stalling and agreed that if the

13    GSA did anything other than accept Webcor's claims by the mid-April 2008, it would immediately

14    appeal. (*Jones Decl.*, at ¶ 10.).  True to form, DM has backslid again and failed to appeal Webcor's

15    claims on the basis of a deemed decision as a result of the failure of the Contracting Officer to render a

16    decision.  Webcor respectfully requests that the stay be lifted.

17    **B.    DM'S FAILURE TO DILIGENTLY AND ACTIVELY PURSUE WEBCOR'S
          CLAIMS IS A CONTINUING MATERIAL BREACH OF THE SUBCONTRACT.**

18

19    In conjunction with the utter failure of the Contracting Officer to comply with its burden under

20    41 U.S.C.S. § 605 in rendering decisions on COR Nos. 60, 61, and 62, DM's, and the Sureties', failure

21    to exert any pressure on the Contracting Officer, or to utilize any reasonable diligence, in regards to

22    Webcor's claims, is a clear example of DM's continuing material breach of the terms of the subcontract.

23    Webcor's subcontract with DM expressly provides that Webcor's agreement to any stay of proceedings

24    was conditioned upon DM's diligent pursuit of Webcor's claims against the GSA.  DM has failed to

25    pursue Webcor's claims with any diligence at all and continues to fail to even communicate with

26    Webcor as to the status of proceedings.

27    Despite being contractually obligated to diligently pursue Webcor's claims with the GSA – and

28    having expressly agreed to appeal Webcor's claims, DM and the Sureties have literally done nothing to

7

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF WEBCOR'S MOTION TO LIFT  STAY OF PROCEEDINGS

Case No. 3:07-CV-02564-CRB

1  actively push the GSA for a decision. In fact, DM and the Sureties have been silent for nearly six (6)

2  months and have provided Webcor no information as to the status of Webcor's claims. This is quite the

3  opposite course of conduct from DM and the Sureties than what counsel for the Sureties represented to

4  the Court in December 2007 when the Court was assured that DM and the Sureties would "push every

5  button" with the GSA. DM and the Sureties have failed to do this, despite the clear failure of the

6  Contracting Officer to execute its obligations. The resulting damage to Webcor is significant as

7  Webcor has benefitted DM and the GSA through the value of its work without compensation and has

8  been denied the ability to pursue the recovery of these amounts with interest.

9  **C.     STAY SHOULD BE LIFTED AS TO AMOUNTS OF BASE CONTRACT AND
   RETENTION.**

10

11     The Court should also lift the stay with regard to Webcor's ability to litigate its entitlement to

12  amounts due and owing to Webcor for base contract work, and amounts of retention for such work,

13  performed under the subcontract. Such amounts are not "claims" for submission to the GSA for a

14  Contracting Officer's decision; these are amounts for which DM is directly obligated to Webcor under

15  the subcontract. Because these are pure contract issues, not pass-through claims which involve the

16  GSA, they should not be subject to a stay of proceedings pending a "decision on the claim by the

17  contracting officer" pursuant to 41 U.S.C.S 605(c)(5). Simply put, regardless of the outcome of the

18  Contracting Officer's review of Webcor's COR Nos. 60, 61, and 62, DM is, and will remain,

19  contractually liable to Webcor for amounts due and outstanding for base contract work and unreleased

20  retention.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF WEBCOR'S MOTION TO LIFT STAY OF PROCEEDINGS

Case No. 3:07-CV-02564-CRB

## IV.    CONCLUSION

For all of the foregoing reasons, the stay implemented by this Court on October 19, 2007 should be lifted and Webcor should be allowed to proceed against DM and the Sureties on its claims for COR Nos. 60, 61 and 62 and any amounts due for base contract work and unreleased retention.

Dated: July **24**, 2008                           BOWLES & VERNA LLP

By: _____
RICHARD T. BOWLES
KENNETH G. JONES
MICHAEL P. CONNOLLY
Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC. dba
WEBCOR BUILDERS

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT     Case No. 3:07-CV-02564-CRB
OF WEBCOR'S MOTION TO LIFT  STAY OF PROCEEDINGS