RICHARD T. BOWLES (# 46234)
KENNETH G. JONES (# 196868)
WILLIAM T. NAGLE (# 180162)
MICHAEL P. CONNOLLY (# 238478)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California  94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: rbowles@bowlesverna.com
        kjones@bowlesverna.com
        mconnolly@bowlesverna.com

Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC. dba
WEBCOR BUILDERS

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED THIRD-PARTY ACTIONS AND CROSS-ACTIONS | CASE NO.: **3:07-CV-02564-CRB**<br><br>**DECLARATION OF JACK HARRINGTON IN SUPPORT OF WEBCOR'S MOTION TO LIFT STAY OF PROCEEDINGS**<br><br>Date:      August 29, 2008<br>Time:      10:00 a.m.<br>Dept.:     Courtroom 8<br>Judge:     Hon. Charles R. Breyer |

I, JACK HARRINGTON, DECLARE:

1.      I was the Project Manager for Webcor Construction, Inc. dba Webcor Builders ("Webcor") for the project commonly referred to as the GSA Federal Building Project located in San Francisco, California ("the Project").  The General Services Administration of the United States of

1

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

DECLARATION OF JACK HARRINGTON  IN SUPPORT OF       Case No. 3:07-CV-02564-CRB
WEBCOR'S MOTION TO LIFT  STAY OF PROCEEDINGS

1   America ("GSA") is the owner of the Project and Defendant Dick/Morganti Joint Venture ("DM") was

2   the prime contractor on the Project.

3       2.    As Project Manager, I was involved in all aspects of construction and was responsible

4   for the preparation and submission of Webcor's change order requests ("COR") which are the subject of

5   this lawsuit. I am intimately familiar with the parties' dealings pertaining to this dispute and have

6   personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would

7   competently testify thereto.

8       3.    On or about May 5, 2003, Webcor entered into a written agreement with DM to provide

9   concrete and formwork services for the Project (the "Subcontract"). The Ninth Article of the

10   Subcontract, titled "Claims," defined "claims" as "delay, acceleration, loss of efficiency, extended

11   overhead, or any other type of damages therefrom" suffered by Webcor in the performance of its work

12   due to the acts of DM or others. DM explicitly agreed, in the same Ninth Article that it "agrees to

13   transmit to the Owner, other subcontractors, or other entity any such claims submitted to it by the

14   Subcontractor." DM qualified the purpose of its agreement to pass-through claims as its acting "as a

15   conduit to provide Subcontractor with contractual privity" to the GSA in order for Webcor to "seek

16   reimbursement for damages incurred."

17       4.    Under the Thirty-Eighth Article of the Subcontract, titled "Choice of Law and Disputes,"

18   Webcor, under paragraph (d)(v), only agreed to stay any action filed by it as long as Webcor's position

19   was being diligently pursued by DM in the dispute with the GSA and Webcor's claims were being

20   carried forward through DM's prosecution of the claims with the GSA.

21       5.    Throughout the course of the Project, Webcor repeatedly put DM on notice regarding

22   significant time and cost impacts resulting from, among other things, deficient project plans and

23   specifications, changes in the scope of Webcor's work and accessibility issues on the Project.

24       6.    On or about July 29, 2005, I submitted Webcor's COR No. 60 for equitable adjustment

25   based on the cost and schedule impacts associated with the Project's rebar congestion and increased

26   finish requirements. Because of the magnitude of the COR, I directed DM to immediately forward the

27   claim to the GSA.

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

2

DECLARATION OF JACK HARRINGTON IN SUPPORT OF       Case No. 3:07-CV-02564-CRB
WEBCOR'S MOTION TO LIFT STAY OF PROCEEDINGS

1      7.    Three months later, on October 31, 2005, I submitted Webcor's COR Nos. 61 through 65

2  to DM, along with documentation substantiating each claim. Each COR requested DM to immediately

3  issue a change order for execution and payment. DM refused to pass Webcor's COR Nos. 61 through

4  65 through to the GSA for review.

5      I declare under penalty of perjury under the laws of the State of California that the foregoing is

6  true and correct. Executed this **24** day of July, 2008, at San Francisco, California.

7

8                    By: _____
                                  JACK HARRINGTON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

3

DECLARATION OF JACK HARRINGTON IN SUPPORT OF          Case No. 3:07-CV-02564-CRB
WEBCOR'S MOTION TO LIFT STAY OF PROCEEDINGS