RICHARD T. BOWLES (# 46234)
KENNETH G. JONES (# 196868)
WILLIAM T. NAGLE (# 180162)
MICHAEL P. CONNOLLY (# 238478)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: rbowles@bowlesverna.com
       kjones@bowlesverna.com
       mconnolly@bowlesverna.com

Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC. dba
WEBCOR BUILDERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED THIRD-PARTY ACTIONS AND CROSS-ACTIONS | CASE NO.: 3:07-CV-02564-CRB<br><br>**WEBCOR'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)]; AND MOTION FOR MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]**<br><br>Date: August 29, 2008<br>Time: 10:00 a.m.<br>Dept.: Courtroom 8<br>Judge: Hon. Charles R. Breyer |

Plaintiff Webcor Construction, Inc. dba Webcor Builders ("Webcor") submits the following Memorandum of Points and Authorities in Opposition to the Motion to Dismiss for Failure to State a Claim [F.R.C.P. 12(b)(6)] and Motion for More Definite Statement [F.R.C.P. 12(e)] filed by defendants Dick Corporation, the Morganti Group, Inc., Dick/Morganti (collectively, "DM") and American

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

1

WEBCOR'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND MOTION FOR MORE DEFINITE STATEMENT     Case No. 3:07-CV-02564-CRB

Casualty Co. of Reading, PA and National Union Fire Insurance Co. of Pittsburgh, PA (collectively, "the Sureties"). When referred to collectively herein, DM and the Sureties are the "Defendants."

## I. INTRODUCTION

Defendants' motion to dismiss and for a more definite statement must be denied and should be recognized for what it is: yet another dilatory tactic by Defendants to avoid addressing their payment and contractual obligations to Webcor. It is well-established that such motions are strongly disfavored under the liberal notice pleading rules of Federal civil procedure and that perceived weaknesses should be addressed through focused discovery rather than highly technical fine-tuning of pleadings.

Webcor's complaint pleads sufficient facts to state a claim under the Miller Act (40 U.S.C.S. § 3133 *et seq.*) and to place Defendants on notice of the substance of the claims being asserted against them. Highlighting the dilatory purpose of Defendants' motion is the fact that Defendants, and DM in particular, are well aware of the scope of Webcor's claims for contractual payment, claims for changes to the contract scope, and allegations re: DM's contractual breaches, having worked closely with Webcor in addressing these issues both prior to and after commencement of this litigation.[1]

The motions should be denied in their entirety. In the alternative, should the Court be inclined to grant Defendants' motions, Webcor respectfully requests leave to amend its complaint to address any perceived deficiencies in pleading.

## II. STATEMENT OF FACTS

As laid out in the Complaint, in May, 2003, Webcor entered into a subcontract agreement with DM wherein Webcor agreed to provide concrete and concrete formwork services for the construction of the new San Francisco Federal Building ("the Project"). DM was the general contractor for the Project pursuant to a prime contract entered into with the Project's owner, the General Services Administration ("Owner"). The Sureties provided a payment bond to DM for the Project.

A dispute arose between DM and Webcor regarding issues related to the construction of the Project, which culminated in Webcor commencing this litigation on May 15, 2007 against DM and the

---

[1] Indeed, Webcor proposed simply amending its Complaint to address the concerns raised by Defendants' motion and to avoid the time and cost of fully briefing and arguing the motions. Webcor provided a draft amended complaint for Defendants' review and approval in early July but have since received no comment or acknowledgement, leading to this unnecessary opposition. *Declaration of Michael P. Connolly ("Connolly Decl.") at ¶ 2.*

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

2

WEBCOR'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND MOTION FOR MORE DEFINITE STATEMENT    Case No. 3:07-CV-02564-CRB

Sureties upon three causes of action: (1) breach of contract, (2) enforcement of Miller Act payment bond, and (3) quantum meruit. A courtesy copy of Webcor's Complaint is attached to the *Connolly Decl.* at ¶3.

## III. LEGAL ARGUMENT

### A. Complaint Sufficiently States a Claim for Relief Under the Miller Act.

#### 1. Standard of review on F.R.C.P. 12(b)(6) motions.

It is axiomatic that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Hall v. Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). In making a determination on a F.R.C.P. 12(b)(6) motion, the Court must (1) construe the complaint in the light most favorable to the plaintiff, (2) accept all factual allegations as true, and (3) determine whether the plaintiff can prove a set of facts in support of the claims that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Vector Research v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 697 (6th Cir. 1996). A complaint need not contain detailed factual allegations; rather, it must plead only "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007); *Weber v. VA*, 512 F.3d 1178, 1181 (9th Cir. 2008). Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Vector Research, supra*, 76 F.3d. at 697; *see also* F.R.C.P. 8(a)(2) (a short and plain statement of the claim showing that the pleader is entitled to relief).

