JOHN W. RALLS (CA Bar No. 148233)
jralls@thelen.com
JOHN A. FOUST (CA Bar No. 218824)
jfoust@thelen.com
JOANNA ROSEN (CA Bar No. 244943)
jrosen@thelen.com
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA  94105
Tel. 415.371.1200 // Fax 415.371.1211

PATRICK S. HALLINAN (CA Bar No. 33838)
butchhallinan@hotmail.com
KENNETH H. WINE (CA Bar No. 142385)
kenwine@hotmail.com
HALLINAN & WINE
Law Chambers Building, 345 Franklin Street
San Francisco, CA 94102
Tel. 415.621.2400 // Fax 415.575.9930

Attorneys for Defendants, Counter-Claimants and Third Party Complainants
DICK/MORGANTI, DICK CORPORATION, THE MORGANTI GROUP,
AMERICAN CASUALTY COMPANY OF READING, PA and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br>vs.<br><br>DICK/MORGANTI, a joint venture, DICK CORPORATION, THE MORGANTI GROUP, AMERICAN CASUALTY COMPANY OF READING, PA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:07-CV-02564-CRB<br><br>**DECLARATION OF JOEL D. HEUSINGER IN OPPOSITION TO WEBCOR'S MOTION TO LIFT STAY**<br><br>Date:   August 29, 2008<br>Time:   10:00 a.m.<br>Place:   Courtroom 8<br><br>Before:   Hon. Charles R. Breyer |
| AND RELATED COUNTER-CLAIMS AND THIRD PARTY CLAIMS. | |

I, Joel D. Heusinger, declare:

1. I am an attorney at law and a partner in the law firm of Woods & Aitken LLP in Lincoln, Nebraska. My practice is focused on the prosecution and defense of claims arising out of construction projects. For over 20 years, I have represented clients in such disputes throughout the United States, and I have experience before various government boards, including the Civilian Board of Contract Appeals (and its predecessor Board), which hears claims against the GSA.

2. Since mid-2005, I have represented the Dick/Morganti Joint Venture ("D/M"), which was the general contractor for the San Francisco Federal Building. I have had a number of communications with D/M's subcontractors, including Webcor, regarding the change order requests and claims that have arisen from the Project. I have personal knowledge of the facts stated in this declaration.

3. I have read the declaration of Webcor's counsel, Ken Jones, submitted in support of Webcor's Motion to Lift Stay. In particular, I have read his statement that "Mr. Heusinger agreed [on January 25, 2008] that if the Contracting Officer did anything other than accept Webcor's certified claims by the mid-April [2008] deadline promised by the GSA, that D/M would immediately appeal the Contracting Officer's decision and seek an immediate appeal of Webcor's CORS." Mr. Jones is mistaken. I never made any such promise. Rather, I said that Webcor's claims would be included as part of D/M's global/omnibus claim, and that D/M would diligently prosecute those claims. That is exactly what D/M has done. In fact, D/M has certified and requested a Contracting Officer's Final Decision with respect to Webcor's CORs 60, 61 and 62.

4. I was taken aback by the statement in Mr. Jones' declaration. From April to July 2008, I have received no calls from Webcor requesting or suggesting that a separate appeal be filed. Before reviewing Webcor's papers, I had no notice that Webcor believed D/M had failed to live up to a promise to file a separate appeal of Webcor's claim.

5. Based on my experience with government boards, I did not believe that filing a separate appeal on Webcor's behalf would expedite resolution of any aspect of the case, particularly where the Contracting Officer had not yet issued her Final Decision. To the contrary,

in my experience, appeals arising out of the same project are generally consolidated and serious efforts at scheduling do not take place until all of the anticipated appeals have been received.

6. On August 5, 2008, I met with Mr. Jones (and with his partner, Rick Bowles) at Thelen's San Francisco office. Among other things, we discussed the claim that I had promised that D/M would separately appeal Webcor's claim. I told Mr. Jones I thought he was mistaken about his recitation of the January 25, 2008 meeting, but at the same time, we asked if Webcor wanted its claim to be appealed on a 'deemed denial' basis (which is the only way because the Contracting Officer has still not issued her final decision). Mr. Jones and Mr. Bowles said that they did want such an appeal filed. D/M's representatives immediately agreed, and such an appeal has already been drafted by D/M's counsel, approved by Webcor and filed with the Board.

