1 | JOHN W. RALLS (CA Bar No. 148233)
jralls@thelen.com
2 | JOHN FOUST (CA Bar No. 218824)
jfoust@thelen.com
3 | JOANNA ROSEN (CA Bar No. 244943)
jrosen@thelen.com
4 | THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
5 | San Francisco, CA 94105
Tel. 415.371.1200 // Fax 415.371.1211

PATRICK S. HALLINAN (CA Bar No. 33838)
butchhallinan@hotmail.com
KENNETH H. WINE (CA Bar No. 142385)
kenwine@hotmail.com
HALLINAN & WINE
Law Chambers Building, 345 Franklin Street
San Francisco, CA 94102
Tel. 415.621.2400 // Fax 415.575.9930

Attorneys for Defendants, Counter-Claimants and Third Party Complainants
DICK/MORGANTI, DICK CORPORATION, THE MORGANTI GROUP,
AMERICAN CASUALTY COMPANY OF READING, PA and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br>vs.<br><br>DICK/MORGANTI, a joint venture, DICK CORPORATION, THE MORGANTI GROUP, AMERICAN CASUALTY COMPANY OF READING, PA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIMS AND THIRD PARTY CLAIMS. | Case No.: 3:07-CV-02564-CRB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [F.R.C.P. 12(b)(6)] AND MOTION FOR A MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]**<br><br>Date:     August 29, 2008<br>Time:    10:00 a.m.<br>Place:    Courtroom 8<br><br>Before:  Hon. Charles R. Breyer |

## I. SUMMARY OF REPLY

Defendants bring this motion to dismiss in order to challenge the sufficiency of Webcor's allegations of timeliness of its Miller Act claim. Webcor's Miller Act claim is time barred, which is something that can potentially be resolved at the pleading stage so long as Webcor is required to allege the last day it supplied labor or material on the Project.[1] Accordingly, Defendants ask this Court to dismiss Webcor's Miller Act claim *without prejudice* and instruct Webcor to re-plead that claim with the appropriate factual allegation regarding the last day it supplied labor or material on the Project. Alternatively, the Court may treat this motion to dismiss as a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, and require the same.

In addition to the motion to dismiss Webcor's Miller Act claim, Defendants bring a motion for a more definite statement regarding Webcor's breach of contract claim. Because of the unique procedural posture of this case, wherein the action has been stayed with respect to three out of six disputed change order requests ('CORs'), while defendant Dick/Morganti prosecutes those CORs as part of its claim against the GSA, Webcor should be required to plead each COR as a separate count within its claim for breach of contract. This is necessary so that Defendants are not forced to respond to the Complaint in a way that could prejudice the CORs that are being passed through to the GSA. For these reasons and for the reasons discussed below, Defendants' motions should be granted.

## II. DISCUSSION

### A. Webcor Must Allege the Last Day It Supplied Labor or Material on the Project in Connection with Its Claim Under the Miller Act

A plaintiff pleading a claim under the Miller Act is required to allege that it's claim has been brought within one year after the last day it performed labor or supplied material on the project. (40 U.S.C. § 3133(b)(4); *see U.S. ex rel. Celanese Coatings Co. v. Duane Guillard*, 504 F.2d 466, 469 (9th Cir. 1966) [dismissing claim because plaintiff failed to allege it supplied

---

[1] The statute of limitations on a Miller Act suit is one year, from the last day the claimant provided labor and materials to the job. Webcor recorded its last labor hour on the job on December 13, 2005. Webcor filed this action on May 15, 2007.

1  materials within one year prior to filing suit].)  This must be done by alleging facts, not legal
2  conclusions.  Just last term, the Supreme Court clarified that a complaint must allege "enough *facts*
3  to state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, __ U.S. __, 127
4  S. Ct. 1955, 1974 (2007) [emphasis added].)  A plaintiff should not be permitted to slide by with
5  mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." (*Id.* at
6  1965.)

7        Webcor's Complaint does not allege the last day that it supplied labor or material on the
8  Project but relies, instead, on the conclusory statement: "Webcor completed their provision of
9  labor, services, materials, and equipment at the Project less than one year before the filing of this
10 Complaint." [Webcor Complaint, ¶29.]  This is not enough.  Webcor's Complaint was filed on May
11 15, 2007.  Webcor must allege the last day that it supplied labor or material on the Project was on
12 or before May 15, 2006, or Defendants may move to dismiss the claim for being time barred under
13 40 U.S.C. §3133.

