RICHARD T. BOWLES (# 46234)
KENNETH G. JONES (# 196868)
WILLIAM T. NAGLE (# 180162)
MICHAEL P. CONNOLLY (# 238478)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: rbowles@bowlesverna.com
       kjones@bowlesverna.com
       mconnolly@bowlesverna.com

Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC. dba
WEBCOR BUILDERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED THIRD-PARTY ACTIONS AND CROSS-ACTIONS | CASE NO.: 3:07-CV-02564-CRB<br><br>**WEBCOR'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY OF PROCEEDINGS**<br><br>Date: August 29, 2008<br>Time: 10:00 a.m.<br>Dept.: Courtroom 8<br>Judge: Hon. Charles R. Breyer |

## I. INTRODUCTION

Webcor Construction, Inc. dba Webcor Builders' ("Webcor") efforts to engage Dick Morganti Joint Venture ("DM") in prosecuting Webcor's claims with the Owner, the General Services Administration ("GSA"), has followed a consistent, obstinate course over the last two years and is an

{00161691.DOC; 1}   1

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

WEBCOR'S REPLY MEMORANDUM IN SUPPORT
OF MOTION TO LIFT STAY OF PROCEEDINGS        Case No. 3:07-CV-02564-CRB

ongoing history of DM's continued breach of the parties' subcontract agreement. Webcor requests that DM submit its claims to the GSA, as required by the subcontract, and DM refuses. Webcor is left with no choice but to sue DM for breach and DM then promptly offers to pass Webcor's claim up. The GSA demands more time and information to review Webcor's claims, and DM agrees with Webcor that such request is unreasonable. Webcor thus requests DM immediately appeal Webcor's claim as a deemed denial and DM refuses, saying it will wait until April 2008. The GSA continues to delay and fails to render a final decision on Webcor's claims by April 2008 (a deadline set by the GSA) and DM again fails to appeal. Webcor files this motion to lift the stay and DM promptly files an appeal of Webcor's claims.

All Webcor has demanded is compliance with its subcontract, which requires DM to pursue prosecution of Webcor's claims with reasonable diligence. As is apparent from the history of this litigation, and from DM's opposition memorandum, very little has been done by DM that qualifies as the diligent pursuit of Webcor's claims. DM has repeatedly failed to honor this obligation which is a clear breach. This breach, despite DM's belated efforts and self-serving balm regarding its omnibus claim, has resulted in real damage to Webcor's interests as a result of the loss of its ability to recover interest under the Contract Disputes Act had its claim been appealed sooner – a fact which DM conveniently glosses over. Therefore, Webcor continues to request that this Court lift its October 19, 2007 conditional stay as to Webcor's Change Order Request ("COR") Nos. 60, 61, and 62, and claims for base contract work and unreleased retention, and allow Webcor to proceed in light of DM's breach of the subcontract agreement.

## II.    ARGUMENT

### A.    DM Has Not Aggressively Pursued Webcor's Claims.

Contrary to its self-serving declarations, DM has utterly failed to diligently and aggressively pursue Webcor's claims against the GSA in relation to the San Francisco Federal Building Project (the "Project"). Quite frankly, had DM been aggressively and diligently pursuing Webcor's claims all along, as required by the parties' subcontract agreement, this litigation would not have arisen in the first place. Instead, Webcor has had to battle DM and its counsel for more than two years in order to get any movement on DM's part in regard to Webcor's claims.


{00161691.DOC; 1}

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

WEBCOR'S REPLY MEMORANDUM IN SUPPORT
OF MOTION TO LIFT STAY OF PROCEEDINGS

2

Case No. 3:07-CV-02564-CRB

Indeed, in July 2005 Webcor first submitted to DM its COR No. 60, which compiles cost and schedule impacts experienced by Webcor in relation to rebar congestion and increased concrete finish requirements and which is the largest component of its claims. The GSA failed to respond to that submission until October 2006 (by rejection), at which point DM refused Webcor's demand to immediately appeal for a final decision. DM continued to refuse to submit COR No. 60 for a final decision until July 2007 – two months **AFTER** Webcor was left with no choice but to sue DM to protect its Miller Act rights.[1]

DM has continued to fail to communicate with Webcor as to the status of the GSA's review of COR No. 60. For example, DM failed to advise Webcor until late October 2007 that the GSA had decided not to render a final decision until April 2008, even though the statutory period by which a final decision was due or deemed a denial had long since passed. Of course, April 2008 has come and gone and DM, as is its typical course of conduct, failed to appeal, failed to communicate, and failed to honor its subcontract agreement to diligently pursue.

After the last status conference before this Court in January 2008, Webcor's counsel met with DM's counsel, including Joel Heusinger, to discuss Webcor's claims and, in light of the stay, how to move the case forward. It was expressly discussed that if the GSA responded to Webcor's COR No. 60 with anything less than acceptance there would be an appeal. *Declaration of Kenneth G. Jones ("Jones Decl.")* at ¶ 2. Whether or not Mr. Heusinger recalls that discussion now is really a moot point as Mr. Heusinger, and DM, was nonetheless expressly aware of the GSA's decision deadline, was expressly aware that Webcor had demanded – and continued to demand – an immediate appeal, and was aware of DM's statutory ability to appeal COR No. 60 on the basis of a lack of decision and a "deemed denial." *Jones Decl.* at ¶ 3. Thereafter Webcor received no communication from DM. *Jones Decl.* at ¶ 4. DM has again failed to live up to its bargain and, in the absence of any communication, cooperation or diligence, Webcor was forced to bring this present motion. True to form, within less than two weeks of the filing of this motion, DM provided a generic form letter informing Webcor of actions DM had taken without any notice to Webcor within the past few months, DM's counsel offered to appeal Webcor's

---

[1] Webcor has had a similar experience with COR Nos. 61 and 62, which were first submitted to DM in October 2005 and which DM refused to even submit to the GSA until February 2008.

{00161691.DOC; 1}

3

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

WEBCOR'S REPLY MEMORANDUM IN SUPPORT
OF MOTION TO LIFT STAY OF PROCEEDINGS

Case No. 3:07-CV-02564-CRB

COR No. 60, and reached out to meet with Webcor's counsel. *Jones Decl.* at ¶ 5-6 and Exhibit "A" thereto. Why is it that DM is only willing to act with diligence once it is faced with the risk of standing before this Court? DM cannot selectively choose to honor its agreement to diligently pursue Webcor's claims AFTER it has already breached that provision and caused harm to Webcor.

DM does a shabby job of bolstering its conduct by claiming that Webcor is partly to blame by failing to keep pestering DM with continual inquiries as to status. Webcor does not deny that all parties might have better communicated along the path to where this case now stands. However, Webcor takes affront at the admission that DM would have more diligently pursued Webcor's claims had Webcor complained more.[2] The argument smacks as an acknowledgment that DM has failed to diligently prosecute Webcor's claims. It is also contrary to Webcor's expectation, as is its right under the subcontract, that its contractual partner will honor and live up to the deal it made. The subcontract required DM to diligently pursue Webcor's claims with the GSA – not the claims of other subcontractors, not the claims of some "omnibus claim" to which DM continues to pay homage but which is nowhere referenced in Webcor's subcontract. DM's counsel is well aware that there were discussions in January 2008 regarding Webcor's expectation that there would be a timely appeal in April 2008 if the GSA did anything other than fully accept Webcor's COR No. 60.

Webcor agrees that the addition of seasoned, experienced counsel from Thelen Reid Brown Raysman & Steiner LLP ("Thelen") is a significant and positive development. The addition of the Thelen team, concurrent with or shortly after Webcor's filing of this instant motion, has resulted in some lines of communication being opened and has created the prospect of a more proactive DM in the future. Webcor wholly welcomes this development. However, DM's present promises, of which Webcor has heard plenty, are no substitute for the reality of its past failures to act. Put another way, DM's sudden effort to become more communicative and its promise to be more proactive in pushing

---

[2] Not only is the assertion offensive, it completely disregards the fact that it is DM – not Webcor – who is able to interface and communicate with the GSA. As a subcontractor, Webcor has no recourse or line of communication to the GSA and it must wholly rely upon the good faith and support of its general contractor, DM, to diligently pursue its rights on its behalf before the GSA. Webcor has not been privy to any communications between DM and GSA regarding Webcor's own COR Nos. 60, 61, and 62 and has been left utterly in the dark. DM's argument would leave Webcor to act like some modern-day orphaned Oliver Twist begging its general contractor for more drippings from the Master's table. One would hope that the resolution of federal construction claims has advanced beyond the times of Charles Dickens.

{00161691.DOC; 1}                            4

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

WEBCOR'S REPLY MEMORANDUM IN SUPPORT    Case No. 3:07-CV-02564-CRB
OF MOTION TO LIFT STAY OF PROCEEDINGS

Webcor's claims with the GSA in no way changes the fact that DM, by its prior failures to diligently prosecute, has breached the subcontract.

### B. DM's Pursuit of an "Omnibus Claim" Is Not Facilitating Resolution of Webcor's Claims.

DM's so-called "Omnibus Claim" will not facilitate the resolution of Webcor's own claims, a fact acknowledged by DM's own counsel. Barbara Werther, one of DM's new counsel, has acknowledged that, in her experience, which is significant, "[Civilian Board of Contract Appeals] judges and the GSA's counsel are interested in "breaking up" these large and complex disputes into components to facilitate resolution." See Declaration of Barbara G. Werther in Support of Opposition, ¶ 13 ("Werther Decl."); Docket #140, attached to the Jones Decl. at ¶ 7 as Exhibit "B" for ease of reference.

Ms. Werther's acknowledgment – and her experience in resolving federal construction claims in general – is completely dissonant with DM's continued effort to shape the dispute regarding Webcor's claims into a broader discussion of DM's own "Omnibus Claim," and thereby painting Webcor as a recalcitrant subcontractor arrogantly demanding resolution of its claims before any other. Nothing could be further from the truth. In fact, Ms. Werther's experience is consistent with Webcor's demand that DM should diligently pursue resolving Webcor's claims with the GSA as soon as practicably possible. What is the point of DM delaying resolution of Webcor's claims, which have been known and quantified since at least October 2005 and ready for resolution, in anticipation of an incomplete Omnibus Claim if the Civilian Board of Contract Appeals ("CBCA") will simply break up this "large and complex dispute into components to facilitate resolution," as Ms. Werther phrased it? See ¶ 13 of Exhibit "B" attached to Jones Decl. at ¶ 7.

What is clear is that the Omnibus Claim is still not finalized or complete, if it ever can be, and that DM continues to wait for some subcontractors to get on board, if they ever will. As noble as DM's efforts to include all parties may be, those efforts come at continued cost and burden to Webcor (and other subcontractors like it), whose claims have long since been ready for adjudication. By refusing to submit Webcor's claims to the GSA and to diligently push for an independent resolution process with the GSA – a process which Ms. Werther concedes the GSA may be inclined to accept – DM has forced

{00161691.DOC; 1}    5
WEBCOR'S REPLY MEMORANDUM IN SUPPORT    Case No. 3:07-CV-02564-CRB
OF MOTION TO LIFT STAY OF PROCEEDINGS

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

Webcor to carry a nearly $6 million burden in addition to the loss of interest which could have been recovered if the claims had been submitted sooner. Indeed, DM's statement that Judge Borwick of the CBCA, before whom DM's claim is pending, ordered in July 2008 that interest would run from the date of the submission of DM's claim is misleading. While Webcor will certainly hold DM to that assertion, the fact is that Judge Borwick's July 23, 2008 Order makes no mention of a ruling on interest and that proceeding did not involve Webcor's claims, only DM's claims. *Jones Decl.* at ¶ 8 and Exhibit "C" thereto.

Webcor has demanded nothing more than to receive the benefit of its bargain, which was DM's agreement to diligently prosecute Webcor's claims – not the claims of other subcontractors, and not the claims of some Omnibus Claim.

## III. CONCLUSION

For all of the foregoing reasons, the stay implemented by this Court on October 19, 2007 should be lifted and Webcor should be allowed to proceed against DM and the Sureties on its claims for COR Nos. 60, 61 and 62 and any amounts due for base contract work and unreleased retention.

Dated: August 15, 2008

BOWLES & VERNA LLP

By: _____
RICHARD T. BOWLES
KENNETH G. JONES
MICHAEL P. CONNOLLY
Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC. dba
WEBCOR BUILDERS

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

{00161691.DOC; 1}

6

WEBCOR'S REPLY MEMORANDUM IN SUPPORT
OF MOTION TO LIFT STAY OF PROCEEDINGS

Case No. 3:07-CV-02564-CRB