RICHARD T. BOWLES (# 46234)
KENNETH G. JONES (# 196868)
WILLIAM T. NAGLE (# 180162)
MICHAEL P. CONNOLLY (# 238478)
BOWLES & VERNA LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, California 94596
Telephone: (925) 935-3300
Facsimile: (925) 935-0371
Email: rbowles@bowlesverna.com
        kjones@bowlesverna.com
        mconnolly@bowlesverna.com

Attorneys for Plaintiff
WEBCOR CONSTRUCTION, INC. dba
WEBCOR BUILDERS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, <br><br> Plaintiffs, <br><br> vs. <br><br> DICK/MORGANTI, a joint venture; DICK CORPORATION; THE MORGANTI GROUP; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; and DOES 1-10, inclusive, <br><br> Defendants. <br><br> AND RELATED THIRD-PARTY ACTIONS AND CROSS-ACTIONS | CASE NO.: 3:07-CV-02564-CRB <br><br> **DECLARATION OF KENNETH G. JONES IN SUPPORT OF WEBCOR'S REPLY TO MOTION TO LIFT STAY OF PROCEEDINGS** <br><br> Date:     August 29, 2008 <br> Time:     10:00 a.m. <br> Dept.:    Courtroom 8 <br> Judge:   Hon. Charles R. Breyer |

I, KENNETH G. JONES, DECLARE:

    1.    I am an attorney at law duly licensed to practice before all Courts of the State of

California and am a partner at Bowles & Verna LLP, attorneys for plaintiff Webcor Construction Inc,

{00162097.DOC; 1}

1

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

DECLARATION OF KENNETH G. JONES IN SUPPORT OF
WEBCOR'S REPLY MOTION TO LIFT STAY OF PROCEEDINGS

Case No. 3:07-CV-02564-CRB

1  dba Webcor Builders ("Webcor"), in the above action.  As such, I have personal knowledge of the facts

2  set forth herein and if called as a witness, could and would competently testify thereto.

3       2.    On January 25, 2008, I met with Joel Heusinger and Ray Buddie, counsel for Dick

4  Morganti Joint Venture ("DM"), in San Francisco to discuss the status of Webcor's claims and the

5  Contracting Officer's request for additional time and documents in responding to Webcor's COR No.

6  60.  Mr. Heusinger acknowledged that that the GSA's October 2007 request for additional time to

7  consider COR No. 60, and for additional documentation, was unreasonable and that if there was no

8  positive response by April 2008 there would be an appeal.

9       3.    Whether or not Mr. Heusinger recalls our discussion now is really a moot point as Mr.

10  Heusinger, and DM, was nonetheless expressly aware of the GSA's decision deadline, was expressly

11  aware that Webcor had demanded – and continued to demand – an immediate appeal, and was aware of

12  DM's statutory ability to appeal COR No. 60 on the basis of a lack of decision and a "deemed denial."

13       4.    After our meeting in January 2008, I have received no communication from DM or its

14  counsel regarding the status of Webcor's claims pending before the GSA Contracting Officer.

15       5.    On July 30, 2008, I received a generic form letter from Michael Ambroso, DM's general

16  counsel, which informed me that DM had a status conference with the Contract Board of Appeals Judge

17  in mid-July 2008 regarding the status of DM's global claim.  A true and correct copy of that letter is

18  attached hereto as Exhibit "A."  The letter further stated that DM had agreed to have any further hearing

19  on its claim stayed until January 2009.  Again, Webcor received no advance notice of this status

20  conference to be able to provide its input and the status conference bore no relevance to Webcor's own

21  claims.

22       6.    Within days of filing this present Motion, I was contacted by Mr. Heusinger regarding a

23  possible meeting between DM's new counsel and Webcor's counsel to take place in San Francisco the

24  first week of August 2008.  My partner, Richard Bowles, and myself, attended a meeting with Mr.

25  Heusinger, Michael Ambroso, and Ronan McHugh of Thelen, Reid, Brown Raysman & Steiner, LLP

26  on August 5, 2008.

27       7.    Attached hereto as Exhibit "B" is a true and correct copy of the *Declaration of Barbara*

28  *G. Werther in Support of Opposition*, Docket # 140.

{00162097.DOC; 1}

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

DECLARATION OF KENNETH G. JONES  IN SUPPORT OF           Case No. 3:07-CV-02564-CRB
WEBCOR'S REPLY MOTION TO LIFT  STAY OF PROCEEDINGS

8.     At the meeting, Mr. Heusinger provided me a copy of Judge Borwick's Order from the July 23, 2008 status conference regarding DM's omnibus claim. A true and correct copy of that Order is attached hereto as Exhibit "C." Contrary to DM's argument in its opposition, the record, as reflected in the attached order, makes no reference to an order regarding interest running from the date of claim submission. Even were such an order a part of the record, which it does not appear to be, Webcor's claim for COR No. 60 was submitted in July 2007 – nearly six months before DM's claim – and it is beyond dispute that Webcor's affirmative claims for COR No. 60, and COR Nos. 61 and 62, were not at issue before Judge Borwick at the July 23, 2008 status conference.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this ___ day of August, 2008, at Walnut Creek, California.

By: _____
KENNETH G. JONES

Bowles & Verna LLP
2121 N. California Blvd
Suite 875
Walnut Creek 94596

{00162097.DOC; 1}

3

DECLARATION OF KENNETH G. JONES  IN SUPPORT OF
WEBCOR'S REPLY MOTION TO LIFT  STAY OF PROCEEDINGS

Case No. 3:07-CV-02564-CRB

# EXHIBIT A

**DICK**
C O R P O R A T I O N

*Building Excellence for Over 80 Years!*

Michael T. Ambroso
*Assistant General Counsel &*
*Assistant Secretary*

July 30, 2008

<u>VIA FACSIMILE 925-935-0371</u>
<u>and First Class Mail</u>
Kenneth Jones, Esq.
Bowles & Verna, LLP
2121 N. California Blvd., Suite 875
Walnut Creek, CA 94596

RE:    San Francisco Federal Building
       Webcor Construction, Inc.

Dear Ken:

The purpose of this letter is to provide you with information concerning the status of our respective claims arising out of the Project. We have been, or soon will be, in contact with you to specifically discuss this, but we wanted to ensure that you are kept apprised of the latest status of the progress of the omnibus claim process.

As you know, on November 30, 2007, Dick/Morganti ("D/M") submitted to the GSA a certified omnibus claim detailing D/M's and its subcontractors' entitlement to additional payment as a result of GSA's actions and inactions that caused the construction delays and the cost of the Project to increase dramatically. The omnibus claim detailed a number of the GSA caused issues that increased significantly the time and costs on the Project to both subcontractors and D/M. The narrative focused on issues such as the rebar congestion, concrete finishes and camber issues, flat lock panels at F-L lines and the Tenant Improvement changes as events that seriously disrupted the work.

Subsequent to this claim entitlement statement being submitted, D/M submitted to the GSA, on April 25, 2008, the certified damages details of the omnibus claim, to the extent those damages had been submitted to D/M from the subcontractors, along with D/M's damages. This part of the claim set forth the amount of damages being claimed by D/M and its subcontractors in connection with GSA's denial or unilateral determination and underpayment on Change Order Requests ("CORs"). It also included certain subcontractors' damages incurred as a result of their performance being disrupted and impacted on the Project by the actions and inactions of the GSA. At the time that D/M submitted this damages statement, quantification information to the GSA was not complete because some subcontractors had not yet provided D/M with their claim information. As a consequence, D/M made reference to certain subcontractors in its omnibus claim document and informed GSA that their information had not yet been submitted, was still awaited and would be forthcoming. Since the submission of the omnibus claims, D/M has been actively seeking this outstanding information from these subcontractors. In this regard, most subcontractors have now provided D/M with their final pricing for the CORs. D/M, however, is



still awaiting certain subcontractors' claims and damages information for the GSA caused impact and disruption that they endured on the Project. D/M has been having discussions with these subcontractors, and has scheduled additional meetings to obtain this information in a form that can be presented to the GSA.

In addition, D/M was recently notified that GSA's auditors intend to begin their audit of D/M's claim on August 18, 2008. This audit is part of the claim process and we expect that the GSA's auditors will visit a number, if not all, of the subcontractors who have claims in order to verify the damages being claimed. As the GSA's auditors will shortly begin their audit process, it is of the utmost importance that the claims be completed without delay and that all supporting documentation be provided. To this end, D/M reasonably anticipates, and is working towards having, the completed subcontractor information in a form that can be submitted to GSA by no later than the end of September 2008. We expect that you will work with us to ensure that this deadline is maintained so that the completion of the complete claim submission to the GSA is not delayed and so that GSA's Contracting Officer's determination on the claim is not delayed as well.

As you may know, the GSA's Contracting Officer has, by statute, 90 days from receipt of the complete certified claim information to issue her Final Decision on the omnibus claim. If the GSA fails to issue a decision within this 90 day period or issues a decision on the claim that is unsatisfactory, D/M can appeal the decision in a litigation process before the Civilian Board of Contract Appeals ("CBCA") in Washington D.C. We anticipate that either GSA will not issue a decision or that GSA's decision will be a denial of the claim. In anticipation of this appeal process to the CBCA and to supplement our outside legal team of Joel Heusinger (Woods & Aitken), D/M has recently engaged the law firm of Thelen Reid Brown Raysman & Steiner LLP to assist us with bringing any claims to the CBCA. Thelen has significant experience in claims against the GSA and has resolved many claims with GSA through the mediation process, rather than litigation. Both Thelen (Barbara Werther and Ronan McHugh) and Joel will now be working together on the claims. Our goal remains to obtain a fair settlement with the GSA through mediation or negotiation.

There are currently five (5) individual claims that were previously submitted to the CBCA. The GSA's Contracting Officer had previously issued decisions denying these claims. The CBCA, wishing to consolidate all of the claims on the Project, stayed these claims pending the submission and final decision from the Contracting Officer on D/M's omnibus claim. At a scheduling conference on July 22, 2008 held with Judge Borwick, the judge assigned to these appeals, the Judge ordered that these appeals would be further stayed until January 12, 2009 in order to give time for D/M to submit the outstanding subcontractor claim information by the end of September and to give the GSA's Contracting Officer 3 months to issue her final decision on the outstanding claims.

As I am sure you do, D/M wishes to keep this deadline so that we can move forward, collectively, towards resolution. As such, we will be in contact with those from whom information is still required, in order to obtain that information in a timely fashion to support the submission of all claim information by the end of September 2008. D/M needs your commitment to meet the



September filing date, and we look forward to your continued co-operation in this claim process. If you have any questions concerning this process, please get in touch with me or with our counsel at Thelen, specifically Barbara Werther and Ronan McHugh. They can be reached at bwerther@thelen.com or 202-508-4279 and rmchugh@thelen.com or 202-508-4125.

We look forward to working with you to ensure that the submissions to GSA are complete and comprehensive, and to ensure that the audits are conducted expeditiously.

Sincerely,

DICK/ MORGANTI, a Joint Venture

Michael T. Ambroso

cc:    Barbara Werther, Esq.
       Joel Heusinger, Esq.

EXHIBIT B

1  JOHN W. RALLS (CA Bar No. 148233)
   jralls@thelen.com
2  JOHN A. FOUST (CA Bar No. 218824)
   jfoust@thelen.com
3  JOANNA ROSEN (CA Bar No. 244943)
   jrosen@thelen.com
4  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street, Suite 1800
5  San Francisco, CA  94105
   Tel. 415.371.1200 // Fax 415.371.1211
6
   PATRICK S. HALLINAN (CA Bar No. 33838)
7  butchhallinan@hotmail.com
   KENNETH H. WINE (CA Bar No. 142385)
8  kenwine@hotmail.com
   HALLINAN & WINE
9  Law Chambers Building, 345 Franklin Street
   San Francisco, CA 94102
10 Tel. 415.621.2400 // Fax 415.575.9930

11 Attorneys for Defendants, Counter-Claimants and Third Party Complainants
   DICK/MORGANTI, DICK CORPORATION, THE MORGANTI GROUP,
12 AMERICAN CASUALTY COMPANY OF READING, PA and
   NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA
13

14                    UNITED STATES DISTRICT COURT

15        NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

16

17 UNITED STATES OF AMERICA for the Use and      Case No.: 3:07-CV-02564-CRB
   Benefit of WEBCOR CONSTRUCTION, INC. dba
18 WEBCOR BUILDERS, and WEBCOR                    **DECLARATION OF BARBARA G.**
   CONSTRUCTION, INC. dba WEBCOR                  **WERTHER IN OPPOSITION TO**
19 BUILDERS,                                      **WEBCOR'S MOTION TO LIFT**
                                                  **STAY**
20                    Plaintiffs,
                                                  Date:    August 29, 2008
21        vs.                                     Time:    10:00 a.m.
                                                  Place:   Courtroom 8
22 DICK/MORGANTI, a joint venture, DICK
   CORPORATION, THE MORGANTI GROUP,              Before:  Hon. Charles R. Breyer
23 AMERICAN CASUALTY COMPANY OF
   READING, PA, NATIONAL UNION FIRE
24 INSURANCE COMPANY OF PITTSBURGH, PA,
   and DOES 1 through 10, inclusive,
25
                      Defendants.
26

27 AND RELATED COUNTER-CLAIMS AND
   THIRD PARTY CLAIMS.
28

1       I, Barbara G. Werther, declare:

2       1.    I am a partner in the law firm of Thelen Reid Brown Raysman & Steiner LLP

3   ("Thelen") in Washington, D.C. I have practiced government contracts and construction law for

4   over 30 years. I obtained my B.A. degree from the University of Pennsylvania in 1975 and my

5   J.D. from the National Law Center of the George Washington University in 1978. Prior to joining

6   Thelen on May 1, 2002, I was employed by the following government contracts law firms:

7   Sellers, Conner & Cuneo from September 1978 to October 1981; Pettit & Martin from October

8   1981 to October 1985; Watt, Tieder, Killian & Hoffar (now Watt, Tieder, Hoffar and Fitzgerald)

9   from October 1985 to February 1998; Arent, Fox, Kintner, Plotkin & Kahn from February 1998 to

10  May 1, 2002, when I joined Thelen. I have been a partner since 1987. During this period of time,

11  I have developed substantial expertise in litigating claims against the federal government and have

12  represented many large contractors at the Boards of Contract Appeals and the United States Court

13  of Federal Claims, the two courts having jurisdiction to hear claims for money damages against

14  the federal government. I have been named by Chambers and Partners for several years as one of

15  the best construction lawyers in Washington, D.C. For its part, Thelen has been named by

16  Chambers and Partners as the best construction law firm in the United States. Although I have

17  represented contractors in disputes against many federal agencies (e.g., the Navy, Air Force, Army

18  Corps of Engineers), in recent years, I have worked on and settled (or litigated) with the General

19  Services Administration ("GSA) the following claims: (a) a seven figure claim involving the

20  construction of the Tampa Courthouse; (b) an eight figure claim on the EPA Campus project (6

21  buildings and laboratories) in Raleigh-Durham, NC; (c) an eight figure claim on the 1 million

22  square foot renovation and new construction for the ICC/USCS/CW building in Washington, DC;

23  (d) an eight figure claim on the Roman Hruska Courthouse in Omaha, Nebraska; and (e) a claim

24  on the NOAA headquarters at the University of Maryland.

25      2.    Large government contract claims, particularly those arising out of building

26  projects, normally implicate not only the general contractor, but also numerous subcontractors.

27  Hence, when there are large government contract claims, because the subcontractors are not in

28  privity of contract with the federal government, the prime contractor's subcontracts typically allow

1  the subcontractors to pass their claims through to the federal government, because the

2  subcontractors have often incurred extra costs due to the government's changes or delays.  It is

3  typical for the general contractor to submit "omnibus claims" to the contracting officer, on behalf

4  of itself and all of its subcontractors, for a final decision.

5        3.    Under the Contract Disputes Act, 41 U.S.C. §§ 601-613 ("CDA"), there are

6  administrative procedures that must be followed in order to prosecute claims against the federal

7  government for money damages.  First, a contractor must submit a change order request or request

8  for time extension or other relief to the Contracting Officer. The Contracting Officer is an

9  individual who has been assigned by the contracting agency to the project and who is given a

10  warrant to make changes to the contract.  If the request for relief is denied, the contractor then may

11  submit a certified claim to the Contracting Officer.  Such a claim must set forth the exact dollar

12  amount requested. *See Metric Constr. Co., v. U.S.*, 14 Cl. Ct. 177, 179 (1988).  The CDA requires

13  that, for a claim against the government totaling more than $100,000, "the contractor shall certify

14  that the claim is made in good faith, that the supporting data are accurate and complete to the best

15  of his knowledge and belief, that the amount requested accurately reflects the contract adjustment

16  for which the contractor believes the government is liable and that the certifier is duly authorized

17  to certify the claim on behalf of the contractor."  41 U.S.C. § 605(c)(1).  Thus, when a

18  subcontractor submits a pass-through claim to the prime contractor, which the prime contractor

19  then submits to the government, both the prime and subcontractors have a duty to ensure that there

20  is a good faith basis for submitting the claim and that the costs are reasonable, allocable and

21  allowable.  The Contracting Officer then is given a period of time under the statute to render a

22  decision on the claim.  This requirement is an administrative remedy that must be exhausted

23  before the contractor (or its subcontractor) is entitled to pursue relief in a judicial forum.  In the

24  event the Contracting Officer accepts the claim, then the Contracting Officer will issue a

25  modification or change order amending the contract.  If the Contracting Officer does not render a

26  decision on the claim within 60 days, or such longer period of time as is "reasonable," then the

27  contractor (and its subcontractors) may proceed to either the boards or the Court of Federal Claims

28  on the theory of a "deemed denial" of the claim by the Contracting Officer. See 41 U.S.C. §

1   605(c)(7). In the event the Contracting Officer denies the claim, the contractor (and its

2   subcontractors) have 90 days in which to take an appeal to an administrative board such as the

3   Civilian Board of Contract Appeals (previously the General Services Board of Contract Appeals),

4   or one year in which to take an appeal to the United States Court of Federal Claims. The CDA

5   further provides that interest (at the Treasury rate) runs from the date of submission of the claim

6   until the date paid. The purpose of interest is to protect the contracting community from a

7   Contracting Officer who may not issue a final decision promptly, from an extended discovery

8   period or protracted trial, and even from a delay in obtaining a ruling from the trier of fact.

9   Appeals of such decisions may then be taken to the United States Court of Appeals for the Federal

10   Circuit. By statute, interest runs beyond the date of a final adjudication until the date the

11   contractor is actually paid.

12          4.      Omnibus claims arising out of major building projects generally involve extra or

13   changed work due to omissions or conflicts in the plans, differing site conditions, delays,

14   disruptions, acceleration, loss of productivity or suspensions of work. In my recent experience,

15   the omnibus claims have included components of most, if not all, of these theories of recovery.

16   Importantly, the claims are inclusive of not only the general contractor's claims, but also the

17   separate claims of the subcontractors. On large projects, it is not atypical for 20 or 30

18   subcontractors to present multi-million dollar claims as pass-through claims to the Contracting

19   Officer. The prosecution of such claims is a time-consuming and expensive effort, that cannot be

20   accomplished without extensive coordination among the prime contractor, its experts and the

21   subcontractors and their experts.

22          5.      My partners, Andrew Ness, Ronan McHugh, John Ralls, and I were retained by

23   Dick/Morganti ("D/M") in June 2008 to assist in prosecuting a mid-eight figure claim against the

24   GSA on the San Francisco Federal Building in part because of our significant expertise in

25   government contracts and because of my pre-existing working relationships with individuals from

26   GSA's counsel's office. Our charge from D/M is to move the claims of D/M and its

27   subcontractors forward as expeditiously as possible. In the past, I have successfully negotiated

28

1   and resolved many (if not all) claim issues with the GSA through different kinds of ADR

2   procedures.

3          6.      Prior to Thelen's involvement, D/M submitted the entitlement portion of the

4   omnibus claim to the GSA Contracting Officer on November 30, 2007, and submitted the

5   quantum portion on April 25, 2008.  In addition to D/M's omnibus claim, a few of D/M's

6   subcontractors have submitted independent claims as pass-through claims, though D/M is still the

7   appellant, having privity with the government.  The Contracting Officer has not issued final

8   decisions on D/M's claims.

9          7.      Webcor, one of D/M's subcontractors, submitted through D/M a claim in June

10  2007 for rebar congestion (COR 60), on the grounds that the GSA's designer added significant

11  quantities of rebar to the project which caused Webcor's work to be delayed as it attempted to

12  work around orders of magnitude more rebar than it planned when it bid the project.  To date, the

13  Contracting Officer has not issued a final decision on this claim.  Similarly, in February 2008,

14  Webcor, through D/M, submitted two additional claims to the Contracting Officer, one for a

15  compensable time extension due to weather delays (COR 62), and one for escalation due to a late

16  work start caused by Government caused delays in the preceding excavation work activities

17  (COR 61). The Contracting Officer has not issued final decisions on either of these claims.

18         8.      Since becoming involved on this matter, we have endeavored to push resolution

19  forward for the benefit of D/M and its subcontractors.  I have opened a line of communication

20  with my counterparts in the office of GSA's counsel in the hopes of establishing a roadmap to an

21  expedited resolution of these claims.

22         9.      In addition, we have taken steps to assist in the effort to get the remaining

23  subcontractors who have yet to quantify and certify their claims to do so.  As mentioned above,

24  the quantification and certification of the exact dollar amount of the claims is essential to submit a

25  formal claim to the Contracting Officer, which in turn is a prerequisite to filing an appeal.  In this

26  respect, the development and prosecution of claims arising out of federal government work

27  requires more "front end" diligence and attention than the bringing of claims arising out of private,

28

DECLARATION OF BARBARA G. WERTHER IN OPPOSITION TO WEBCOR'S MOTION TO LIFT STAY    No.: 3:07-CV-02564-CRB

1   commercial work.  Unlike government contract claims, private sector work claims are frequently

2   quantified during the course of the litigation.

3          10.    In late July 2008, after a July 22, 2008 status conference before the Board, Thelen

4   prepared a status report to the subcontractors who have yet to submit and certify pricing

5   information, advising of the suspense dates set by the Board, but also reached out to many of them

6   in order to set up face to face meetings to ensure that they would have their claim submissions to

7   D/M for review and submission to the Contracting Officer by the end of September.  D/M and its

8   counsel then met the week of August 4, 2008 with Rosendin Electric and Permastileesa Cladding

9   Technologies LP (the curtain-wall subcontractor).  Thelen also conducted a telephonic meeting

10   with Marelich Mechanical on August 1.  D/M also reached out to T&M (the miscellaneous metals

11   subcontractor)  to ensure that they were informed of the schedule, and would have their claim

12   documentation prepared and ready for submission.  These meetings were productive, and each of

13   the subcontractors is reviewing their claim submissions in line with D/M's comments, with the

14   aim of completing them by the end of September.

15          11.    In addition, on August 5, 2008, D/M representatives met with Webcor.  At the

16   conclusion of this meeting, D/M requested that I draft a notice of appeal on Webcor's claims.  I

17   prepared a notice of appeal on August 6, 2008, and immediately transmitted it to counsel for

18   Webcor.  A true and correct copy of my transmittal to Webcor's counsel is attached as Exhibit A.

19   In my cover email, I requested that Webcor review the notice of appeal which sought the CBCA's

20   jurisdiction based on a "deemed denial" of Webcor's claims because there is no Contracting

21   Officer's final decision.  I received approval from Webcor's counsel the evening of August 7 (by

22   email, a true and correct copy of which is attached as Exhibit C), and the appeal notice was filed

23   the next day, August 8, 2008.  A true and correct copy of the notice of appeal is attached hereto as

24   Exhibit B.

25          12.    It is not known whether the Board will allow the Webcor appeals to go forward

26   independent of the omnibus claim, or whether the Webcor appeals will be consolidated with the

27   omnibus claim such that they will be addressed in the status conference scheduled for January 12,

28   2009.  Webcor has taken up the suggestion by my partner, Mr. McHugh, that a separate status

DECLARATION OF BARBARA G. WERTHER IN OPPOSITION TO WEBCOR'S MOTION TO LIFT STAY    No.: 3:07-CV-02564-CRB

1   conference be requested for the newly filed separate Webcor appeal (*see* Exhibit B), and I have

2   already written the Board, requesting such a conference (*see* Exhibit C). In particular, Webcor and

3   D/M can make a strong argument at this status conference based on the fact that Webcor's work

4   was some of the earliest to finish on the job and based on the fact the Webcor's claims have been

5   before the Contracting Officer for such a long time.

6       13.    Based on my experience with eight figure claims against GSA and my experience

7   at the CBCA, this omnibus claim is progressing forward expeditiously. It is common practice for

8   the Board judges to consolidate large, complex cases, but this does not mean that there will

9   inevitably be a single trial of all of the issues before the Board arising out of a single project. To

10   the contrary, in my experience, Board judges and the GSA's counsel are interested in "breaking

11   up" these large and complex disputes into components to facilitate resolution. What's more, the

12   establishment of a formal trial schedule does not foreclose the parties from pursuing other ADR

13   procedures on a parallel path but in fact can motivate the parties to pursue such procedures sooner.

14   In the case of the CBCA, the parties are free to request that the other board judges assist the parties

15   with attempting to resolve their dispute short of a full-blown trial, and those discussions with GSA

16   counsel are in their incipient stages at this time. We will be pursuing all of these techniques in an

17   effort to resolve the claims of D/M and its subcontractors as expeditiously as possible.

18       I declare under penalty of perjury under the laws of the United States of America that the

19   foregoing is true and correct.

20       Executed this 8th day of August 2008 at Washington, D.C.

21

22                   Barbara G. Werther

23

24

25

26

27

28

# Exhibit A

## to

# Declaration of Barbara G. Werther

# August 6, 2008 Werther e-mail re
# Draft Notice of Appeal

## Bourgeois, Laura

| | |
|---|---|
| **From:** | Werther, Barbara G. |
| **Sent:** | Wednesday, August 06, 2008 2:04 PM |
| **To:** | 'kjones@bowlesverna.com' |
| **Cc:** | 'Ambroso, Michael T.'; McHugh, Ronan; Bourgeois, Laura; jheusinger@woodsaitken.com |
| **Subject:** | DOCS_DC-#473876-v1-webcorcor60_61_62appeals.DOC |

Dear Ken: Attached please find a draft notice of appeal for CORs 60, 61 and 62. I have also had prepared a cover letter to the board which I will forward in a second email. I am sorry that I did not have the opportunity to meet with you in SF this week, but I understand that the discussions were productive. Please review this draft notice of appeal and advise of changes you would like to make. As you can see, we have pursued the notice of appeal on the basis of a deemed denial because we have not received final decisions from the contracting officer on any of these claims.

We are happy to file this notice of appeal with regard to CORs 60, 61 and 62. However, I am sure you are aware that Judge Borwick has consolidated all of the pending appeals on the SF Federal Building, and has scheduled a further status conference for January 2009. Thus, there is a possibility that the judge will consolidate these appeals along with the other ones, and not allow them to proceed ahead of the omnibus claim. That said, there is nothing wrong with trying to push them forward on an earlier track.

I look forward to meeting you and to discussing any comments you may have on the draft. I can be reached at 202-508-4279 (office), 703-819-7890 (cell), or by return email.

Best, Barbara

Barbara G. Werther
Thelen Reid Brown Raysman & Steiner, PLLC
701 8th Street, NW
Washington, DC 20001
202-508-4279 (office)
202-654-1839 (fax)

**BEFORE THE**
**CIVILIAN BOARD OF CONTRACT APPEALS**

Appeal of
Dick/Morganti, A Joint Venture

CBCA No. _____

Under Contract No. GS-09P-02-KTC-0002
Dated: 1/25/02

## NOTICE OF APPEAL

Pursuant to the Contract Disputes Act, Dick/Morganti, A Joint Venture ("D/M"), hereby appeals the denial of claims arising out of extra work performed by one of its subcontractors, Webcor Construction, Inc. ("Webcor"), on the San Francisco Federal Building (the "Project") located at 1085 Mission Street, San Francisco, California. The claims are deemed denied since the GSA's Contracting Officer did not issue a decision within the allotted time period on any of the claims.

D/M submitted three separate certified claims on behalf of Webcor to the General Services Administration Contracting Officer, one dated June 13, 2007 for Change Order Request No. 60 ("June '07 claim") and the other two dated February 8, 2008 for Change Order Requests Nos. 61 and 62 ("February '08 claim").[1] (*See* Attachments A, B and C).

In its June '07 claim for COR 60, D/M requested compensation for the damages incurred by Webcor as a result of rebar congestion and additional concrete finish requirements. Webcor's additional costs incurred under this claim total $4,671,740.27, which includes $3,308,979.24 resulting from rebar congestion and $1,632,761.02 resulting from increased finishes, not including D/M mark-up. The GSA Contracting Officer has not issued a final decision on this claim.

---

[1] The Contracting Officer is Ms. Shelita Harper, U.S. General Services Administration, PBS, Property Development Div., 450 Golden Gate Ave., 3rd Floor West, San Francisco, CA 94102-3434. Phone: (415) 522-3206.

In February 2008, D/M submitted two additional claims: Webcor's claim for delays and costs incurred in placing a protective slab in the tower core area of the project (COR #61) and Webcor's claim for delays caused by adverse weather (COR #62). The additional costs associated with the February '08 claims total $539,990. The Contracting Officer has not issued a final decision on these claims.

Under the Contract Disputes Act ("CDA"), the Contracting Officer had 60 days to either issue a decision or notify D/M of the time within which a final decision would be issued on each of the claims. As stated, the Contracting Officer did not issue a final decision on either claim. Since the June '07 claim was submitted over a year ago and the February '08 claims were submitted six months ago, the failure to issue a final decision on either claim is "deemed to be a decision by the contracting officer denying the claims." 41 U.S.C. 6(c)(5). Consequently, D/M files this Notice of Appeal.

For convenience, D/M has attached the June '07 claim and the February '08 claims, both submitted to the Contracting Officer, as well as the above-referenced COR's detailing the substance of Webcor's claims.

Respectfully submitted,

_____
Barbara G. Werther
Ronan J. McHugh
Thelen, Reid, Brown, Raysman & Steiner LLP
701 Eighth St., N.W.
Washington, D.C. 20001
202/508-4000
*Counsel for*
*Dick/Morganti, A Joint Venture*

2

DC #473876 v1

cc:    Shelita Harper, Contracting Officer
       Michael T. Ambroso, Esq. Dick Corp.
       Richard T. Bowles, Esq, Bowles &Verna LLP—Counsel for Webcor
       Kenneth Jones, Esq.  Bowles & Verna LLP—Counsel for Webcor
       Joel Heusinger, Esq.

DC #473876 v1

## Bourgeois, Laura

| | |
|---|---|
| **From:** | Werther, Barbara G. |
| **Sent:** | Wednesday, August 06, 2008 2:05 PM |
| **To:** | 'kjones@bowlesverna.com' |
| **Cc:** | 'Ambroso, Michael T.'; McHugh, Ronan; Bourgeois, Laura; jheusinger@woodsaitken.com |
| **Subject:** | DOCS_DC-#473891-v1-ltrwebcorappeals.DOC |

Here is the cover letter.

Barbara G. Werther
202.508.4279 Direct Dial
202.654.1839 Direct Fax
bwerther@thelen.com

August 6, 2008

**VIA HAND DELIVERY**

Recorder
Civilian Board of Contract Appeals
Office of the Clerk of the Board
1800 F Street, NW
Room 7022
Washington, DC 20405

> Re:   **Contract No. GS-09P-02-KTC-0002**
>       **Notice Of Appeal**

Recorder:

Pursuant to the Contract Disputes Act and the CBCA Rules of Procedure, Appellant, Dick/Morganti, A Joint Venture ("D/M"), by the enclosures, hereby files its Notice of Appeal of the deemed denial of D/M's claims dated June 13, 2007 and February 8, 2008 on the above referenced contract. Copies of all of the relevant documents are attached.

In accordance with Rule 7(b) of the CBCA Rules of Procedure, a copy of this letter and all enclosures have been sent via Electronic Mail to the Contracting Officer for the above referenced project.

Very truly yours,

Barbara G. Werther

Encl.

cc:   Shelita Harper, Contracting Officer
      Michael T. Ambroso, Dick Corp.
      Richard T. Bowles, Esq, Bowles &Verna LLP—Counsel for Webcor
      Kenneth Jones, Esq.  Bowles & Verna LLP—Counsel for Webcor

August 6, 2008
Page 2

        Joel Heusinger, Esq.

BGW/jcl

# Exhibit B

## to

## Declaration of Barbara G. Werther

## August 7, 2008 E-mail from Webcor's Counsel Approving Notice of Appeal

**Ralls, John**

| | |
|---|---|
| **From:** | Kenneth G. Jones [KJones@bowlesverna.com] |
| **Sent:** | Thursday, August 07, 2008 4:29 PM |
| **To:** | Werther, Barbara G.; Richard T. Bowles |
| **Cc:** | Ralls, John; McHugh, Ronan; Michael Connolly |
| **Subject:** | RE: Webcor Draft Notice of Appeal |

Barbara -

The draft notices of appeal and cover letter look fine. Please put in final and send them out to the GSA asap.

Also, I understand your comments regarding the fact that the Judge may stay these claims like it did DMJV's omnibus claim. Nonetheless, as Ronan suggested during our meeting, we would like you to push for another CMC in light of the Webcor appeals. If nothing else, another CMC will give us the opportunity to explain to the Judge how non-responsive the GSA has been over the past two years and may result in Webcor's claim moving ahead of the omnibus claim.

Thanks.

Sincerely,

## Kenneth G. Jones
Bowles & Verna, LLP
2121 N. California Blvd., Suite 875
Walnut Creek, California 94596
(925) 935-3300
(925) 935-0371 (fax)

---

**From:** Werther, Barbara G. [mailto:bwerther@thelen.com]
**Sent:** Thursday, August 07, 2008 3:08 PM
**To:** Kenneth G. Jones; Richard T. Bowles
**Subject:** RE: Webcor Draft Notice of Appeal

That's great. I'm not trying to rush you at all, Ken. I just wanted to make sure that my email was not lost in the ether. Thanks. Regards, Barbara

-----Original Message-----
**From:** Kenneth G. Jones [mailto:KJones@bowlesverna.com]
**Sent:** Thursday, August 07, 2008 6:06 PM
**To:** Werther, Barbara G.; Richard T. Bowles
**Subject:** RE: Webcor Draft Notice of Appeal

Barbara -

I am looking at them right now and will get back to you before the end of the day.

Thanks.

## Kenneth G. Jones

Bowles & Verna, LLP
2121 N. California Blvd., Suite 875
Walnut Creek, California 94596
(925) 935-3300
(925) 935-0371 (fax)

---

**From:** Werther, Barbara G. [mailto:bwerther@thelen.com]
**Sent:** Thursday, August 07, 2008 3:03 PM
**To:** Richard T. Bowles
**Cc:** Kenneth G. Jones
**Subject:** Webcor Draft Notice of Appeal

Gentlemen:  I sent Ken yesterday a draft notice of appeal of Webcor's CORs 60, 61 and 62.  I have not heard anything from you, and just wanted to touch base to make sure you received my email and the draft. Kindly advise.

Best regards, Barbara

---

**Barbara G. Werther**
bwerther@thelen.com
**Thelen Reid Brown Raysman & Steiner LLP**
**701 Eighth Street, NW | Washington, DC  20001-3721**
**tel: 202.508.4279 | fax: 202.654.1839**


Thelen Reid Brown Raysman & Steiner LLP

==========
This message may contain confidential and/or privileged information. This information is intended to be read only by the individual or entity to whom it is addressed.  If you are not the intended recipient, you are on notice that any review, disclosure, copying, distribution or use of the contents of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete or destroy any copy of this message.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


==========
This message may contain confidential and/or privileged information. This information is intended to be read only by the individual or entity to whom it is addressed.  If you are not the intended recipient, you are on notice that any review, disclosure, copying, distribution or use of the contents of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete or destroy any copy of this message.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be

Case 3:07-cv-02564-CRB   Document 140-2   Filed 08/08/2008   Page 12 of 18

used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

Case 3:07-cv-02564-CRB    Document 145    Filed 08/15/2008    Page 28 of 37

# Exhibit C

## to

## Declaration of Barbara G. Werther

## Notice of Appeal of Webcor's Claims
## With Request for Status Conference

**THELEN**

*Thelen Reid Brown Raysman & Steiner LLP*

701 Eighth Street, NW   Washington, DC 20001
Phone: 202 508 4000   Fax: 202 508 4321
www.thelen.com

Barbara G. Werther
202.508.4279 Direct Dial
202.654.1839 Direct Fax
bwerther@thelen.com

August 6, 2008

**VIA HAND DELIVERY**

Recorder
Civilian Board of Contract Appeals
Office of the Clerk of the Board
1800 F Street, NW
Washington, DC 20405

RECEIVED
2008 AUG -8 A 11: 18
CIVILIAN BOARD OF
CONTRACT APPEALS

  Re: **Contract No. GS-09P-02-KTC-0002**
     **Notice Of Appeal**

Recorder:

   Pursuant to the Contract Disputes Act and the CBCA Rules of Procedure, Appellant, Dick/Morganti, A Joint Venture ("D/M"), by the enclosures, hereby files its Notice of Appeal of the deemed denial of D/M's claims dated June 13, 2007 and February 8, 2008 on the above referenced contract. Copies of all of the relevant documents are attached.

   In accordance with Rule 7(b) of the CBCA Rules of Procedure, a copy of this letter and all enclosures have been sent via Electronic Mail to the Contracting Officer for the above referenced project.

   We would also ask the Board to set a status conference as soon as possible to discuss scheduling in connection with this appeal. We believe such a discussion is appropriate because the subject appeal relates to work done at the front end of the subject project, and raises issues that have been before the Contracting Officer for a very long time. Other appeals arising out the same project (CBCA Nos. 420, 450, 451, 810 and 818) have been assigned to Judge Borwick.

   Thank you for your consideration.

        Very truly yours,

        Barbara G. Werther

Encl.

NEW YORK   SAN FRANCISCO   WASHINGTON, DC   LOS ANGELES   SHANGHAI   LONDON   SILICON VALLEY   HARTFORD   NORTHERN NJ

**THELEN**
*Thelen Reid Brown Raysman & Steiner LLP*

701 Eighth Street, NW   Washington, DC 20001
Phone: 202 508 4000   Fax: 202 508 4321
www.thelen.com

August 6, 2008
Page 2

      Encl.

      cc:    Shelita Harper, Contracting Officer
              Michael T. Ambroso, Dick Corp.
              Richard T. Bowles, Esq, Bowles &Verna LLP—Counsel for Webcor
              Kenneth Jones, Esq.  Bowles & Verna LLP—Counsel for Webcor
              Joel Heusinger, Esq.

      BGW/jcl

**BEFORE THE**
**CIVILIAN BOARD OF CONTRACT APPEALS**

Appeal of
Dick/Morganti, A Joint Venture

CBCA No. _____

Under Contract No. GS-09P-02-KTC-0002
Dated:  1/25/02

RECEIVED

CIVILIAN BOARD OF
CONTRACT APPEALS

2008 AUG -8   A 11: 19

**NOTICE OF APPEAL**

      Pursuant to the Contract Disputes Act, Dick/Morganti, A Joint Venture ("D/M"), hereby

appeals the denial of claims arising out of extra work performed by one of its subcontractors,

Webcor Construction, Inc. ("Webcor"), on the San Francisco Federal Building (the "Project")

located at 1085 Mission Street, San Francisco, California.  The claims are deemed denied since the

GSA's Contracting Officer did not issue a decision within the allotted time period on any of the

claims.

      D/M submitted three separate certified claims on behalf of Webcor to the General Services

Administration Contracting Officer, one dated June 13, 2007 for Change Order Request No. 60

("June '07 claim") and the other two dated February 8, 2008 for Change Order Requests Nos. 61

and 62 ("February '08 claim").[1]  (*See* Attachments A and B).

      In its June '07 claim for COR 60, D/M requested compensation for the damages incurred

by Webcor as a result of rebar congestion and additional concrete finish requirements.  Webcor's

additional costs incurred under this claim total $4,671,740.27, which includes $3,308,979.24

resulting from rebar congestion and $1,632,761.02 resulting from increased finishes, not including

D/M mark-up.  The GSA Contracting Officer has not issued a final decision on this claim.

---

[1] The Contracting Officer is Ms. Shelita Harper, U.S. General Services Administration, PBS, Property Development
Div., 450 Golden Gate Ave., 3rd Floor West, San Francisco, CA 94102-3434.  Phone: (415) 522-3206.

In February 2008, D/M submitted two additional claims: Webcor's claim for delays and costs incurred in placing a protective slab in the tower core area of the project (COR #61) and Webcor's claim for delays caused by adverse weather (COR #62). The additional costs associated with the February '08 claims total $539,990. The Contracting Officer has not issued a final decision on these claims.

Under the Contract Disputes Act ("CDA"), the Contracting Officer had 60 days to either issue a decision or notify D/M of the time within which a final decision would be issued on each of the claims. As stated, the Contracting Officer did not issue a final decision on either claim. Since the June '07 claim was submitted over a year ago and the February '08 claims were submitted six months ago, the failure to issue a final decision on either claim is "deemed to be a decision by the contracting officer denying the claims." 41 U.S.C. 6(c)(5). Consequently, D/M files this Notice of Appeal.

For convenience, D/M has attached the June '07 claim and the February '08 claims, both submitted to the Contracting Officer, as well as the above-referenced COR's detailing the substance of Webcor's claims.

Respectfully submitted,

Barbara G. Werther
Ronan J. McHugh
Thelen, Reid, Brown, Raysman & Steiner LLP
701 Eighth St., N.W.
Washington, D.C. 20001
202/508-4000
*Counsel for*
*Dick/Morganti, A Joint Venture*

2

DC #473876 v1

cc:    Shelita Harper, Contracting Officer
       Michael T. Ambroso, Esq. Dick Corp.
       Richard T. Bowles, Esq, Bowles &Verna LLP—Counsel for Webcor
       Kenneth Jones, Esq.  Bowles & Verna LLP—Counsel for Webcor
       Joel Heusinger, Esq.

DC #473876 v1

EXHIBIT C



**UNITED STATES**
**CIVILIAN BOARD OF CONTRACT APPEALS**

ORDERED: July 23, 2008

CBCA 420, 450, 451, 810, 818

DICK/MORGANTI, A JOINT VENTURE,

Appellant,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

Kerry L. Kester and Joel D. Heusinger of Woods & Aitken, LLP, Lincoln, NE; and
Barbara G. Werther and Ronan J. McHugh of Thelen, Reid, Brown, Raysman & Steiner, LLP,
Washington, DC, counsel for Appellant.

Thomas Hawkins, Richard Hughes, Leigh Izzo, and Leonard Lucas, Office of General
Counsel, General Services Administration, Washington, DC, counsel for Respondent.

**BORWICK**, Board Judge.

On July 22, 2008, we held a telephonic prehearing conference on these appeals with
counsel for appellant and respondent participating. Appellant is in the process of providing
information to the contracting officer to complete its quantum submission claim. The parties
believe that a suspension of proceedings until January 12, 2009, will be sufficient time to:
(1) allow appellant to complete its quantum submission to the contracting officer, (2) allow
the contracting officer to issue a decision on quantum, and (3) allow appellant to appeal to the
Board if dissatisfied with the decision of the contracting officer. For good cause shown,
proceedings in these appeals are **SUSPENDED** until **Monday, January 12, 2009,** at
**10:00 a.m., ET**, at which time the Board will convene a conference call to discuss the status

CBCA 420, 450, 451, 810, 818                                              2

and possible scheduling of future proceedings in these appeals and the potential appeal of the contracting officer's decision on appellant's omnibus claim.  Board Rule 12(b).

ANTHONY S. BORWICK
Board Judge



**UNITED STATES**
**CIVILIAN BOARD OF CONTRACT APPEALS**

### ACKNOWLEDGMENT OF RECEIPT OF INFORMATION
### FACSIMILE TRANSMITTAL SHEET

**DATE:**    **July 23, 2008**

**FROM:**    **DARLENE PEEBLES, SR. LSA, 202-501-1852**

**GSBCA:**    16748, 16876, 16877 - DICK/MORGANTI, A JOINT VENTURE

**SUBJECT:**    **ORDER**

**TO:**    [APPELLANT]
KERRY L. KESTER, ESQ.
JOEL D. HEUSINGER, ESQ.
WOODS & AITKEN, LLP
301 S. 13TH STREET, SUITE 500
LINCOLN, NE 68502
TELEPHONE:  402-437-8513
FAX:  402-437-8558

BARBARA G. WERTHER, ESQ.
RONAN J. McHUGH, ESQ.
THELEN, REID, BROWN, RAYSMAN & STEINER, LLP
701 EIGTH STREET NW,
WASHINGTON, DC 20001
TELEPHONE:  202-508-4000
FAX:  202-508-4321

[RESPONDENT]
THOMAS Y. HAWKINS, ESQ.
LEIGH IZZO, ESQ
OFFICE OF GENERAL COUNSEL, GSA
202-501-1121
FAX:  202-501-1944

SIGNATURE OF RECEIVING OFFICIAL  DATE
TOTAL PAGES TRANSMITTED:  3
UPON RECEIPT OF THIS DOCUMENT, PLEASE <u>SIGN</u> THIS SLIP AND
<u>RETURN</u> IT TO THE GSA BOARD OF CONTRACT APPEALS, ROOM 7022,
18TH AND F STREETS, N.W., WASHINGTON, DC 20405.