<div style="float:left">**United States District Court**<br/>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>  v.<br><br>DICK/MORGANTI, ET AL.,<br><br>    Defendants.<br>_____/ | No. C 07-02564 CRB<br><br>**ORDER DENYING MOTION TO DISMISS & MOTION FOR MORE DEFINITE STATEMENT** |

    Defendants' motion to dismiss and motion for a more definite statement are denied in their entirety; Plaintiff Webcor's complaint sufficiently states a claim under the Miller Act and is sufficiently definite to put Defendants on notice of the substance of Plaintiff's claims.

    Defendants move to dismiss Plaintiff's second cause of action under the Miller Act on the ground that Plaintiff's complaint fails to sufficiently allege timeliness. An action brought under the Miller Act must be filed "no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). However, Plaintiff's complaint alleges that "Webcor completed their provision of labor, services, materials, and equipment at the Project less than one year prior to the filing of this Complaint, in accordance with 40 U.S.C. § 3133." See Complaint ¶ 29. Although Defendants would prefer if the language in Plaintiff's complaint imitated the precise language of § 3133, dismissal is only appropriate "[w]hen the running of the statute is

apparent from the face of the complaint." <u>Conerly v. Westinghouse Elec. Corp.</u>, 623 F.2d 117, 119 (9th Cir. 1980). Here, it is not at all apparent that Plaintiff's Miller Act claim is untimely as Plaintiff has alleged that they satisfied the statute of limitations by filing their complaint within one year of the provision of labor and materials. Defendants may believe that Plaintiff's allegation contradicts the evidence, <u>see</u> Reply at 1 n.1, but that argument must await summary judgment proceedings.

Further, Defendants call for an order that Plaintiff file a more definite complaint, by breaking its breach of contract claim into separate counts based on each change order request. As Defendants concede, Federal Rule of Civil Procedure 8(a)(2) does not require pleading of such specificity. In the Court's view, the Rules of Civil Procedure provide Defendants with ample opportunity to obtain the specific facts they seek through discovery, and where, as here, the complaint is sufficiently detailed to provide Defendants with a sufficient basis to frame their responsive pleadings, a motion for more definite statement should be denied. See <u>CMAX, Inc. v. Hall</u>, 290 F.2d 736, 738 (9th Cir. 1961) (holding that motion for a more definite statement is properly denied where the matter sought to be produced is evidentiary in character and not appropriate for pleading under the system of pleading provided by Rule 8).

**IT IS SO ORDERED.**

Dated: August 19, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE