**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


UNITED STATES,

        Plaintiff,

  v.

DICK/MORGANTI, ET AL.,

        Defendants.

_____/

No. C 07-02564 CRB

**ORDER DENYING MOTION TO LIFT STAY**

      Plaintiff Webcor moves the Court for an order lifting the stay imposed on October 19, 2007, which precludes Webcor from proceeding on its claims in this Court to allow for the possible resolution of Webcor's claims through the administrative procedure set forth in the Contract Disputes Act, 41 U.S.C. § 605.

      Plaintiff is understandably frustrated by the failure of the General Services Administration's Contracting Officer to issue a decision  within the 60 days mandated by the CDA on Webcor's change order requests for costs incurred in building the San Francisco Federal Building.  The GSA contracting officer is obligated by law to either render a decision within sixty days of receipt of a certified claim over $100,000 or provide notification of the date upon which a decision will be issued.  See 41 U.S.C. § 605(c)(2).  All parties agree that despite an assurance from the contracting officer that a decision would be issued by April 11, 2008 – almost ten months after submission of Webcor's claim – the contracting officer has

1   failed to do so.  The Court is sympathetic to Webcor's desire for a prompt resolution of its

2   claims; as Congress recognized in enacting the Miller Act, the risk of nonpayment for goods

3   and services provided for a government project should not be borne by the laborers or

4   materialmen.

5        That said, the Court has already concluded that Webcor and Defendant Dick/Morganti

6   (D/M) are sophisticated parties that entered into a valid contract, which obligated Webcor to

7   stay any action against D/M until the resolution of the CDA process.   Although lifting the

8   stay would be appropriate upon a showing that D/M has materially breached the contract by

9   failing to uphold its portion of the bargain, <u>Filet Menu, Inc. v. C.C.L. & G., Inc.</u>, 79 Cal.

10  App. 4th 852, 861 (Cal. Ct. App. 2000), the Court does not believe that such a finding would

11  be appropriate at this time.[1]  D/M has hired new, experienced counsel to ensure speedy

12  resolution of the CDA process, and represents that Webcor's claims have now been properly

13  appealed to the Civilian Board of Contract Appeals on the theory of a "deemed denial."

14  <u>See</u> 41 U.S.C. § 605(c)(5) ("Any failure by the contracting officer to issue a decision on a

15  contract claim within the period required will be deemed to be a decision by the contracting

16  officer denying the claim and will authorize the commencement of the appeal or suit on the

17  claim as otherwise provided in this chapter."); Wether Decl. Exh. C.  In light of that

18  representation, the Court concludes that D/M is diligently shepherding Webcor's claims

19  through the CDA process such that a stay remains appropriate.

20       The Court is not deaf to Webcor's frustration with D/M's seeming refusal to take

21  affirmative action without substantial prodding.  The Court encourages D/M to take seriously

22  its obligation to diligently represent its subcontractors before the contracting officer and

23  board of contract appeals; the Court may grow wary of D/M's purported ardor for and

24  —————————————

25  [1] Plaintiff argues that the Court also has discretion to lift the stay pursuant to 41 U.S.C. §
    605(c)(5), which provides that "in the event an appeal . . . is . . . commenced in the absence of a prior
26  decision by the contracting officer, the tribunal concerned <u>may</u>, at its option, stay the proceedings to
    obtain a decision on the claim by the contracting officer." (Emphasis added). However, the CDA
27  authorizes appeals only to two "expert tribunals": an agency board of contract appeals or the Court of
    Federal Claims.  <u>United States v. Suntip Co.</u>, 82 F.3d 1468, 1474 (9th Cir. 1996) (citing 41 U.S.C. §§
28  606, 609(a)(1)).  Read in context, § 605(c)(5) thus authorizes the appropriate federal board of contract
    appeals or the Court of Federal Claims  – but not this Court – to stay (or not stay) an appeal from a
    contracting officer's deemed denial.

<div style="writing-mode:vertical">**United States District Court**
For the Northern District of California</div>

**United States District Court**
For the Northern District of California

1    commitment to the CDA process if D/M acts only in response to its subcontractors

2    complaints.

3         The motion to lift the stay is DENIED; the hearing scheduled for August 29, 2008 is

4    VACATED.

5         **IT IS SO ORDERED.**

6

7

8    Dated:  August 19, 2008                    _____
                                                CHARLES  R. BREYER
9                                               UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

G:\CRBALL\2007\2564\Order re Mot Lift Stay.wpd          3