| | |
|---|---|
| JOHN W. RALLS (CA Bar No. 148233) <br> jralls@thelen.com <br> JOHN A. FOUST (CA Bar No. 218824) <br> jfoust@thelen.com <br> JOANNA ROSEN (CA Bar No. 244943) <br> jrosen@thelen.com <br> THELEN REID BROWN RAYSMAN & STEINER LLP <br> 101 Second Street, Suite 1800 <br> San Francisco, CA 94105 <br> Tel. 415.371.1200 // Fax 415.371.1211 <br><br> PATRICK S. HALLINAN <br> (CA Bar No. 33838) <br> butchhallinan@hotmail.com <br> KENNETH H. WINE (CA Bar No. 142385) <br> kenwine@hotmail.com <br> HALLINAN & WINE <br> Law Chambers Building, 345 Franklin Street <br> San Francisco, CA 94102 <br> Tel. 415.621.2400 // Fax 415.575.9930 <br><br> Attorneys for Defendants, Counter-Claimants and Third Party Complainants <br> DICK/MORGANTI, DICK CORPORATION, THE MORGANTI GROUP, AMERICAN CASUALTY COMPANY OF READING, PA and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | RICHARD T. BOWLES (#46234) <br> rbowles@bowlesverna.com <br> KENNETH G. JONES (#196868) <br> kjones@bowlesverna.com <br> WILLIAM T. NAGLE (#180162) <br> wnagle@bowlesverna.com <br> MICHAEL P. CONNOLLY (#238478) <br> monnolly@bowlesverna.com <br> BOWLES & VERNA LLP <br> 2121 N. California Boulevard, Suite 875 <br> Walnut Creek, California 94596 <br> Tel. 925.935.3300 // Fax 925.935.0371 <br><br> Attorneys for Plaintiff WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, and WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS, <br><br> Plaintiffs, <br><br> vs. <br><br> DICK/MORGANTI, a joint venture, DICK CORPORATION, THE MORGANTI GROUP, AMERICAN CASUALTY COMPANY OF READING, PA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 3:07-CV-02564-CRB <br><br> **JOINT CASE MANAGEMENT STATEMENT OF DICK/MORGANTI, DICK CORPORATION, THE MORGANTI GROUP, AMERICAN CASUALTY COMPANY OF READING, PA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA AND WEBCOR CONSTRUCTION, INC.** <br><br> Date:  August 29, 2008 <br> Time:  10:00 a.m. <br> Place:  Courtroom 8 <br><br> Before:  Hon. Charles R. Breyer |

SF #1547802 v1

Joint Case Management Statement            No.: 3:07-CV-02564-CRB

AND RELATED COUNTER-CLAIMS AND
THIRD PARTY CLAIMS.

Defendants, Counter-Claimants and Third Party Complainants DICK/MORGANTI, DICK CORPORATION, THE MORGANTI GROUP, AMERICAN CASUALTY COMPANY OF READING, PA and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("D/M") and Plaintiff WEBCOR CONSTRUCTION, INC. dba WEBCOR BUILDERS ("Webcor") respectfully submit this Joint Case Management Statement pursuant to Civil Rule 16-10(d).[1]

The status of this action is linked to the ongoing efforts to prosecute claims arising out of the San Francisco Federal Building project ("Project") against the General Services Administration ("GSA"). As noted in prior filings, there are two steps in bringing these claims against the GSA. The first step is the presentation of certified claims, in exact dollar amounts, to the GSA's contracting officer with a request for final decision. The second step is to appeal any denials of claims by the contracting officer to the Civilian Board of Contract Appeals ("CBCA").

In 2008, D/M (with the aid of its subcontractors) accomplished these two steps for six claims, and there are currently six appeals arising out of the Project pending before the CBCA (Appeal Nos. 420, 450, 451, 810, 818 and 1307). These six appeals have been consolidated by the CBCA and are pending before Administrative Judge Borwick.

There is also a seventh claim—D/M's "global/omnibus" claim—that is pending before the GSA's Contracting Officer for the Project, and is not yet the subject of an appeal to the CBCA. This global/omnibus claim includes pass-through claims of Boyett, Rosendin Electric, Webcor, Bay Area Reinforcing, Permasteelisa Group, ISEC, Marelich Mechanical, Performance Contracting Inc. and T&M Manufacturing. The entitlement portion of this claim was submitted to the Contracting Officer in November 2007. In April 2008, D/M submitted the damages portion of the global/omnibus claim, which included all of the damages information D/M was itself able to

---

[1] Counsel for Rosendin Electric, Performance Contracting, and Permasteelisa Group were shown a draft of this statement but declined to join.

certify to the GSA, including millions of dollars of open and disputed change order requests on behalf of D/M's subcontractors. D/M's damages statement also included the individual damages claims of Webcor, Bay Area Reinforcing and Boyett, but did not include the damages information for each subcontractor. Although D/M would have preferred to submit its global/omnibus damages statement with the claims of all subcontractors quantified and certified, it did not have all of the necessary information to do so by April 2008, and so in the interest of expediting resolution, it submitted all of the properly certified damages information it had at the time.

D/M and its subcontractors have been working to finalize the pricing of all remaining elements of the claims arising out of the Project, with a goal to finalize pricing and submit final pricing to the GSA by the end of September 2008. D/M has held telephone and face-to-face meetings with representatives of all of these subcontractors: Webcor, Rosendin, Marelich, Permasteelisa, PCI and T&M. D/M has further meetings or conference calls scheduled with these subcontractors. At this time, damages quantification deserves a serious effort (and, among other steps, D/M has brought on the assistance of additional accounting support). Unless or until D/M has claims in exact dollar amounts, and that have been properly certified (and that D/M is able to satisfy itself are properly certified), D/M cannot submit those claims to the Contracting Officer, which is a prerequisite to the filing of appeals with the Board. *See Metric Constr. Co., v. U.S.*, 14 Cl. Ct. 177, 179 (1988).[2]

Although the global/omnibus claim is not yet the subject of an appeal, D/M has nonetheless advised Judge Borwick that such a claim is almost certainly to be the subject of an additional appeal. A status conference was held July 22, 2008, to address the matter. D/M's counsel used that status conference as an opportunity to make progress in the scheduling of the anticipated appeal arising out of the "global/omnibus" claim. At that conference, D/M's counsel raised the issue of scheduling the forthcoming appeal of the global claim. Over the GSA's objections, D/M was successful in getting the CBCA to issue a date certain—January 12, 2009—

---

[2] In this respect, government contract claims pose a significant "up front" burden on the contractor claimants. The kind of damages information and specificity that in civil litigation would be presented during the course of the litigation (and frequently not until expert discovery) must be submitted in the first instance.

on which a scheduling conference for all of the claims arising out of the Project would be conducted.[3] This was further confirmed by the CBCA at a subsequent status conference held on August 20, 2008 in relation to the appeal of Webcor's major claims (Appeal No. 1307), at which the CBCA adopted the same scheduling conference for January 12, 2009.

D/M is of the view that once the remaining elements of the claims are quantified and submitted, there will be few claims remaining between the parties to this litigation that have not been passed through to the GSA. To date, D/M has entered into agreements resolving outstanding issues with Bay Area Reinforcing, Boyett, Marelich, T&M and other subcontractors not a party to this action (e.g., ISEC). After the remaining elements of the claims are quantified and submitted, D/M is willing to mediate those remaining claims, if the parties are not able to not work out the issues themselves after a reasonable time.

In addition to giving claims pricing a major effort, D/M and its subcontractors are taking other steps to move the claims forward. For instance, counsel for D/M is in communication with counsel for the GSA about ADR procedures (which Judge Borwick has encouraged). In addition, the GSA is, at D/M's urging and with the subcontractors' cooperation, currently conducting audits of the various subcontractors who have submitted claims. D/M has also added to its legal team attorneys from the Washington D.C. office of Thelen Reid Brown Raysman and Steiner LLP, who specialize in prosecuting construction claims against the federal government. These attorneys bring not only additional resources, but also relationships with the GSA attorneys who handle claims of this nature, which should help to avoid procedural delays.

With regard to PCI's claim, D/M's counsel and PCI's counsel have recently discussed the issues. Counsel have agreed that their respective clients, at the project management level, should discuss the pricing of various change order claims with the goal of finalizing pricing. In addition, D/M and PCI are set to discuss the more "global" issues, including how to finalize claim pricing and how to push things forward with the CBCA, on September 8, 2008.

---

[3]  In addition, at the July 22 status conference before the CBCA, D/M raised the issue of interest, an issue of concern to Webcor and others. Contrary to the suggestion by the GSA's counsel that interest should not run until all of the claims were submitted, Judge Borwick ruled that interest would run from the date claims were submitted in certified form to the GSA.

Given the current status, and the current goal of finalizing pricing and claims submissions, D/M and Webcor respectfully suggest that the status conference be rescheduled for October 2008.

Dated:  August 26, 2008          THELEN REID BROWN RAYSMAN & STEINER LLP

                                                    /s/
                                 By _____
                                     John W. Ralls
                                     Attorneys for Defendants, Counter-Claimants and
                                     Third Party Complainants DICK/MORGANTI,
                                     DICK CORPORATION, THE MORGANTI
                                     GROUP, AMERICAN CASUALTY COMPANY OF
                                     READING, PA, and NATIONAL UNION FIRE
                                     INSURANCE COMPANY OF PITTSBURGH, PA


Dated:  August 26, 2008          BOWLES & VERNA LLP

                                                    /s/
                                 By _____
                                     Kenneth G. Jones
                                     Attorneys for Plaintiff WEBCOR
                                     CONSTRUCTION, INC. dba WEBCOR BUILDERS