#### 2. Allegations of complaint are sufficient to state a claim for relief under the Miller Act.

The portion of the Miller Act upon which Webcor seeks to recover, 40 U.S.C.S. § 3133(b)(1), provides that:

> Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title [40 USCS § 3131] and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.

In addition, 40 U.S.C.S. § 3133(b)(4) further provides that:

3

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

WEBCOR'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND MOTION FOR MORE DEFINITE STATEMENT    Case No. 3:07-CV-02564-CRB

> An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.

Thus, to adequately state a claim for relief under Section 3133, Webcor must plead that: (1) it furnished labor or material, (2) in carrying out work provided for in a contract, (3) for which a payment bond is furnished, (4) that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made, and (5) that such a claim has been brought within one year after the day the last of the labor was performed or material supplied.

      Webcor's Complaint satisfies these pleading hurdles. Webcor alleges that it was authorized to perform concrete and formwork services for the Project and that it commenced its work at the Project pursuant to the parties' agreement. (Complaint, ¶1, 1:27-2:2, incorporated by reference at ¶23, 5:3-4, and ¶26, 5:17-21). Webcor alleges that it entered into a subcontract agreement with DM in May 2003 and that it performed its work pursuant to that Agreement. (Complaint, ¶17, 4:7-10, Exhibit A attached thereto, incorporated by reference at ¶23, 5:3-4, and ¶26, 5:17-21). Webcor alleges that payment bonds and riders were furnished by the Sureties for the Project. (Complaint, ¶¶24-25, Exhibits B and C attached thereto, respectively, 5:5-16). Webcor alleges that there is a balance due and owing to it for work performed of not less than $6,152,017. (Complaint, ¶27, 5:22-25). Webcor alleges that it completed the provision of all of its labor, services and material more than 90 days prior to the filing of the Complaint. (Complaint, ¶28, 5:26-28). Webcor further alleges that it completed, by June 2006, all portions of the work pursuant to the Agreement and such claim for payment was brought within one year thereof. (Complaint, ¶26, 5:17-21 and ¶29, 6:1-2).

      Simply put, Webcor has adequately plead "enough facts to state a claim to relief that is plausible on its face." *Twombly, supra*, 127 S. Ct. at 1974. Defendants' concerns regarding a perceived statute of limitations issues are a red-herring, as the Complaint plainly, and concisely, pleads compliance with the time requirements so as to place this Miller Act action with the Court's jurisdiction. The reasonable inference from the allegations of the Complaint is that the Miller Act cause of action is timely filed. The allegations, read with the required liberality, are sufficient to allow Webcor to prove that the requirements of the statute have been met as plead, such that the motion to dismiss should be denied.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

4

WEBCOR'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND MOTION FOR MORE DEFINITE STATEMENT

Case No. 3:07-CV-02564-CRB

*Supermail Cargo v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). In the alternative, should the Court be inclined to grant Defendants' request, Webcor respectfully requests leave to amend its Complaint to correct any perceived deficiency.

### B. Complaint Sufficiently Definite to Put Defendants on Notice of Substance of Claims.

#### 1. Standard of review on F.R.C.P. 12(e) motions.

Motions for a more definite statement are viewed with disfavor, and are rarely granted. *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999); *In re American Int'l Airways, Inc.*, 66 B.R. 642, 645 (E.D. Pa. 1986). "The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988); *see also Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (A motion for a more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail).

Due to the liberal pleading standards in the federal courts embodied in Fed. R. of Civ. Proc. 8(e) and the availability of extensive discovery, the availability of a motion for a more definite statement has been substantially restricted. In particular, where the information sought by the moving party is available and/or properly sought through discovery the motion should be denied. *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981) (citations omitted); *Beery v. Hitachi Home Elecs. (Am.)*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

#### 2. Allegations of breach of contract are sufficiently definite to allow response.

It is hard to fathom that Defendants are wholly confused and unable to frame a response to Webcor's Complaint after more than three status conferences and months of detailed discussion between counsel as to Webcor's claims. Indeed, Defendants' moving papers are replete with description of the substantive claims at issue, which only serves to highlight the purely dilatory nature of Defendants' Rule 12(e) motion.

Defendants' focus on Webcor's breach of contract cause of action is misplaced. The Complaint pleads a simple cause of action for breach of contract in accordance with the requirements of Fed. R. of Civ. Proc. 8(a)(2), which demand only "a short and plain statement of the claim showing that the

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

5

WEBCOR'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND MOTION FOR MORE DEFINITE STATEMENT    Case No. 3:07-CV-02564-CRB

pleader is entitled to relief." Webcor alleges that the parties entered into a written agreement. (Complaint, ¶17, 4:7-10). Webcor alleges that it performed its obligations under the Agreement. (Complaint, ¶18, 4:11-12).. Webcor alleges that DM breached that Agreement and that such breach caused it damage. (Complaint, ¶¶19-20, 4:13-24).

These allegations are more than sufficient to place Defendants on notice of the nature and substance of the claims against them. Among the breaches that Webcor alleged are, among others, allegations that DM failed to timely pay Webcor for work done, failed to timely respond to, process and pass Webcor's claims through to the Owner, and failed to timely respond to change orders. Thus, under a broad pleading rule, Webcor's Complaint places Defendants on notice that the breach of contract claim implicates DM's failure to make payments under the Agreement, failure to pass through claims, and failure to respond to change orders. The level of detail that Defendants request is greater than that required by Rule 8(a)(2) and, as the Federal courts have consistently recognized, is more efficiently and effectively obtained through focused discovery rather than detailed pleading. *Famolare, Inc., supra,* 525 F.Supp. at 949.

Defendants' concerns regarding this Court's prior stay of proceedings as to portions of Webcor's Complaint are yet another red herring. To begin, the issue of this Court's stay of proceedings has no import to Defendants' ability to formulate a response to the Complaint and is not a proper basis for a Rule 12(e) motion for more definite statement. The Court, not the Complaint, asserts the authority to stay the proceedings or portions thereof and, as such, Defendants' claim that they need more specification in the Complaint so as to know what components of the Complaint are and are not subject to the stay is nonsensical. Regardless, there is no dispute that the only components of Webcor's Complaint that this Court has allowed to proceed in litigation are Change Orders 63, 64, and 65.[2]

---

[2] Despite this acknowledgement, it is hard to fathom any set of facts whereby Webcor's direct contractual right to payment for base contract work under the Agreement, and retention for such work, from DM would ever be a "claim" submitted to the Contracting Officer for a final decision such that those amounts should or would be subject to a stay of proceedings pending a Contracting Officer's final decision under 41 U.S.C.S. § 605(c)(5). Regardless, whether Webcor's claim for base contract amounts and retention due and owing are presently stayed by this Court is a matter to be addressed by separate motion and/or by caucus with the Court at the forthcoming Status Conference and has nothing to do with Defendants' ability to formulate a response to the Complaint.

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

6

WEBCOR'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND MOTION FOR MORE DEFINITE STATEMENT   Case No. 3:07-CV-02564-CRB

The motion for more definite statement should be denied in its entirety as to the third cause of action for breach of contract. In the alternative, should the Court be inclined to grant Defendants' request, Webcor respectfully requests leave to amend its Complaint to correct any perceived deficiency in specificity.

### 3. Allegations of quantum meruit are sufficiently definite to allow response.

Defendants' concerns as regards Webcor's cause of action for quantum meruit are consistent with their concerns regarding the breach of contract cause of action and merit no further analysis other than to acknowledge that Fed. R. of Civ. Proc. 8(d)(2) expressly allows parties to set forth alternative claims for relief, such as claims for quantum meruit. *Verizon New Jersey, Inc. v. Ntegrity Telecontent Services, Inc.*, 219 F.Supp.2d 616, 635 (D.N.J. 2002). The motion for more definite statement should be denied in its entirety as to the third cause of action for quantum meruit. In the alternative, should the Court be inclined to grant Defendants' request, Webcor respectfully requests leave to amend its Complaint to correct any perceived deficiency in specificity.

## IV. CONCLUSION

For the foregoing reasons, Webcor respectfully requests that the Court deny Defendants' motion in its entirety as Webcor has satisfied its pleading requirements under Fed. R. of Civ. Proc. 8 and has plead sufficient facts for this Court to have jurisdiction of its claims and for Defendants to be put on notice of the substance and nature of the claims against them. In the alternative, should the Court be inclined to grant Defendants' requests, Webcor respectfully requests leave to amend its Complaint to correct any perceived deficiencies in pleading.

Dated: July 24, 2008

BOWLES & VERNA LLP

By: _____
RICHARD T. BOWLES
KENNETH G. JONES
MICHAEL P. CONNOLLY
Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC. dba
WEBCOR BUILDERS

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

7

WEBCOR'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND MOTION FOR MORE DEFINITE STATEMENT

Case No. 3:07-CV-02564-CRB