7. In addition, at the August 5, 2008 meeting, D/M's representatives made suggestions to assist in the prosecution of Webcor's claims, including requesting a separate status conference for the new Webcor appeal. At the meeting, Webcor took that suggestion under advisement, but on the evening of August 7, confirmed that it would like this request to be made. The request was made the next day, in writing, to the Board.

8. In his declaration, and at the August 5, 2008 meeting, Webcor also voiced frustration at delays by the Contracting Officer in responding to Webcor's claims. I share Webcor's frustration in this regard, and note that this problem is not limited to Webcor's claim. This is why D/M is intensifying its efforts to prosecute all of the claims against the GSA.

9. In late July, before receiving any notice of the filing of Webcor's motion, Ken Jones e-mailed me stating he just found out D/M's previous local counsel, Ray Buddie and Rick Grady were no longer representing D/M and that Ken was concerned that such action would delay the claim resolution process. Mr. Jones also expressed concerns for the first time that an appeal had not been filed. I immediately called and e-mailed Ken Jones to explain all that had been accomplished during the intervening time, including filing the damage section of the omnibus claim, engaging Thelen to assist in the prosecution of the claim before the Board, meetings with the other project subcontractors and the recent status conference before Judge Borwick. I also told Mr. Jones we were scheduled to meet with various subcontractors the week of August 4 and that

we would be happy to meet with him at that time and further explain the status of the claim prosecution process. Mr. Jones indicated he was unaware of all of these developments, and he would like to meet to talk about them further. Only after this communication did I subsequently become aware Webcor filed the current motion.

10. From the time I first became involved, and throughout 2008, D/M has been doing everything possible to resolve change order requests, obtain payment from the GSA and prosecute the global/omnibus claim on behalf of D/M and its subcontractors. For the last few months, and currently, my efforts have been focused on working with those subcontractors who have yet to quantify and certify their portions of the claim.

11. This is essential because unless or until D/M has claims in exact dollar amounts, and that have been properly certified, and that D/M is able to satisfy itself are properly certified to the GSA, D/M cannot submit those claims to the Contracting Officer, which is a prerequisite to the filing of appeals with the Board. In fact, the April 2008 claim submitted by D/M has a number of "blanks" for subcontractors (not including Webcor) that had yet to quantify or properly certify their claims. As recently as August 4 through 6, 2008, I was in San Francisco, meeting with various subcontractors and attempting to persuade subcontractors to quantify and certify their claims as quickly as possible.

12. As stated in my communication with Ken Jones in June 2008, D/M retained the Thelen firm which will bring additional resources (particularly in Washington, D.C.) and attorneys who specialize in prosecuting claims against the GSA to assist in pushing the claims forward.

13. D/M has also been attempting to expedite matters in its communications with the Board. Most recently, on July 22, 2008 (ironically, just two days before the filing of Webcor's motion), I participated in a status conference before CBCA Judge Borwick, who has been assigned to hear the appeals arising out of the Project. Working with Thelen's attorneys, we raised the issue of the forthcoming appeals of the global/omnibus claim. We did so in order to make progress in the scheduling associated with those anticipated appeals, even though the Contracting Officer has not issued her final decision, and even though no appeals have yet been docketed.

14. GSA resisted these efforts, stating that it was unable to make a commitment of a date certain by which it would have issued its final decision on the appeals that have been submitted to it, including the Webcor claim and the April 28, 2008 quantification of claims.

15. We were pleased with the result. Judge Borwick set a further status conference of January 25, 2009, at which time he said he would address the scheduling for the entire matter, regardless of whether the Contracting Officer had issued her final decision with respect to any of those claims. As a result, we already have a status conference scheduled for the remaining claims, and have continued to establish a record of attempts to expedite resolution.

16. The issue of interest came up at that status conference, which is an important issue to D/M and its subcontractors, including Webcor. When GSA's counsel suggested that interest should not run until all of the claims were submitted, Judge Borwick responded that interest would run from the date the omnibus claim was submitted.

17. The CBCA's Order is attached as Exhibit A, and sets a further status conference for January 12, 2009 at which time the Board will "discuss the status and possible scheduling of future proceedings in these appeals and the potential appeal of the Contracting Officer's decision on appellant's omnibus claim."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of August, 2008 at Lincoln, Nebraska.

_____
Joel D. Heusinger