14       In its opposition brief, Webcor argues, among other things, that it satisfied the requirement
15 to plead timeliness by alleging that "by June of 2006, [it had] completed all portions of the
16 subcontract work."  This too is insufficient.  In failing to allege the last day it worked on the
17 Project, Webcor does not exclude the possibility that it actually completed the work before
18 May 15, 2006.  For example, though a completion date of December 13, 2005 predates "June of
19 2006", a completion date of May 14, 2006, would be fatal to Webcor's claims.  A court need not
20 accept the unreasonable inferences a plaintiff makes to attempt to establish timeliness of its action.
21 (*See Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.
22 1982) ["we do not accept as true conclusionary allegations in the complaint…a complaint that shows
23 relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed"].)
24 Accordingly, because the statement "by June, 2006" is pregnant with the possibility that Webcor's
25 Miller Act claim is untimely, this Court should grant Defendants' motion to dismiss the Miller Act
26 claim.

27       Alternatively, this Court should require Webcor to provide a more definite statement of
28 when it last performed work or supplied materials on the Project.  (*See Patel v. Dameron Hosp.,*

No. S-99-1275 EFB, 2008 U.S. Dist. LEXIS 33545, *13-14 (E.D. Cal. April 23, 2008) [court deferred ruling on Rule 12(b)(6) motion pending submission by plaintiffs of a more definite statement of their allegations relating to the statute of limitations]; *see also Wood v. Apodaca,* 375 F. Supp. 2d 942, 949-950 (N.D. Cal. 2005) [ordering plaintiff to make a more definite statement pursuant to Rule 12(e) because "without knowing when plaintiff claims to have discovered [its injury], defendants cannot ascertain whether the claims . . . are timely"].)

### B. Under the Circumstances, Webcor Should Be Required to Plead Each COR as a Separate Count within Its Cause of Action for Breach of Contract

Defendants believe that because of the unique procedural posture of this case Webcor should be required to plead its cause of action for breach of contract with greater particularity. Webcor has stated that its contract claim is based on six individual disputed change order requests ("CORs"). Three of those six CORs have been stayed by order of this Court, dated December 19, 2007, while defendant Dick/Morganti pursues those CORs on a pass-though basis as part of its claim against the GSA. Webcor's Complaint, however, does not identify or distinguish between the six CORs but rather states a single blanked claim for breach of contract.

Dick/Morganti cannot respond properly to the Complaint unless Webcor is made to plead each COR separately as a count within its cause of action for breach of contract. For example, although Dick/Morganti wishes to deny the allegations relating to the three CORs that have not been stayed and are therefore not being passed through in its claim against the GSA, it cannot do so without risking prejudicing its claim against the GSA, which includes the other three of the six CORs. The same is true with respect to defenses and counterclaims.[2]

Defendants are aware that motions for a more definite statement are ordinarily disfavored. Defendants are also aware that Rule 8 of the Federal Rules of Civil Procedure does not ordinarily require Webcor to break up its cause of action for breach of contract into separate counts based on the incident of breach. It is within this Court's discretion, however, to compel that it be done,

---

[2] Webcor fairly points out that it put forward a form of amended complaint, in an effort to resolve the motion, but that Defendants did not respond. Defendants' should have responded, but failed to do so (as a result of the transition of counsel). Unfortunately, Webcor's proposed Amended Complaint does not alleviate Defendants' concerns about the pleading.
SF #1542748 v1    -3-
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
AND MOTION FOR A MORE DEFINITE STATEMENT                    No.: 3:07-CV-02564-CRB

when doing so would promote the interests of justice and fairness. Such is the case here. Moreover, aside from the effort required to draft an Amended Complaint, there would be no prejudice caused to Webcor. Therefore, Defendants ask that this Court grant the motion for a more definite statement and require Webcor to plead each unstayed COR as a separate count.

### III. CONCLUSION

There is good cause for granting both of these motions. Webcor's Miller Act claim should be dismissed without prejudice with the instruction that Webcor re-plead that claim with the necessary factual allegations regarding timeliness. Webcor should also be required to amend its cause of action for breach of contract to plead each COR as a separate count to avoid prejudice to the CORs that have been stayed by this Court and are being passed through to the GSA as part of Dick/Morganti's claim. Therefore, Defendants respectfully request that its motions be granted.

Dated: August 15, 2008                THELEN REID BROWN RAYSMAN & STEINER LLP

By /s/
_____
John W. Ralls
Attorneys for Defendants, Counter-Claimants and Third Party Complainants DICK/MORGANTI, DICK CORPORATION, THE MORGANTI GROUP, AMERICAN CASUALTY COMPANY OF READING, PA, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA